PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
MAGIC LEAP, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAGIC LEAP, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GARY BRADSKI, an individual and ADRIAN KAEHLER, an individual,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br><br>1. MISAPPROPRIATION OF TRADE SECRETS UNDER 18 U.S.C. § 1836,<br>2. AIDING AND ABETTING MISAPPROPRIATION OF TRADE SECRETS UNDER 18 U.S.C. § 1836(b)<br>3. MISAPPROPRIATION OF TRADE SECRETS UNDER CALIFORNIA CIVIL CODE § 3426, *ET SEQ.*<br>4. AIDING AND ABETTING MISAPPROPRIATION OF TRADE SECRETS UNDER CALIFORNIA CIVIL CODE § 3426, *ET SEQ.*<br>5. BREACH OF WRITTEN CONTRACT,<br>6. BREACH OF FIDUCIARY DUTY AND DUTY OF LOYALTY<br>7. TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS<br>8. UNFAIR COMPETITION UNDER COMMON LAW AND CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*<br>9. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>10. CONVERSION<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

Plaintiff Magic Leap, Inc. ("Magic Leap") files this Complaint for: (1) misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, (2) aiding and abetting of misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, (3) misappropriation of trade secrets under California Civil Code § 3426, et seq., (4) aiding and abetting of misappropriation of trade secrets under California Civil Code § 3426, et seq., (5) breach of written contract, (6) breach of fiduciary duty and duty of loyalty, (7) tortious interference with prospective economic relations, (8) unfair competition under California Business and Professions Code § 17200, *et seq.*, (9) breach of the implied covenant of good faith and fair dealing, and (10) conversion.  Counts I, III, V, VI, VII, VIII, IX and X are against Defendant Gary Bradski ("Bradski").  Counts I, II, III, IV, V, VII, VIII, IX and X are against Defendant Adrian Kaehler ("Kaehler").  Bradski and Kaehler are referred to collectively as "Defendants" hereinafter.

## THE PARTIES

1. Magic Leap is a Delaware corporation, with its principal place of business at 3107 Stirling Road Suite 102, Fort Lauderdale, FL 33312.

2. Bradski is the Senior Vice President of Advanced Perception and Intelligence at Magic Leap and Magic Leap is informed and believes that he resides in Palo Alto, California.

3. Kaehler is the Vice President of Special Projects at Magic Leap and Magic Leap is informed and believes that he resides within the Northern District of California.

## JURISDICTION AND VENUE

4. This action arises under the Defend Trade Secrets Act, 18 U.S.C. § 1836.  This Court has original jurisdiction over this controversy for misappropriation of trade secrets claims pursuant to 18 U.S.C. § 1836(c) and 35 U.S.C. § 1331.  This Court has supplemental jurisdiction over the controversy for all other claims asserted herein pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) because both Defendants reside in this District, and/or at least a substantial part of Defendants' tortious conduct giving rise to the claims occurred in this District.

6. This Court has personal jurisdiction over Defendants. Defendants agreed to submit to jurisdiction in their respective agreements with Magic Leap. Further, upon information and belief, Defendants reside within this Judicial District and have, and continue to, *inter alia*, misappropriate Plaintiff's trade secrets and confidential information in this District. In addition, the Court has personal jurisdiction over Defendants because it has established minimum contacts with the forum and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

**INTRADISTRICT ASSIGNMENT**

7. Assignment of this action to the San Jose Division is proper under Civil Local Rules 3-2(c) and 3-2(e) in that a substantial part of the events giving rise to the claims alleged occurred in the County of Santa Clara.

**MAGIC LEAP'S PROPRIETARY TECHNOLOGY, CONFIDENTIAL INFORMATION AND TRADE SECRETS**

8. Magic Leap is a U.S. startup company founded in 2010 that has been and is developing a variety of different cutting-edge technologies. Magic Leap is best known for being able to project life-like animations or images into real life scenes using its proprietary techniques of projecting a digital light field into the user's eye. Such projection of life-like images into real life scenes create a new type of virtual reality or augmented reality.

