Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800 office
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Defendants
GARY BRADSKI, ADRIAN KAEHLER AND ROBOTICS ACTUAL, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGIC LEAP, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GARY BRADSKI, an individual, ADRIAN KAEHLER, an individual, ROBOTICS ACTUAL, INC., a Delaware corporation, OPENCV.AI, INC., a Delaware corporation,<br><br>Defendants. | Case No. 5:16-cv-02852-NC<br><br>**DECLARATION OF CHRISTOPHER SARGENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL REGARDING SUPPORT FOR THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (RULE 12(B)(6); ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT (RULE 12(E)); AND/OR MOTION FOR SUMMARY JUDGMENT (RULE 56) AS TO CLAIMS 1–4; MOTION FOR SUMMARY JUDGMENT AS TO CLAIMS 5–10** |

I, Christopher Sargent, declare as follows:

1. I am an attorney admitted to practice before this Court, and I am a partner at the law firm of Computerlaw Group LLP, counsel for Defendants Gary Bradski, Adrian Kaehler, and Robotics Actual, Inc. in this matter. I have personal knowledge of the facts set forth in this Declaration, including based on my review of the documents discussed below, and if called to do so I could and would testify competently to the matters stated here.

2. I have reviewed the following documents and portions thereof that are marked for redaction and believe that good cause exists for the following records to be sealed.

### **DOCUMENTS SOUGHT TO BE SEALED OR PROVISIONALLY SEALED**

3. The highlighted portions of the Declaration Gary Bradski, filed in support of Defendants' Motion to Dismiss for Failure to State a Claim (Rule 12(b)(6)); Alternatively, Motion for More Definite Statement (Rule 12(e)); and/or Motion for Summary Judgment (Rule 56) as to Claims 1–4; Motion for Summary Judgment as to Claims 5–10, namely:

(a) Highlighted material at 6:7, 10:23–24, 10:26–28, 11:4 (potentially nonpublic strategic information related to Magic Leap);

(b) Highlighted material at 6:19–20 (discussing employees at Magic Leap, including in relation to potentially nonpublic information about its technology); and 6:25, 10:23–24, 10:26, 11:4 (discussing details about key, potential, or former employees at Magic Leap);

(c) Highlighted material at 6:7, 7:19–20, 7:25–26, 8:8, 8:10, 9:19, 9:20 (discussing details of research and technology initiatives at Magic Leap);

(d) Highlighted material at 9:11 (discussing potentially nonpublic details of Magic Leap architecture);

(e) highlighted material at 13:15 and Ex. A, p.1 (disclosing monthly salary) (both disclosing personal financial information of Dr. Bradski regarding value of employment compensation earned from Magic Leap); and

(f) highlighted material at Exhibit A, pp. 1, 3, 7, 8 (terms from Dr. Bradski's agreements redacted by Magic Leap, *compare* ECF Nos. 1-1. 11-1).[1]

4. The highlighted portions of the Declaration of Adrian Kaehler, filed in Support of Defendants' Motion to Dismiss for Failure to State a Claim (Rule 12(b)(6)); Alternatively, Motion for More Definite Statement (Rule 12(e)); and/or Motion for Summary Judgment (Rule 56) as to Claims 1–4; Motion for Summary Judgment as to Claims 5–10, namely:

(a) highlighted material at 2:6, 2:7 (in context, potentially discloses confidential and/or protected national security information about third parties);

(b) highlighted material at 6:8–9 (nonpublic strategic information related to Magic Leap);

(c) highlighted material at 6:24 and Ex. E, p. 3 (discussing details about employees at Magic Leap, including key employees);

(d) highlighted material at 6:26–28 and Ex. E, p. 3–4 (discussing potentially sensitive/nonpublic Magic Leap information);

(e) highlighted material at 7:21–23, 9:6; 9:11, 10:4, and 10:5 and Ex. E, p. 3 (discussing details of a project Dr. Kaehler worked on at Magic Leap);

(f) highlighted material at 9:3 (naming the code designation of a project Dr. Kaehler worked on at Magic Leap);

(g) highlighted material at 18:2 and Ex. A, p.1 (disclosing monthly salary); and Ex. D (each disclosing personal financial information of Dr. Kaehler regarding value of employment compensation earned from Magic Leap); and

(h) highlighted material at Ex. A, p. 1 and 7 (terms from Dr. Kaehler's agreements redacted by Magic Leap, *compare* ECF Nos. 1-2. 11-2).[2]

---

[1] From my review, this appears to be merely form contract language and public information and I am unaware of any compelling reason to seal this information, but because it was previously redacted by Magic Leap, Defendants submit it provisionally under seal in an abundance of caution, to allow Magic Leap to make the required showing.

