PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

AARON FRANKEL (appearance *pro hac vice*)
afrankel@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-7793

*Attorneys for Plaintiff*
MAGIC LEAP, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MAGIC LEAP, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GARY BRADSKI, an individual, ADRIAN KAEHLER, an individual, Robotics Actual, Inc., a Delaware Corporation, and OpenCV.ai, Inc., a Delaware Corporation,<br><br>Defendants. | Case No.: 5:16-cv-02852-NC<br><br>**PLAINTIFF MAGIC LEAP, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(c) and Civil Local Rules 7-11 and 79-5, Plaintiff Magic Leap, Inc. ("Magic Leap") brings this Administrative Motion to File Under Seal (the "Motion to Seal"). There are compelling reasons and good cause to file the documents identified below under seal because the redactions requested herein are narrowly tailored to protect (1) Magic Leap's sensitive and confidential business and technical information that is not publicly known, (2) Defendants Gary Bradski's ("Bradski") and Adrian Kaehler's ("Kaehler") private personnel and employment information, (3) Defendant Robotics Actual, Inc.'s ("Robotics") confidential business and technical information, (4) third parties' private personnel and employment information (5) third parties' confidential technical and business information and (6) the Parties' confidential settlement negotiations that are within the ambit of Rule 408 of the Federal Rules of Evidence. Should this information be disclosed publicly, there is a significant likelihood that the parties and third parties will be harmed.

## II. ARGUMENT

There are compelling reasons and good cause to permit redaction of the additional portions of the documents identified below:

| Identification of the documents to be sealed | Portions of Document Sought to be sealed | Designating Party | Reasons for Sealing |
|---|---|---|---|
| Magic Leap's Opposition (the "Opposition") to defendants' Anti-SLAPP Motion (Dkt. No. 62) | The redacted portions at page 2, lines 8, 11-13, 27, page 4, lines 7-9, 20, page 6, lines 6-7, 19-20, 23, page 7, lines 2-5, 8, 16, 18-19, 21-22, page 8, line 2, page 11, | Both parties | The highlighted portions contain (1) Magic Leap's confidential information related to its business strategy, plans, confidential relationship with a third-party contractor, production of its products, financial and/or business decisions, (2) Magic Leap's employees' private personnel and/or employment information, (3) Bradski and Kaehler's private personnel and/or employment information, (4) Robotics Actual's confidential business strategy and plans, (5) third parties' confidential technical and business information and (6) |

| Identification of the documents to be sealed | Portions of Document Sought to be sealed | Designating Party | Reasons for Sealing |
|---|---|---|---|
| | lines 11-19, page 12, lines 2, 6-7, 14-27, page 13, lines 1, 3-9, 12-18, page 14, lines 10-12, 16-18, page 16, line 7, page 19, line 9, page 21, lines 19-20, page 22, line 19, page 23, line 11 | | both parties' settlement negotiations that are within the ambit of Rule 408 of the Federal Rules of Evidence.  *See* Declaration of Aaron Frankel in support of Magic Leap's Administrative Motion to File Under Seal ("Frankel Decl."), ¶ 3; *see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc.*, No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010);*Crawford v. U.S. Trustee,* 194 F.3d 954, 958 (9th Cir.1999); *Thomas v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013). |
| Declaration of Rony Abovitz in support of Magic Leap's Opposition | The highlighted portions at page 2, lines 2-3, 9, 11-17, 20-21, 23, page 3, lines 1, 3. | Magic Leap | The highlighted portions contain Magic Leap's confidential information related to its business strategy, plans, and confidential relationship with a third-party contractor.  *See* Frankel Decl., ¶ 4; *see also Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1225 (Fed. Cir. 2013) |
| Declaration of David Lundmark in support of Magic Leap's Opposition | The highlighted portion at page 1, line 9 | Magic Leap | The highlighted portion contains Magic Leap's confidential information related to its business strategy and plans.  *See* Frankel Decl., ¶ 5; *see also Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1225 (Fed. Cir. 2013) |
| Declaration of Yannick Pellet in support of Magic Leap's Opposition | The highlighted portions at page 1, lines 10-12, 14-15 | Magic Leap | The highlighted portions contain Magic Leap's confidential information related to its business strategy and plans.  *See* Frankel Decl., ¶ 6; *see also Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1225 (Fed. Cir. 2013) |

