1  PAUL J. ANDRE (State Bar No. 196585)
   pandre@kramerlevin.com
2  LISA KOBIALKA (State Bar No. 191404)
   lkobialka@kramerlevin.com
3  KRAMER LEVIN NAFTALIS & FRANKEL LLP
   990 Marsh Road
4  Menlo Park, CA 94025
   Telephone: (650) 752-1700
5  Facsimile: (650) 752-1800

6  AARON FRANKEL (appearance *pro hac vice*)
   afrankel@kramerlevin.com
7  KRAMER LEVIN NAFTALIS & FRANKEL LLP
   1177 Avenue of the Americas
8  New York, NY 10036
   Telephone: (212) 715-7793
9
   *Attorneys for Plaintiff*
10 MAGIC LEAP, INC.

11

12              **IN THE UNITED STATES DISTRICT COURT**

13           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14                      **SAN JOSE DIVISION**

15

   MAGIC LEAP, INC., a Delaware Corporation,      Case No.: 5:16-cv-02852-NC
16
                  Plaintiff,                      **DECLARATION OF DAVID LUNDMARK
17                                                IN SUPPORT OF MAGIC LEAP, INC.'S
              v.                                  OPPOSITION TO DEFENDANTS'
18                                                SPECIAL MOTION TO STRIKE AT
                                                  LEAST THE STATE LAW CLAIMS 3-10
19 GARY BRADSKI, an individual, ADRIAN            OF PLAINTIFF'S COMPLAINT AND
   KAEHLER, an individual, Robotics Actual,       FIRST AMENDED COMPLAINT**
20 Inc., a Delaware Corporation, and OpenCV.ai,
   Inc., a Delaware Corporation,
21                                                Date:       October 12, 2016
                  Defendants.                     Time:       1:00 p.m.
22                                                Dept.:      Courtroom 7, 4th Floor
                                                  Judge:      Nathanael M. Cousins
23

24          **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

25

26

27

28

   DECLARATION OF DAVID LUNDAMRK ISO MAGIC LEAP'S      CASE NO.: 5:16-cv-02852-NC
   OPP. TO DEFS' SPECIAL MOTION TO STRIKE

1  I, David Lundmark, do declare and state as follows:

2      1.      I am the Chief Patent Counsel of Plaintiff Magic Leap, Inc. ("Magic Leap").  I have

3  personal knowledge of the facts stated herein and can testify competently to those facts.

4      2.      I have never told Dr. Bradski that Robotics Actual was not in competition with Magic

5  Leap because I did not know that Dr. Bradski was intending to do with such company.

6      3.      I was involved in recruiting Dr. Bradski for Magic Leap and had discussions with

7  Magic Leap's CEO, Rony Abovitz, regarding the potential hiring of Dr. Bradski.  One of the things I

8  discussed with Dr. Bradski in the recruiting process was that Magic Leap ultimately would be scaling

9  up ████████████████████████████████████████████  and that Dr. Bradski could

10  play a major role in that project given his background and interest.  Magic Leap opened its Mountain

11  View office with a location specifically selected by Dr. Bradski; Magic Leap opened its Sunnyvale

12  location with a specific consideration for Dr. Bradski's bike route from his home.

13      4.      Dr. Bradski told me more than once that he did not have confidence in the leadership or

14  processes of Magic Leap; he proposed a paradigm wherein the company would be reorganized with

15  him in a primary leadership position.

16      5.      Dr. Bradski expressed to me a lack of confidence in the proposition that certain

17  compensation-related milestones, such as a secondary offering and bonus program, were going to

18  happen in a timely manner, or that appropriate prototype systems, office/work space, or technical

19  resources would be available in a timely manner for personnel working in the Mountain View or

20  Seattle offices.

21      6.      Dr. Bradski and Dr. Kaehler left the office right after collecting their bonuses and

22  participating in the secondary offering.  Dr. Kaehler left a sticky note on his monitor, whose desk was

23  directly next to mine, which stated, "gone for two weeks."  During which time, I first learned about the

24  Complaint filed by Drs. Bradski and Kaehler for declaratory relief in Superior Court of California

25  against Magic Leap.

26

27      I declare under penalty of perjury under the laws of the United States that the foregoing is true

28
                                        1
DECLARATION OF DAVID LUNDAMRK ISO MAGIC LEAP'S     CASE NO.: 5:16-cv-02852-NC
OPP. TO DEFS' SPECIAL MOTION TO STRIKE

1   and correct.  Executed on August 26, 2016, in Sunnyvale, California.

2

3

4                                        /s/
                                  David Lundmark

5

6          **ATTESTATION PURSUANT TO L.R. 5-1(I)**

7          In  accordance  with  Civil  Local  Rule  5-1(i)(3),  I  attest  that  concurrence  in  the  filing  of  this

8   document has been obtained from any other signatory to this document.

9

10                              */s/ Lisa Kobialka*
                               Lisa Kobialka

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        2
─────────────────────────────────────────────────────────
DECLARATION OF DAVID LUNDAMRK ISO MAGIC LEAP'S      CASE NO.: 5:16-cv-02852-NC
OPP. TO DEFS' SPECIAL MOTION TO STRIKE