PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

AARON FRANKEL (appearance *pro hac vice*)
afrankel@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-7793

*Attorneys for Plaintiff*
MAGIC LEAP, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAGIC LEAP, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> GARY BRADSKI, an individual, ADRIAN KAEHLER, an individual, Robotics Actual, Inc., a Delaware Corporation, and OpenCV.ai, Inc., a Delaware Corporation, <br><br> Defendants. | Case No.: 5:16-cv-02852-NC <br><br> **DECLARATION OF LISA KOBIALKA, ESQ. IN SUPPORT OF MAGIC LEAP, INC.'S OPPOSITION TO DEFENDANTS' MOTIONS FOR SANCTIONS OF DISMISSAL AND AN AWARD OF ATTORNEYS' FEES FOR COSTS** |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

I, Lisa Kobialka, hereby duly declare as follows:

1.      I am an attorney with the law firm Kramer Levin Naftalis & Frankel LLP, counsel for Plaintiff Magic Leap, Inc. ("Magic Leap").  I have personal knowledge of the facts stated herein and can testify competently to those facts.  I make this declaration in support of Magic Leap's Opposition to Defendants' Motions for Sanctions of Dismissal and an Award of Attorneys' Fees for Costs (Dkt. Nos. 46, 47, 55, 57).  Irrelevant portions of the exhibits have been redacted because the parties are still negotiating a Stipulated Protective Order.

2.      Attached hereto as Exhibit 1 is a true and correct copy of a print out of a Magic Leap press release, dated February 5, 2014.

3.      Attached hereto as Exhibit 2 is a true and correct copy of a Wareable.com article entitled "Everything we know so far about the mysterious tech," dated July 13, 2016.

4.      Attached hereto as Exhibit 3 is a true and correct copy of August 28, 2016 search results from the website for the United States Patent and Trademark Office for patents assigned to Magic Leap.

5.      Attached hereto as Exhibit 4 is a true and correct copy of a Magic Leap unpublished patent application entitled "Systems and Methods for Augmented Reality."

6.      Attached hereto as Exhibit 5 is a true and correct copy of an email from Gary Bradski to Rony Abovitz et al., dated January 1, 2015.  Irrelevant portions of this document have been redacted.

7.      Attached hereto as Exhibit 6 is a true and correct copy of an email from Rony Abovitz to Gary Bradski et al., dated November 25, 2015.

8.      Attached hereto as Exhibit 7 is a true and correct copy of a Technologyreview.com article entitled "Apple Lags Behind Google and Facebook on AI," dated August 24, 2016.

9.      Attached hereto as Exhibit 8 is a true and correct copy of U.S. Patent Application US 2016/0232444 A1, published August 11, 2016 and assigned to International Business Machines (IBM) Corporation.

10.     Attached hereto as Exhibit 9 is a true and correct copy of an email thread between Gary Bradski and Rony Abovitz, dated October 9, 2013.

1

11.     Attached hereto as Exhibit 10 is a true and correct copy of an email from Gary Bradski to Adrian Kaehler, dated February 24, 2015.  Irrelevant portions of this document have been redacted.

12.     Attached hereto as Exhibit 11 is a true and correct copy of an email from Gary Bradski to ███████████ dated January 13, 2014.

13.     Attached hereto as Exhibit 12 is a true and correct copy of an email thread between Gary Bradski and Yvette Santana et. al., dated September 10, 2014 to September 12, 2014.

14.     Attached hereto as Exhibit 13 is a true and correct copy of a excerpts of a document entitled "FIN-PP-029.02 Conflict of Interest and Related Party Questionnaire" bearing Gary Bradski's name and his electronic signature, dated February 4, 2016.

15.     Attached hereto as Exhibit 14 is a true and correct copy of an email thread between Gary Bradski and ███████████ dated July 9, 2015.

16.     Attached hereto as Exhibit 15 is a true and correct copy of an email thread between Gary Bradski and Adrian Kaehler, dated December 11, 2015.

17.     Attached hereto as Exhibit 16 is a true and correct copy of an email thread between Gary Bradski and ███████████ dated April 22, 2016 to April 24, 2016.

18.     Attached hereto as Exhibit 17 is a true and correct copy of an email from Gary Bradski to Rony Abovitz, dated May 23, 2016.  Irrelevant portions of this document have been redacted.

19.     Attached hereto as Exhibit 18 is a true and correct copy of an email thread between Gary Bradski and ███████████ dated March 11, 2016 to March 14, 2016.

20.     Attached hereto as Exhibit 19 is a true and correct copy of an email thread between Gary Bradski and Adrian Kaehler, dated November 8, 2015.

21.     Attached hereto as Exhibit 20 is a true and correct copy of an email thread between Gary Bradski and ███████████ dated July 20, 2015.  Irrelevant portions of this document have been redacted.

22.     Attached hereto as Exhibit 21 is a true and correct copy of a print out of a webpage from the website for the State of Delaware, available at https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx and printed on September 2, 2016.

2

23.     Attached hereto as Exhibit 22 is a true and correct copy of an email thread between Gary Bradski and ███████████████ dated May 10, 2016 to May 12, 2016.  Irrelevant portions of this document have been redacted.

24.     Attached hereto as Exhibit 23 is a true and correct copy of an email from Gary Bradski to David Lundmark at Magic Leap, dated May 22, 2016.

25.     Attached hereto as Exhibit 24 is a true and correct copy of a Magic Leap organization chart.

26.     Attached hereto as Exhibit 25 is a true and correct copy of a PowerPoint presentation entitled "The OpenCV Open Source Computer Vision Library: What's New and What's Coming?" bearing Gary Bradski's name and the date of May 3, 2016 on the first page, and available at http://www.vision-systems.com/articles/slideshow/2016/07/opencv-open-source-computer-vision-library-current-status-and-future-developments.html.

