PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

AARON FRANKEL (appearance *pro hac vice*)
afrankel@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-7793

*Attorneys for Plaintiff*
MAGIC LEAP, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MAGIC LEAP, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GARY BRADSKI, an individual, ADRIAN KAEHLER, an individual, Robotics Actual, Inc., a Delaware Corporation, and OpenCV.ai, Inc., a Delaware Corporation,<br><br>Defendants. | Case No.: 5:16-cv-02852-NC<br><br>**DECLARATION OF DAVID LUNDMARK IN SUPPORT OF MAGIC LEAP, INC.'S OPPOSITION TO DEFENDANTS' MOTIONS FOR SANCTIONS OF DISMISSAL AND AN AWARD OF ATTORNEYS' FEES FOR COSTS**<br><br>Date:    October 12, 2016<br>Time:    1:00 p.m.<br>Dept.:    Courtroom 7, 4th Floor<br>Judge:    Nathanael M. Cousins |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

I, David Lundmark, do declare and state as follows:

1. I am the Chief Patent Counsel of Plaintiff Magic Leap, Inc. ("Magic Leap"). I have personal knowledge of the facts stated herein and can testify competently to those facts.

2. I have never told Dr. Bradski that Robotics Actual was not in competition with Magic Leap because I did not know that Dr. Bradski was intending to do with such company.

3. I was involved in recruiting Dr. Bradski for Magic Leap and had discussions with Magic Leap's CEO, Rony Abovitz, regarding the potential hiring of Dr. Bradski. One of the things I discussed with Dr. Bradski in the recruiting process was that Magic Leap ultimately would be scaling up ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and that Dr. Bradski could play a major role in that project given his background and interest. Magic Leap opened its Mountain View office with a location specifically selected by Dr. Bradski; Magic Leap opened its Sunnyvale location with a specific consideration for Dr. Bradski's bike route from his home.

4. Dr. Bradski told me more than once that he did not have confidence in the leadership or processes of Magic Leap; he proposed a paradigm wherein the company would be reorganized with him in a primary leadership position.

5. Dr. Bradski expressed to me a lack of confidence in the proposition that certain compensation-related milestones, such as a secondary offering and bonus program, were going to happen in a timely manner, or that appropriate prototype systems, office/work space, or technical resources would be available in a timely manner for personnel working in the Mountain View or Seattle offices.

6. Dr. Bradski and Dr. Kaehler left the office right after collecting their bonuses and participating in the secondary offering. Dr. Kaehler left a sticky note on his monitor, whose desk was directly next to mine, which stated, "gone for two weeks." During which time, I first learned about the Complaint filed by Drs. Bradski and Kaehler for declaratory relief in Superior Court of California against Magic Leap.

I declare under penalty of perjury under the laws of the United States that the foregoing is true

1

DECLARATION OF DAVID LUNDAMRK ISO MAGIC LEAP'S          CASE NO.: 5:16-cv-02852-NC
OPPOSITION TO DEFS' MOTIONS FOR SANCTIONS

and correct.  Executed on August 26, 2016, in Sunnyvale, California.

/s/ David Lundmark

**ATTESTATION PURSUANT TO L.R. 5-1(I)**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

                               */s/ Lisa Kobialka*
                               Lisa Kobialka