9. Among Magic Leap's many proprietary innovations, which also cover its confidential and trade secret information ("Magic Leap's Proprietary Technologies") is its head-mounted virtual retinal display, which superimposes 3D computer-generated imagery over real world objects. The techniques and proprietary technologies used in its head-mounted virtual retinal display are tremendously beneficial to users. Users can wear these augmented-reality viewers for extended periods without discomfort because they circumvent visual and neurological problems. Magic Leap's Proprietary Technologies are not limited to its head-mounted virtual retinal display and extend to many different applications and devices, including, but not limited to, robotics. As a result of Magic Leap's innovative technological developments and use of Magic Leap's Proprietary Technologies,

Magic Leap has achieved a superior and truly life-like resolution when projecting an image directly onto the user's retina.

10. Magic Leap has taken extensive measures to protect its Proprietary Technologies through various avenues of intellectual property protection and to ensure that it owns such Proprietary Technologies. For example, Magic Leap has sought, and obtained, patent protection for those Proprietary Technologies that Magic Leap is willing to disclose to the public. Magic Leap also requires its employees to assign all ownership rights to technologies they work on or develop during their employment to Magic Leap.

11. For many of Magic Leap's Proprietary Technologies, Magic Leap has maintained them as highly confidential company information and trade secrets. Examples of measures that Magic Leap takes to maintain the secrecy and confidentiality of its Proprietary Technologies includes requiring its employees with access to Magic Leap's Proprietary Technologies to sign a Proprietary Information and Inventions Agreement. Pursuant to this agreement, Magic Leap employees agree to maintain the confidentiality of Magic Leap's proprietary information, technical data, trade secrets or know-how, including, but not limited to, research, business plans, product plans, products, services, customer lists and customers market research, works of original authorship, intellectual property (including, but not limited to, unpublished works and undisclosed patents), photographs, negatives, digital images, software, computer programs, ideas, developments, inventions (whether or not patentable), processes, formulas, technology, designs, drawings and engineering, hardware configuration information, forecasts, strategies, marketing, finances, or other business information disclosed to the employee by virtue of his or her work at Magic Leap. Magic Leap also requires any visitors of its facilities to sign an extensive Non-Disclosure Agreement to ensure that anything they observe or learn during their visit that is not public is maintained as confidential.

12. Additional measures that Magic Leap takes to protect its Proprietary Technologies includes, *inter alia*, (a) utilizing secure computer systems with restricted access, firewalls, private networks and password protection to ensure the security of Magic Leap's Proprietary Technologies and information; (b) limiting access to Magic Leap's electronic database only to those personnel who

3

MAGIC LEAP, INC.'S COMPLAINT FOR, *INTER ALIA*,                    CASE NO.:
MISAPPROPRIATION OF TRADE SECRETS

have promised and/or who are legally obligated to protect Magic Leap's Proprietary Technologies; and (c) physically securing Magic Leap's offices and facilities, and otherwise controlling access to Magic Leap's premises so as to further safeguard Magic Leap's Proprietary Technologies. These examples of security measures are not exhaustive. Needless to say, Magic Leap has expended significant amounts of time, effort and money to preserve and maintain the confidentiality of its Proprietary Technologies.

13.  Magic Leap's Proprietary Technologies derive significant independent economic value, whether actual and/or potential, from not being generally known to the public or competitors, or to other persons who can obtain economic value from their use or disclosure. Magic Leap also derives substantial business advantage and significant economic benefit from both maintaining the ownership of and confidentiality of its Proprietary Technologies.

14.  If Magic Leap's Proprietary Technologies, which Magic Leap has maintained as confidential information or trade secrets, were disclosed to competitors and/or to the public, such disclosure would cause substantial economic harm and competitive disadvantage to Magic Leap.

15.  Magic Leap has expended significant monetary and human resources to create, develop and enhance Magic Leap's Proprietary Technologies and its intellectual property. Such efforts have included substantial time spent on research, development, testing, and market research, as well as raising money to support continued efforts to develop and enhance Magic Leap's Proprietary Technologies.