[2] From my review, this also appears to be merely form contract language and public information and I am unaware of any compelling reason to seal this information, but because it was previously redacted by Magic Leap, Defendants submit it provisionally under seal in an abundance of caution, to allow Magic Leap to make the required showing.

5.  Except as noted, the above stated portions of declarations and exhibits discuss information that has substantial probability of having a conflict with the confidentiality interests of Defendants, Plaintiff, and/or potential third parties and/or non-parties and/or national security interests that may be prejudicial to them if the relevant records are not sealed. Furthermore, the information that Defendants seek to file under seal meet the "compelling reasons" standard as the above portions and exhibits discuss, reference, or make mention of:

(a)  *Names of third parties, which, in context, reference technical or strategic business and/or protected national security information about third parties* for whom Dr. Kaehler previously worked. ¶4(a), *above*. Defendants believe this information to be nonpublic and subject to confidentiality agreements Dr. Kaehler has with those third parties, as well as obligations required to maintain his security clearance with the U.S. Government. As to this information, I am of the opinion that these highlighted portions of the declarations and exhibits contain information that is proprietary and sensitive, and may have substantial risk to cause harm to those nonparties and/or national security interests if made available to the public;

(b)  *technical or strategic business information and competitively sensitive analysis relating to Magic Leap*, such as identifying and discussing the roles and performance of current, prospective, or former or key employees, ¶¶ 3(b), 4(c), *above*; and discussions of details about projects or initiatives, communications, or negotiations, on which Dr. Kaehler and Dr. Bradski were working; ¶¶ 3(a), (c), (d), and 4(b), (d)–(f), *above*. At this time, Defendants believe this information to be nonpublic and subject to confidentiality agreements they have with Magic Leap. As to this information, I am of the opinion that these highlighted portions of the declarations and exhibits contain information that is proprietary and sensitive, and may have substantial risk to cause harm to Magic Leap and/or the individuals former/current employees if made available to the public; or,

(c)  *nonpublic personal financial information of Defendants* regarding compensation earned from Magic Leap. ¶¶3(e), and 4(g), *above*. I am of the opinion that these highlighted portions of the declarations and exhibits contain details about financial personal

1 finances that are nonpublic, protected, and sensitive, and may have substantial risk to cause harm
2 to Defendants if made available to the public.

3       6.      I have determined that the redacted portions and exhibits contain information
4 which is proprietary and sensitive for the reasons and to the parties stated above. I know that Dr.
5 Kaehler and Dr. Bradski have signed confidentiality agreements with Magic Leap, and that Dr.
6 Kaehler has confidentiality agreements with third parties, as well as obligations required to
7 maintain his security clearance with the U.S. Government. I have concluded that the respective
8 confidentiality interests stated above overcome the right of public access to the referenced
9 records, as a substantial probability exists that its overriding confidentiality interest will be
10 prejudiced if the record is not sealed.

11       7.      The proposed sealing is narrowly tailored and I am unaware of any less
12 restrictive means to achieve the identified overriding interests regarding third parties' technical
13 or strategic business information and/or protected national security information; Magic Leap and
14 its current/former employees' technical or strategic business information and competitively
15 sensitive analysis; and Defendants' protected, sensitive, and confidential financial information.

16 I declare under penalty of perjury under the laws of the State of California and the United
17 States of America that the foregoing is true and correct and that this declaration was entered into
18 on August 15, 2016 in Palo Alto, California.

19
                                          */s/ Christopher Sargent*
20                                           Christopher Sargent

**Computerlaw Group LLP**
www.computerlaw.com<sup>sm</sup>