MAGIC LEAP'S ADMINISTRATIVE MOTION TO SEAL                    CASE NO.: 5:16-cv-02852-NC

| Identification of the documents to be sealed | Portions of Document Sought to be sealed | Designating Party | Reasons for Sealing |
|---|---|---|---|
| Declaration of Hendrik Vlietstra in support of Magic Leap's Opposition | The highlighted portions at page 1, lines 26-27 and page 2, line 3 | Magic Leap | The highlighted portions contain Magic Leap's confidential information related to its business strategy and financial and/or business decisions as well as Magic Leap's employees' private employment information.  See Frankel Decl., ¶ 7; see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc., No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010);Crawford v. U.S. Trustee, 194 F.3d 954, 958 (9th Cir.1999); Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1225 (Fed. Cir. 2013) |
| Declaration of Paul Greco in support of Magic Leap's Opposition | The highlighted portions at page 1, lines 9-13 | Magic Leap | The highlighted portions contain Magic Leap's confidential information related to its business strategy, plans and production of its products.  See Frankel Decl., ¶ 8; see also Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1225 (Fed. Cir. 2013) |
| Declaration of Scott Henry in support of Magic Leap's Opposition | The highlighted portions at page 1, lines 4-8 | Magic Leap | The highlighted portions contain Magic Leap's confidential information related to Magic Leap's financial information and relationship with a third-party contractor. See Frankel Decl., ¶ 9; see also Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1225 (Fed. Cir. 2013) |
| Declaration of Lisa Kobialka in support of Magic Leap's Opposition ("Kobialka Decl.") | The redacted portions at page 2, lines 6, 13, 17, 21, 25, page 3, lines 5, 21, 24, page 4, lines 8, 10, 12, 15 | Magic Leap | The highlighted portions contain (1) Magic Leap's confidential information related to its confidential relationship with a third-party contractor, (2) Magic Leap's employees' private personnel and/or employment information, (3) Bradski's private personnel, employment and financial information, as well as (4) third parties' private personnel and employment information.  See Frankel Decl., ¶ 10; see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc., No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010);Crawford v. U.S. Trustee, 194 F.3d 954, 958 (9th Cir.1999); Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1225 (Fed. Cir. 2013) |

| Identification of the documents to be sealed | Portions of Document Sought to be sealed | Designating Party | Reasons for Sealing |
|---|---|---|---|
| Kobialka Decl. Ex. 4 | Entirety | Magic Leap | This document is an unpublished patent application, not publicly available, containing Magic Leap's highly confidential and proprietary technical information and trade secrets.  See Frankel Decl., ¶ 11; *see also Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1222, 1225 (Fed. Cir. 2013); 35 U.S.C. § 122(b); 37 CFR 1.313(a). |
| Kobialka Decl. Ex. 5 | The highlighted portions | Magic Leap | The highlighted portions of this document contain Magic Leap's proprietary confidential information related to Magic Leap's business strategy and areas of technology Magic Leap prioritizes as well as private personnel information related to a Magic Leap employee.  *See* Frankel Decl., ¶ 12; *see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc.*, No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010);*Crawford v. U.S. Trustee,* 194 F.3d 954, 958 (9th Cir.1999); *Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1225 (Fed. Cir. 2013) |
| Kobialka Decl. Ex. 9 | The highlighted portions | Magic Leap | The highlighted portions of this document contain Magic Leap's confidential information related to its business strategy and future plans.  *See* Frankel Decl., ¶ 13; *see also Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1225 (Fed. Cir. 2013) |
| Kobialka Decl. Ex. 10 | The highlighted portions | Magic Leap | The highlighted portions of this document contain Magic Leap's confidential technical information and business strategy and plans. *See* Frankel Decl., ¶ 14; *see also Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1225 (Fed. Cir. 2013) |