27.     Attached hereto as Exhibit 26 is a true and correct copy of an email from Gary Bradski to a Magic Leap employee, dated June 11, 2015.

28.     Attached hereto as Exhibit 27 is a true and correct copy of an email from Gary Bradski to Adrian Kaehler, dated August 6, 2015.  Irrelevant portions of this document have been redacted.

29.     Attached hereto as Exhibit 28 is a true and correct copy of an excerpt from document entitled "████████████████ STOCK PLAN NOTICE OF STOCK OPTION GRANT," dated January 15, 2015.

30.     Attached hereto as Exhibit 29 is a true and correct copy of an email from Gary Bradski to ████████████████ December 22, 2014.  Irrelevant portions of this document have been redacted.

31.     Attached hereto as Exhibit 30 is a true and correct copy of an email from Gary Bradski to Brian Anderson, dated November 30, 2015.  Irrelevant portions of this document have been redacted.

32.     Attached hereto as Exhibit 31 is a true and correct copy of an email thread between Gary Bradski and Samuel Sobell, dated August 12, 2015.  Irrelevant portions of this document have been redacted.

33.     Attached hereto as Exhibit 32 is a true and correct copy of an email from Gary Bradski to ██████████ dated March 4, 2015.  Irrelevant portions of this document have been redacted.

34.     Attached hereto as Exhibit 33 is a true and correct copy of an email from Gary Bradski to ████████ et al., dated January 13, 2016.

35.     Attached hereto as Exhibit 34 is a true and correct copy of an email from Gary Bradski to ████████████, dated February 5, 2016.  Irrelevant portions of this document have been redacted.

36.     Attached hereto as Exhibit 35 is a true and correct copy of a document entitled ████████ AMENDMENT TO PROFESSIONAL SERVICES AGREEMENT," dated February 25, 2016.

37.     Attached hereto as Exhibit 36 is a true and correct copy of an Intel press release, available at https://newsroom.intel.com/editorials/intelacquirescomputervisionforiotautomotive/ on August 23, 2016.

38.     Attached hereto as Exhibit 37 is a true and correct copy of Gary Bradski's LinkedIn profile, downloaded from https://www.linkedin.com/in/garybradski on May 31, 2016.

39.     Attached hereto as Exhibit 38 is a true and correct copy of Adrian Kaehler's LinkedIn profile page, downloaded from https://www.linkedin.com/in/adriankaehler on September 2, 2016.

40.     Attached hereto as Exhibit 39 is a true and correct copy of an email thread between Defendants' counsel Jack Russo and Magic Leap's General Counsel Mark Albert, dated May 20, 2016.

41.     Attached hereto as Exhibit 40 is a true and correct copy of an email thread between Jack Russo and Mark Albert, dated May 20, 2016 to May 24, 2016

42.     Attached hereto as Exhibit 41 is a true and correct copy of an email from Jack Russo to Mark Albert, dated May 21, 2016.

DECLARATION OF LISA KOBIALKA ISO MAGIC LEAP'S          CASE NO.: 5:16-cv-02852-NC
OPPOSITION TO DEFS' MOTIONS FOR SANCTIONS

43.     Attached hereto as Exhibit 42 is a true and correct copy of a complaint for declaratory relief filed by Gary Bradski and Adrian Kaehler against Magic Leap in Superior Court of California for County of Santa Clara on May 23, 2016.

44.     Attached hereto as Exhibit 43 is a true and correct copy of Magic Leap's Notice of Removal, filed on June 10, 2016 in related case 3:16-cv-03235-NC.

45.     Attached hereto as Exhibit 44 is a true and correct copy of a letter from Lisa Kobialka to Jack Russo, dated September 8, 2016.

46.     Attached hereto as Exhibit 45 is a true and correct copy of a letter from Lisa Kobialka to Jack Russo, dated August 12, 2016.

47.     Magic Leap has been repeatedly reaching out to Defendants' counsel to attempt to finalize a Stipulated Protective Order.  Magic Leap has indicated to Defendants' counsel that once the parties finalize a Stipulated Protective Order, Magic Leap will serve a detailed preliminary disclosure of the trade secrets at issue in this action.  Magic Leap provided Defendants with a draft protective order on August 29, 2016.  Despite following up five times in writing and during meet and confers, Defendants did not provide Magic Leap with their comments on the Stipulated Protective Order until September 8, 2016, the day before Magic Leap's opposition to Defendants' Rule 11 motions was due.

48.     Magic Leap contacted Kramer Levin Naftalis & Frankel LLP on May 16, 2016 regarding Defendants' misconduct.  Before filing this action, Magic Leap's counsel conducted a substantive pre-filing investigation, which included, but is not limited to, reviewing the correspondence and documentary evidence of Defendants' misconduct.  Magic Leap apprised Defendants of this fact in writing after receiving their draft Rule 11 papers.  *See* Exhibit 45.

49.     After serving Defendants with the evidence cited herein, Magic Leap's counsel asked Defendants to withdraw their Rule 11 Motions.  *See* Exhibit 44.  To date, Defendants have refused to do so.

1    I declare under penalty of perjury under the laws of the United States that the foregoing is true

2    and correct.  Executed on September 9, 2016 in Menlo Park, California.

3

4                                          /s/ Lisa Kobialka
                                           Lisa Kobialka
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LISA KOBIALKA ISO MAGIC LEAP'S          CASE NO.: 5:16-cv-02852-NC
OPPOSITION TO DEFS' MOTIONS FOR SANCTIONS