**DEFENDANTS' MISAPPROPRIATION OF CONFIDENTIAL INFORMATION, TRADE SECRETS, INTELLECTUAL PROPERTY, BREACH OF CONTRACT AND OF THE IMPLIED CONVENANT OF GOOD FAITH AND FAIR DEALING**

16.  On or about September 9, 2013, Bradski entered into and signed an Employment Agreement and Proprietary Information and Inventions Agreement with Magic Leap. A true and correct copy of redacted version of this agreement is attached as Exhibit 1.

17.  Bradski was a member of the executive team at Magic Leap and held the title of Senior Vice President of Advanced Perception and Intelligence. During his employment and as a

4

MAGIC LEAP, INC.'S COMPLAINT FOR, *INTER ALIA,*                CASE NO.:
MISAPPROPRIATION OF TRADE SECRETS

member of Magic Leap's executive team, Bradski was responsible for, worked on, was aware of and/or had access to Magic Leap's various ongoing and anticipated projects and plans; including Magic Leap's Proprietary Technologies. For example, Bradski was aware of and involved in projects and plans that involved deep learning techniques for robotics.

18. On or about November 1, 2013, Kaehler entered into and signed an Employment Agreement and Proprietary Information and Inventions Agreement with Magic Leap. A true and correct copy of redacted version of this agreement is attached as Exhibit 2.

19. Kaehler originally held the position of Vice President of Technology Solutions and was a Member of the Technical Staff for Computer Vision and reported to Bradski. His position later changed and he became the Vice President of Special Projects and continued directly reporting to Bradski. As a result, Kaehler was responsible for, worked on, was aware of and/or had access to Magic Leap's various ongoing and anticipated projects and plans, including Magic Leap's Proprietary Technologies. For example, as Vice President of Special Projects, Kaehler was responsible for the definition and development of technologies for certain projects, as well as the technical vision, staffing, budget, and ultimate implementation of such projects.

20. By virtue of their positions at Magic Leap, Defendants had a special relationship with Magic Leap and access to Magic Leap's resources. Magic Leap is informed and believes that, while engaged in these positions at Magic Leap and using the equipment, supplies, facilities and funds of Magic Leap, Bradski and Kaehler have been working together to create and develop plans for a new company, in violation of their respective Employment Agreements and Proprietary Information and Inventions Agreements. Magic Leap is further informed and believes that Bradski and Kaehler are using and misappropriating Magic Leap's intellectual property and Proprietary Technologies for this new company or planned new company in further violation of their respective Employment Agreements and Proprietary Information and Inventions Agreements. As more fully detailed below, Bradski and/or Kaehler violated the aforementioned agreements by, *inter alia*, using and disclosing confidential information and Magic Leap's Proprietary Technologies, engaging in activities that compete or potentially compete with Magic Leap, attempting to solicit and recruit employees from

Magic Leap, attempting to solicit third parties who have relationships with Magic Leap, and disparaging Magic Leap. Defendants' improper activities unfairly frustrated Magic Leap's right to receive the benefits of its agreements with Defendants.

21. Pursuant to their respective Employment Agreements, both Defendants agreed that they would not, during the term of their employment, "engage in any other employment, occupation, consulting or other business activity" that related to Magic Leap's current and future business plans. They further agreed not to "engage in any other activities that materially conflict" their obligations to Magic Leap. Exs. 1, 2 at ¶ 1(b).

22. Pursuant to their respective Proprietary Information and Inventions Agreements, Defendants both agreed to hold in strictest confident, and not to use or disclose, any confidential information of Magic Leap, except for the benefit of Magic Leap. Exs. 1, 2 at ¶ 2(a). The definition of "Confidential Information" in these agreements include Magic Leap's proprietary information, technical data, trade secrets, and know how, which encompass Magic Leap's Proprietary Technologies. Exs. 1, 2 at ¶ 2(a).

23. Despite expressly agreeing as above, Magic Leap is informed and believes that Defendants have engaged in other business activity based on Magic Leap's Proprietary Technologies, confidential information and current and future business plans, which conflict with their obligations to Magic Leap. Such activities have been to advance their new company and not on behalf of Magic Leap.