| Identification of the documents to be sealed | Portions of Document Sought to be sealed | Designating Party | Reasons for Sealing |
|---|---|---|---|
| Kobialka Decl. Ex. 11 | The highlighted portions | Magic Leap | The highlighted portions of this document contain Magic Leap's confidential technical information as well as third parties' private personnel information.  *See* Frankel Decl., ¶ 15; *see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc.*, No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010); *Crawford v. U.S. Trustee,* 194 F.3d 954, 958 (9th Cir.1999); *Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1225 (Fed. Cir. 2013) |
| Kobialka Decl. Ex. 12 | The highlighted portions | Magic Leap | The highlighted portions of this document contain Magic Leap's confidential technical information and information related to its business strategy.  *See* Frankel Decl., ¶ 16; *see also Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1225 (Fed. Cir. 2013) |
| Kobialka Decl. Ex. 13 | The highlighted portions | Bradski; Magic Leap | The highlighted portions of this document contain Bradski's confidential information related to his personal financial investments as well as Magic Leap's confidential business relationship with certain third-party contractors.  *See* Frankel Decl., ¶ 17; *see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc.*, No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010); *Crawford v. U.S. Trustee,* 194 F.3d 954, 958 (9th Cir.1999); *Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1225 (Fed. Cir. 2013) |
| Kobialka Decl. Ex. 14 | The highlighted portions | Magic Leap | The highlighted portions of this document contain third parties' private personnel and employment information.  *See* Frankel Decl., ¶ 18; *see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc.*, No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010); *Crawford v. U.S. Trustee,* 194 F.3d 954, 958 (9th Cir.1999) |

| Identification of the documents to be sealed | Portions of Document Sought to be sealed | Designating Party | Reasons for Sealing |
|---|---|---|---|
| Kobialka Decl. Ex. 16 | The highlighted portions | Magic Leap | The highlighted portions of this document contain a third party's private personnel and employment information.  See Frankel Decl., ¶ 19; see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc., No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010); Crawford v. U.S. Trustee, 194 F.3d 954, 958 (9th Cir.1999) |
| Kobialka Decl. Ex. 17 | The highlighted portions | Robotics Actual; Magic Leap | The highlighted portions of this document contain Robotics Actual's confidential information related to business strategy and financial information as well as Magic Leap's confidential information related to business strategy and specific technology Magic Leap invests in.  See Frankel Decl., ¶ 20; see also Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1225 (Fed. Cir. 2013) |
| Kobialka Decl. Ex. 18 | The highlighted portions | Magic Leap | The highlighted portions of this document contain third parties' private personnel information.  See Frankel Decl., ¶ 21; see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc., No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010); Crawford v. U.S. Trustee, 194 F.3d 954, 958 (9th Cir.1999) |
| Kobialka Decl. Ex. 22 | The highlighted portions | Magic Leap | The highlighted portions of this document contain third parties' private personnel and employment information.  See Frankel Decl., ¶ 22; see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc., No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010); Crawford v. U.S. Trustee, 194 F.3d 954, 958 (9th Cir.1999) |

MAGIC LEAP'S ADMINISTRATIVE MOTION TO SEAL                    CASE NO.: 5:16-cv-02852-NC

| Identification of the documents to be sealed | Portions of Document Sought to be sealed | Designating Party | Reasons for Sealing |
|---|---|---|---|
| Kobialka Decl. Ex. 24 | Entirety | Magic Leap | This document contains Magic Leap's employees' private employment information and Magic Leap's confidential technical and business strategy information. *See* Frankel Decl., ¶ 23; *see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc.*, No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010); *Crawford v. U.S. Trustee,* 194 F.3d 954, 958 (9th Cir.1999) |
| Kobialka Decl. Ex. 28 | Entirety | Bradski | This document contains Bradski's private personnel and financial information as well as a third party's confidential financial information. *See* Frankel Decl., ¶ 24; *see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc.*, No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010); *Crawford v. U.S. Trustee,* 194 F.3d 954, 958 (9th Cir.1999); *Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1225 (Fed. Cir. 2013) |
| Kobialka Decl. Ex. 29 | The highlighted portions | Magic Leap | The highlighted portions of this document contain Magic Leap's confidential information related to its technology, business strategy and confidential relationship with a third-party contractor as well as third parties' private personnel and employment information. *See* Frankel Decl., ¶ 25; *see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc.*, No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010); *Crawford v. U.S. Trustee,* 194 F.3d 954, 958 (9th Cir.1999); *Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1225 (Fed. Cir. 2013) |