24. Magic Leap is informed and believes that, despite being paid by Magic Leap, Defendants spent time and resources to work on their new company when they were supposed to be performing work for Magic Leap. Defendants did so for at least a year.

25. Further, Magic Leap is informed and believes that Bradski disclosed Magic Leap's confidential information and trade secrets to third parties and specifically misrepresented to third parties that such confidential and trade secret information did not belong to Magic Leap. Magic Leap is informed and believes that Bradski disclosed, and Kaehler aided and abetted such disclosure of, Magic Leap's confidential information to individuals from whom Bradski solicited investment in and

technical support for his new business involving the same field of business as Magic Leap's or such field that is demonstrably anticipated that Magic Leap's business would cover.  Magic Leap is informed and believes that Defendants' actions with respect to the disclosure of such confidential information to such third parties is willful and with malice and full awareness of violation of above referenced Proprietary Information and Inventions Agreements and their obligations under their Employment Agreements.

26. Additionally, pursuant to their respective Proprietary Information and Inventions Agreements, Defendants both agreed that they will promptly disclose, hold in trust, and assign to Magic Leap all of their respective rights, titles, and interest in and to the intellectual property that they conceived or developed while in the service of Magic Leap, and "that (i) are developed using the equipment, supplies, facilities or Confidential Information of [Magic Leap]; (ii) result from or are suggested by work performed by [Bradski or Kaehler] for [Magic Leap]; or (iii) relate to [Magic Leap] business or to the actual or demonstrably anticipated research or development of [Magic Leap]." Exs. 1, 2 at ¶ 3(a).

27. Magic Leap is informed and believes that, despite expressly agreeing as above, Defendants have created and not disclosed to Magic Leap, intellectual property that they conceived and/or developed while employed with Magic Leap.  Defendants conceived and/or developed such intellectual property while using Magic Leap's equipment, supplies, facilities or confidential information, and/or as a result from work they performed for Magic Leap, and/or relate to the business of, or the actual or demonstrably anticipated research or development of, Magic Leap.  As a result, Magic Leap owns such intellectual property.  Magic Leap is informed and believes that Defendants are using such Magic Leap intellectual property to promote and seek funding for their new company, in violation of their respective Employment Agreements and Proprietary Information and Inventions Agreements.

28. Defendants further agreed under the Proprietary Information and Inventions Agreement that they would not (i) engage in business activities that directly or indirectly competes with Magic Leap's business or proposed business of Magic Leap, (ii) attempt to divert such business

MAGIC LEAP, INC.'S COMPLAINT FOR, *INTER ALIA,*                         CASE NO.:
MISAPPROPRIATION OF TRADE SECRETS

and opportunities from Magic Leap, (iii) solicit or recruit any Magic Leap employees, (iv) solicit any parties or entities involved with Magic Leap, or (v) engage in any disparagement of Magic Leap, during the time of their employment, as well as for a period thereafter. Exs. 1, 2 at ¶¶ 5, 6.

29. Despite expressly agreeing as above, Magic Leap is informed and believes that Bradski, aided by Kaehler, have engaged in business activities related to their new company that directly or indirectly compete with Magic Leap's business and proposed business of Magic Leap with some deep learning techniques utilizing robotics. Magic Leap is further informed and believes that Bradski, aided by Kaehler, has sought to divert business and opportunities from Magic Leap by contacting Magic Leap's business contacts in connection with their new company.

30. Furthermore, Magic Leap is informed and believes that Bradski solicited the employment of or recruited and continues to solicit and recruits current and/or former employees or consultants of Magic Leap for Bradski's new business. Magic Leap is informed and believes that Bradski has attempted to solicit or recruit or actually solicited or recruited at least four Magic Leap employees.

31. Magic Leap is informed and believes that Defendants have disparaged Magic Leap and its business, in violation of their agreements with Magic Leap.