| Identification of the documents to be sealed | Portions of Document Sought to be sealed | Designating Party | Reasons for Sealing |
|---|---|---|---|
| Kobialka Decl. Ex. 30 | The highlighted portions | Magic Leap | The highlighted portions of this document contain Magic Leap's confidential information related to its confidential relationship with a third-party contractor as well as confidential financial information. *See* Frankel Decl., ¶ 26; *see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc.*, No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010);*Crawford v. U.S. Trustee,* 194 F.3d 954, 958 (9th Cir.1999); *Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1225 (Fed. Cir. 2013) |
| Kobialka Decl. Ex. 31 | The highlighted portions | Magic Leap | The highlighted portions of this document contain Magic Leap's confidential information related to its business strategy and technology. *See* Frankel Decl., ¶ 27; *see also Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1225 (Fed. Cir. 2013) |
| Kobialka Decl. Ex. 32 | The highlighted portions | Bradski | The highlighted portions of this document likely contain Bradski's confidential information related to business strategy. *See* Frankel Decl., ¶ 28; *see also Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1225 (Fed. Cir. 2013) |
| Kobialka Decl. Ex. 33 | The highlighted portions | Magic Leap | The highlighted portions of this document contain Magic Leap's confidential information related to its confidential relationship with a third-party contractor as well as Magic Leap's private personnel and employment information. *See* Frankel Decl., ¶ 29; *see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc.*, No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010); *Crawford v. U.S. Trustee,* 194 F.3d 954, 958 (9th Cir.1999) |

MAGIC LEAP'S ADMINISTRATIVE MOTION TO SEAL                    CASE NO.: 5:16-cv-02852-NC

| Identification of the documents to be sealed | Portions of Document Sought to be sealed | Designating Party | Reasons for Sealing |
|---|---|---|---|
| Kobialka Decl. Ex. 34 | The highlighted portions | Magic Leap | The highlighted portions of this document contain Magic Leap's confidential information related to its confidential relationship with its third-party contractor as well as Magic Leap's employees' private personnel and employment information. *See* Frankel Decl., ¶ 30; *see also Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc.*, No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010); *Crawford v. U.S. Trustee,* 194 F.3d 954, 958 (9th Cir.1999) |
| Kobialka Decl. Ex. 35 | The highlighted portions | Magic Leap | The highlighted portions of this document contain Magic Leap's confidential information related to its confidential relationship with its third-party contractor as well as commercially sensitive terms of agreement with such third-party contractor. *See* Frankel Decl., ¶ 31; *see also Thomas v. Magnachip Semiconductor Corp.,* No. 14-CV-01160-JST, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016) |
| Kobialka Decl. Ex. 39 | The highlighted portions | Both parties | The highlighted portions of this document contain the parties' settlement negotiations that are within the ambit of Rule 408 of the Federal Rules of Evidence and Bradski's and Kaehler's private employment information.  *See* Frankel Decl., ¶ 32; *see also Thomas v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016); *Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc.*, No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010); *Crawford v. U.S. Trustee,* 194 F.3d 954, 958 (9th Cir.1999). |

9

MAGIC LEAP'S ADMINISTRATIVE MOTION TO SEAL                    CASE NO.: 5:16-cv-02852-NC

| Identification of the documents to be sealed | Portions of Document Sought to be sealed | Designating Party | Reasons for Sealing |
|---|---|---|---|
| Kobialka Decl. Ex. 40 | The highlighted portions | Both parties | The highlighted portions of this document contain the parties' settlement negotiation that are within the ambit of Rule 408 of the Federal Rules of Evidence and Bradski's and Kaehler's private employment information.  *See* Frankel Decl., ¶ 33; *see also Thomas v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016); *Serv. Employees Int'l Union v. Prime Healthcare Servs., Inc.*, No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *6 (E.D. Cal. July 19, 2010); *Crawford v. U.S. Trustee,* 194 F.3d 954, 958 (9th Cir.1999) |

As set forth in the accompanying Declaration of Aaron Frankel in support of Magic Leap's Administrative Motion to File Under Seal, the above identified documents contain confidential and/or private information of Magic Leap, defendants and third parties and should be sealed.  Such confidential and/or private information includes: (1) Magic Leap's confidential information related to its business strategy, plans, confidential relationship with a third-party contractor, production of its products, financial and/or business decisions, (2) Magic Leap's employees' private personnel and/or employment information, (3) Bradski's and Kaehler's private personnel and/or employment information, (4) Robotics Actual's confidential business strategy and plans, (5) third parties' confidential technical and business information and (6) the parties' settlement negotiations that are within the ambit of Rule 408 of the Federal Rules of Evidence.