32. Defendants' conduct has irreparably harmed Magic Leap and will continue to do so if they are not enjoined from (i) utilizing and disclosing Magic Leap's Proprietary Technologies, (ii) competing directly or indirectly with Magic Leap's present and anticipated business, (iii) diverting Magic Leap's business opportunities from Magic Leap, (iv) soliciting or recruiting any Magic Leap employees, (v) soliciting any parties or entities involved with Magic Leap, and (v) disparaging Magic Leap.

## COUNT I
**(Misappropriation of Trade Secrets pursuant to 18 U.S.C. § 1836(b))**

33. Magic Leap repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

34. Magic Leap's Proprietary Technologies include trade secrets and confidential information that derive independent economic value from not being known to the public or other persons who could obtain economic value from their disclosure or use.

35. Magic Leap's Proprietary Technologies that are confidential and trade secrets are the subject of efforts that were reasonable under the circumstances to maintain their secrecy. Magic Leap is informed and believes that Defendants misappropriated such confidential and trade secret information by disclosing to third parties and/or using Magic Leap's Proprietary Technologies in connection with their new business. Magic Leap is further informed and believes that they disclosed such information to individuals whom Defendants solicited to invest in and/or be a part of their new business, in violation of their various agreements with Magic Leap and did so without Magic Leap's consent.

36. Defendants' misappropriation has caused and continues to cause Magic Leap damages and irreparable injury.

37. Defendants' misappropriation is willful and malicious and thereby entitles Magic Leap to an award of exemplary damages.

38. Defendants' misappropriation of Magic Leap's trade secrets has caused and will continue to cause Magic Leap irreparable and substantial injury and therefore cannot be fully redressed through damages alone. An injunction prohibiting Defendants from further use or disclosure of Magic Leap's trade secrets is necessary to provide Magic Leap with complete relief.

## COUNT II
**(Aiding and Abetting Misappropriation of Trade Secrets pursuant to 18 U.S.C. § 1836(b))**

39. Magic Leap repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

MAGIC LEAP, INC.'S COMPLAINT FOR, *INTER ALIA*,                         CASE NO.:
MISAPPROPRIATION OF TRADE SECRETS

40. Magic Leap's Proprietary Technologies include trade secrets and confidential information that derive independent economic value from not being known to the public or other persons who could obtain economic value from their disclosure or use.

41. Magic Leap's Proprietary Technologies that are confidential and trade secrets are the subject of efforts that were reasonable under the circumstances to maintain their secrecy.

42. Magic Leap is informed and believes that Kaehler aided and abetted Bradski in the misappropriation of Magic Leap's Proprietary Technologies by aiding and abetting Bradski's disclosure and/or use of Magic Leap's Proprietary Technologies, for the new company, in violation of their respective agreements agreement with Magic Leap and did so without Magic Leap's consent.

43. Kaehler's aiding and abetting of Bradski's misappropriation has caused and continues to cause Magic Leap damages and irreparable injury.

44. Kaehler's aiding and abetting of Bradski's misappropriation is willful and malicious and thereby entitling Magic Leap to an award of exemplary damages.

45. Kaehler's aiding and abetting of Bradski's misappropriation of Magic Leap's trade secrets has caused and will continue to cause Magic Leap irreparable and substantial injury and therefore cannot be fully redressed through damages alone.  An injunction prohibiting Kaehler from further aiding and abetting Bradski's use or disclosure of Magic Leap's confidential and trade secret information is necessary to provide Magic Leap with complete relief.

**COUNT III**
**(Misappropriation of Trade Secret pursuant to California Civil Code § 3426, *et seq.*)**

46. Magic Leap repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

47. Magic Leap's Proprietary Technologies that constitute trade secrets and confidential information derive independent economic value from not being known to the public or other persons who could obtain economic value from their disclosure or use.

48. Magic Leap's Proprietary Technologies that are confidential and trade secrets are the subject of efforts that were reasonable under the circumstances to maintain their secrecy.

49. Defendants misappropriated Magic Leap's Proprietary Technologies by disclosing to third parties and/or using Magic Leap's Proprietary Technologies, in violation of their respective agreements with Magic Leap and did so without Magic Leap's consent.