The sensitive confidential business and technical information, including an unpublished patent application, that Magic Leap seeks to seal here should not be disclosed to public because the prejudice to Magic Leap from the disclosure of this information to its competitors would significantly outweigh any benefit to the public.  *See Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1225 (Fed. Cir. 2013) ("We conclude that Apple and Samsung have such an interest because they could suffer competitive harm if this information is made public, and the district court erred by concluding otherwise. In

1  particular, it seems clear that if Apple's and Samsung's suppliers have access to their profit, cost, and
2  margin data, it could give the suppliers an advantage in contract negotiations, which they could use to
3  extract price increases for components.").

4  Particularly, Exhibit 4 to Kobialka Decl. is Magic Leap's patent application that has not been
5  published and should be filed only under seal. *See* Frankel Decl., at ¶ 11. Patent applications publish
6  about 18 months from their earliest effective filing date. 35 U.S.C. § 122(b). Thus, the decision to
7  keep the invention disclosed in the patent application under wraps as a trade secret can be delayed for
8  approximately 18 months after filing a patent application, which Magic Leap may withdraw any time
9  prior to publication. 37 CFR 1.313(a). Magic Leap is entitled to determine the potential value of
10 obtaining a patent or maintaining the invention as its trade secrets. In *Apple,* the Federal Circuit held
11 that a district court had abused its discretion in refusing to seal a party's various trade secrets, quoting
12 Restatement (First) of Torts § 757, cmt. b that "[a] trade secret consist of any formula, pattern, device
13 or compilation of information which is used in one's business, and which gives him an opportunity to
14 obtain an advantage over competitors who do not know or use it." 727 F.3d at 1222. Here, Magic
15 Leap's unpublished patent application is such trade secrets that warrants sealing.

16 Similarly, third parties' and Defendants' sensitive confidential business and technical
17 information should not be disclosed to public for the same reason. *Id.*

18 Certain documents identified above also should be sealed because Magic Leap's employees,
19 third-party employees and individual defendants Bradski and Kaehler have a right to privacy relating
20 to their employment, financial and personal information that is generally not published. *See Serv.*
21 *Employees Int'l Union v. Prime Healthcare Servs., Inc.*, No. CIV. S-08-2980LKKCMK, 2010 WL
22 2843942, at *6 (E.D. Cal. July 19, 2010) (sealing documents that contained private information of
23 defendants); *see also Crawford v. U.S. Trustee,* 194 F.3d 954, 958 (9th Cir.1999) (recognizing the
24 constitutionally protected interest in avoiding disclosure of personal information, which is generally
25 referred to as the right to "informational privacy."). Accordingly, such information containing private
26 information should be sealed to protect their privacy.

27
28

11

MAGIC LEAP'S ADMINISTRATIVE MOTION TO SEAL                CASE NO.: 5:16-cv-02852-NC

Furthermore, the documents identified above containing highly confidential information related to compromise offers and negotiations within the ambit of Federal Rules of Evidence Rule 408 also should be sealed. Such negotiations are specific to the employment terms of these two individuals and their unique circumstances. There will be substantial prejudice to the parties' respective business interests if the parties' confidential settlement negotiation discussions which specifically relate to the specific circumstances of Bradski's and Kaehler's employment are disclosed publicly. Third parties may wrongfully attempt to utilize the information disclosed in these discussions for their advantage in other negotiations with these parties, which can have an inappropriate and disproportionate impact on discussions around future employment matters for the parties. *See Thomas v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016) (finding compelling reason to seal settlement agreement to avoid third parties from leveraging the information to negotiate special treatment by the litigating parties).

Finally, the portions sought to be sealed here are narrowly tailored to include only "sealable material," as set forth in the accompanying Declaration of Aaron Frankel. To comply with Civil Local Rule 79-5, Magic Leap has filed publicly the non-confidential portions of its documents and information. Attached hereto are redacted and unredacted versions of documents set forth above.

**III.   CONCLUSION**

For the foregoing reasons, Magic Leap respectfully requests that the Court grant its Administrative Motion to File Documents Under Seal.

12

MAGIC LEAP'S ADMINISTRATIVE MOTION TO SEAL                    CASE NO.: 5:16-cv-02852-NC

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 | DATED: September 6, 2016 | By: */s/ Aaron Frankel* |

Paul J. Andre
Lisa Kobialka
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com

Aaron Frankel (appearance *pro hac vice*)
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-7793
afrankel@kramerlevin.com

*Attorneys for Plaintiff*
MAGIC LEAP, INC