50. Defendants' misappropriation has caused and continues to cause Magic Leap damages and irreparable injury.

51. Defendants' misappropriation is willful and malicious and thereby entitles Magic Leap to an award of exemplary damages.

52. Defendants' misappropriation of Magic Leap's trade secrets has caused and will continue to cause Magic Leap irreparable and substantial injury and therefore cannot be fully redressed through damages alone. An injunction prohibiting Defendants from further use or disclosure of Magic Leap's trade secrets is necessary to provide Magic Leap with complete relief.

## COUNT IV
**(Aiding and Abetting Misappropriation of Trade Secrets pursuant to California Civil Code § 3426, *et seq.*)**

53. Magic Leap repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

54. Magic Leap's Proprietary Technologies include trade secrets and confidential information that derive independent economic value from not being known to the public or other persons who could obtain economic value from their disclosure or use.

55. Magic Leap's Proprietary Technologies that are confidential and trade secrets is the subject of efforts that were reasonable under the circumstances to maintain their secrecy.

56. Magic Leap is informed and believes that Kaehler aided and abetted Bradski in the misappropriation of Magic Leap's Proprietary Technologies by aiding and abetting Bradski's disclosure to third parties and/or use of Magic Leap's Proprietary Technologies, in violation of its confidentiality agreement with Magic Leap and did so without Magic Leap's consent.

57. Kaehler's aiding and abetting of Bradski's misappropriation has caused and continues to cause Magic Leap damages and irreparable injury.

58. Kaehler's aiding and abetting of Bradski's misappropriation is willful and malicious and thereby entitles Magic Leap to an award of exemplary damages.

59. Kaehler's aiding and abetting of Bradski's misappropriation of Magic Leap's trade secrets has caused and will continue to cause Magic Leap irreparable and substantial injury and therefore cannot be fully redressed through damages alone.  An injunction prohibiting Kaehler from further aiding and abetting Bradski's use or disclosure of Magic Leap's trade secrets is necessary to provide Magic Leap with complete relief.

**COUNT V**
**(Breach of Written Contract)**

60. Magic Leap repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

61. Defendants' respective Employment Agreements and Proprietary Information and Inventions Agreement are valid and enforceable contracts with Magic Leap.

62. Magic Leap has duly performed all conditions, covenants, and promises required on its part to be performed pursuant to these Employment Agreements and Proprietary Information and Inventions Agreements.

63. Defendants have breached their contractual obligations to Magic Leap under their respective Employment Agreements and Proprietary Information and Inventions Agreements by, *inter alia*, failing to adhere to the express confidentiality provisions contained within such agreements.

64. Defendants have also breached their contractual obligations to Magic Leap under their respective Employment Agreements and Proprietary Information and Inventions Agreements by, *inter alia*, failing to adhere to the express provision concerning non-solicitation of Magic Leap's employees.

65. Defendants have also breached their contractual obligations to Magic Leap under their respective Employment Agreements and Proprietary Information and Inventions Agreements by, *inter alia*, failing to adhere to the express provision concerning non-disparagement, non-compete and

12

MAGIC LEAP, INC.'S COMPLAINT FOR, *INTER ALIA,*  CASE NO.:
MISAPPROPRIATION OF TRADE SECRETS

non-diversion of Magic Leap's business.

66. As a direct and proximate result of Defendants' breaches of contract, Magic Leap has incurred and continues to incur damages and irreparable injury, including without limitation, the loss of sales and profits it would have earned but for Defendants' actions, and damage to Magic Leap's reputation among potential and existing customers, business partners, investors, and in the industry in general.

67. As specified in the Proprietary Information and Inventions Agreement, and agreed to and acknowledged by the parties, disputes relating to or arising out of a breach of such agreements may cause Magic Leap to suffer irreparable harm and to have no adequate remedy or law. Furthermore, as specified in such agreements and agreed to and acknowledged by the parties, in the event of any breach or threat of breach of such agreements, the other party will be entitled to injunctive relief, specific performance, and other equitable relief.

## COUNT VI
**(Breach of Fiduciary Duty and Duty of Loyalty)**

68. Magic Leap repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

69. As a Senior Vice President and an officer of Magic Leap, Bradski owes a fiduciary duty to Magic Leap, and owes Magic Leap a duty to use due care in the conduct of its business, a duty of loyalty, and a duty of good faith, as an executive of Magic Leap.

70. Bradski has breached this fiduciary duty by placing his personal economic interests above those of Magic Leap and its creditors/investors and acting in manner contrary to Magic Leap's business interests.

71. Magic Leap is informed and believes that Bradski's fiduciary violations were and continue to be willful and intentional.

72. As a result of Bradski's breach of fiduciary duty and/or duty of loyalty, Magic Leap has suffered and continues to suffer great and irreparable injury, for which Magic Leap has no adequate remedy at law.

MAGIC LEAP, INC.'S COMPLAINT FOR, *INTER ALIA*,               CASE NO.:
MISAPPROPRIATION OF TRADE SECRETS

## COUNT VII
### (Tortious Interference with Prospective Economic Relations)

73. Magic Leap repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

74. Magic Leap has economically advantageous relationships with, and has, in some instances, formed agreements with, various investors, including Kleiner Perkins.  Magic Leap is informed and believes that Defendants were well aware of these agreements and relationships.  Such economic relationships contain the probability and expectation of current and future economic benefits to Magic Leap, which relationships and expectations are and at all times have been known to Defendants.

75. Magic Leap is informed and believes that Bradski has made false statements concerning the business of Magic Leap, including but not limited to the ownership of certain Magic Leap's Proprietary Technologies, to one or more investors, including Kleiner Perkins.  By doing so, Bradski had the intent to interfere with and/or destroy or, at the very least, recklessly interfered with these economically advantageous relationships.  As a direct and proximate result of such actions by Bradski, Magic Leap has incurred and continues to incur damages and irreparable injury, including without limitation, the loss of sales and profits it would have earned but for Defendants' actions, and the damage to Magic Leap's reputation among potential and existing customers, business partners, investors, and in the industry in general.

## COUNT VIII
### (Unfair Competition pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*)

76. Magic Leap repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

77. By committing the acts and practices alleged in this Complaint, Defendants have violated California's Unfair Competition Laws engaging in unfair, deceptive, untrue or misleading advertising; and/or by engaging in an act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

MAGIC LEAP, INC.'S COMPLAINT FOR, *INTER ALIA*,                         CASE NO.:
MISAPPROPRIATION OF TRADE SECRETS

78. Magic Leap is informed and believes Defendants' actions are and will continue to be willful and deliberate. As a direct and proximate result of such actions by Defendants, Magic Leap has incurred and continues to incur damages and irreparable injury, including, without limitation, the loss of sales and profits it would have earned but for Defendants' actions, interference with Magic Leap's relationships with strategic investors and partners, and the damage to Magic Leap's reputation among potential and existing customers, business partners, investors, and in the industry in general.

79. Magic Leap is informed and believes that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from their acts of unfair competition.

## COUNT IX
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

80. Magic Leap repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

81. Defendants' respective Employment Agreements and Proprietary Information and Inventions Agreements are valid and enforceable contracts with Magic Leap.

82. Defendants owed to Magic Leap the duty and implied covenant of good faith and fair dealing under, *inter alia*, the Employment Agreements and Proprietary Information and Inventions Agreements.

83. Magic Leap has duly performed all conditions required on its part to be performed pursuant to these Employment Agreements and Proprietary Information and Inventions Agreements.

84. Defendants breached their duties and the implied covenant of good faith and fair dealing they owed to Magic Leap by, *inter alia*, using Magic Leap's equipment, resources, time, intellectual property, confidential information and trade secrets, and funds for their new company and thereby unfairly interfering with Magic Leap's right to receive the benefits to which Magic Leap was and is entitled based upon its relationships with Defendants, who by virtue of such relationships were placed in positions of trust and confidence.

85. As a direct and proximate result of Defendants' breaches of their duty and implied

covenant of good faith and fair dealing owed to Magic Leap, Magic Leap has incurred and continues to incur damages and irreparable injury, including without limitation, the loss of sales and profits it would have earned but for Defendants' actions, and damage to Magic Leap's reputation among potential and existing customers, business partners, investors, and in the industry in general.

## COUNT X
### (Conversion)

86. Magic Leap repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

87. Pursuant to Defendants' respective Employment Agreements and Proprietary Information and Inventions Agreements, Defendants were and continue to be prohibited from engaging in any activities that materially conflict with their obligations to Magic Leap.

88. At all relevant times herein, Magic Leap was and remains the owner of the equipment, resources, funds, time and labor of its employees, good will and intellectual property rights, which Defendants have willfully used, misappropriated, disclosed or in relation to which Defendants have committed other wrongful acts as alleged herein.

89. Defendants converted, and/or will continue to convert, Magic Leap's property, including equipment, resources, funds, time and labor of its employees, good will and intellectual property rights, for Defendants' own use and financial gain and without authorization and/or consent from Magic Leap, and in violation of their contractual prohibitions against engaging in activities that materially conflict with their obligations to Magic Leap.

90. As a direct and proximate result of Defendants' conversion of Magic Leap's property, Magic Leap has incurred and continues to incur damages and irreparable injury, including without limitation, lost value, loss of sales and profits it would have earned but for Defendants' actions, and damage to Magic Leap's reputation among potential and existing customers, business partners, investors, and in the industry in general.

MAGIC LEAP, INC.'S COMPLAINT FOR, *INTER ALIA*,                    CASE NO.:
MISAPPROPRIATION OF TRADE SECRETS

**PRAYER FOR RELIEF**

WHEREFORE, Magic Leap prays for judgment and relief as follows:

A. Judgment in Magic Leap's favor that:

1. Defendants have wrongfully misappropriated or used Magic Leap's Proprietary Technologies.
2. Kaehler wrongfully aided and abetted in misappropriating Magic Leap's Proprietary Technologies.
3. Defendants breached their respective Employment Agreements and Proprietary Information and Inventions Agreements.
4. Bradski breached his fiduciary duty and duty of loyalty to Magic Leap.
5. Defendants have tortiously interfered with Magic Leap's prospective economic advantage.
6. Defendants engaged in unfair competition.
7. Defendants breached the implied covenant of good faith and fair dealing.
8. Defendants improperly converted Magic Leap's property.

B. Temporary, preliminary and permanent injunctive relief enjoining Defendants from:

1. Misappropriating and aiding and abetting in the misappropriation of Magic Leap's Proprietary Technologies.
2. Violating the terms of their respective Employment Agreements and Proprietary Information and Inventions Agreements.
3. Maintaining – and, correspondingly, requiring Defendants to promptly deliver and turn over to Magic Leap – any and all property of Magic Leap which are in Defendants' possession, custody or control.

C. Compensatory damages.

D. Punitive and/or exemplary damages.

E. Attorney's fees.

F. Interests and costs.

17

MAGIC LEAP, INC.'S COMPLAINT FOR, *INTER ALIA*,   CASE NO.:
MISAPPROPRIATION OF TRADE SECRETS

G. Such further and other relief as the Court may deem proper and just.

Respectfully submitted,

Dated: May 26, 2016

By: */s/ Lisa Kobialka*
Paul J. Andre
Lisa Kobialka
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com

*Attorneys for Plaintiff*
MAGIC LEAP, INC.

18

MAGIC LEAP, INC.'S COMPLAINT FOR, *INTER ALIA*,                    CASE NO.:
MISAPPROPRIATION OF TRADE SECRETS

## DEMAND FOR JURY TRIAL

Magic Leap demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: May 26, 2016   By: */s/ Lisa Kobialka*
Paul J. Andre
Lisa Kobialka
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com

*Attorneys for Plaintiff*
MAGIC LEAP, INC.