# EXHIBIT A

| | |
|---|---|
| **From:** | Kastens, Kris <KKastens@KRAMERLEVIN.com> |
| **Sent:** | Monday, August 29, 2016 3:56 PM |
| **To:** | Jack Russo |
| **Cc:** | Kobialka, Lisa; Andre, Paul; Frankel, Aaron; Lucy Goodnough; Chris Sargent |
| **Subject:** | Magic Leap v. Bradski, Kaehler - ESI Search Terms |

Jack,

Per the Court's direction at the Case Management Conference and in advance of our meet and confer tomorrow, Plaintiff Magic Leap proposes the search terms below for the electronic discovery you have represented has been maintained, namely (1) the personal email accounts of Drs. Bradski and Kaehler and (2) their personal computers and Dropbox accounts you have represented that you are holding in escrow. As we have stated in the past, we are willing to work with you regarding any issues with respect to the personal computers and for this reason, have requested that you give us an idea of what is on the computer.

These proposed search terms should be applied to all personal accounts of Drs. Bradski and Kaehler, including at least ███████████@gmail.com", ███████████@gmail.com" and ███████████@gmail.com". Furthermore, the search terms listed should be considered to apply to any match of the term, regardless of whether it is part of a larger word. For example, "@magicleap.com" would include all email addresses ending in this string. As a further example, the term "poach" should return all emails that include "poaching", "poaches", etc.

Please confirm that Defendants will produce any resulting electronic discovery in the next two weeks (by September 12, 2016).

Sincerely,
Kris



Bradski
1. "Adrian" or "Kaehler" or ███████████████████" or ███████████████████
2. "Magic Leap" or "ML" or "@magicleap.com"
3. "poach" or "solicit"
4. ██████ or ████████████ or ███████████
5. ██████ or ███████████
6. ██████ or ███
7. ██████████████

14. "reinforce" or "reinforcement"
15. "N+1"

16. "Robotics Actual" or "RA" or "robotics"
17. "Scott" or "Hassan"
18. "David" or "Lundmark" or "dlundmark@magicleap.com"
19. "option" or "vested" or "vest"
20. ███████ or ███████ or ███████████████
21. "NewCo"
22. "Lux Capital" or ███████ or ████████
23. "OpenCV.ai" or "OpenCV"
24. "Ethan" or "Rublee"
25. ██████████ or ████████
26. "████████ or "██████ or "██████ or "██████ or "██████ or "███████ or "██████████████" or "██████████ or "██████ or "██████ or "██████ or "██████ or "██████████ or "████████ or "██████ or "██████ or "██████" or "██████ or "██████ or "██████ or "██████████ or "██████ or "██████ or "████████ or "██████ or "██████ or "██████████ or "██████ or "██████ or "██████ or "██████ or "██████████ or "██████ or "████████ or "██████ or "██████ or "██████████ or "
27. "Intel"
28. "Occipital"
29. "eonite"
30. "abundant robotics"
31. "lambda labs"
32. "lily camera"
33. "Noitom"
34. "pinscreen"
35. "Pieter" or "Abbeel" or "pabbeel@cs.berkeley.edu"
36. "augmented reality" or "mixed reality"
37. "funding" or "invest"
38. "consult"
39. ████████ or ████████
40. ████████ or ████████
41. ████████ or ████████████
42. ████████ or "████████ or ████████████

Kaehler

1. "Gary" or "Bradski" or ████████████████████ "
2. "Magic Leap" or "ML" or "@magicleap.com"
3. "poach" or "solicit"
4. ████████ or ████████████████████ or ████████████████████ "
5. ████████ or ████████
6. ████████ or "████████
7. ██████" or ██████████" or ████████
8. "██████████ or ████████
9. ████████ or ██████" or "████████
10. "Rony" or "Abovitz"
11. "CEO"
12. "Trade Secret" or "Confidential"
13. "deep learning" or "deep nets" or "neural networks" or "CNN"
14. "reinforce" or "reinforcement"
15. "Robotics Actual" or "RA" or "robotics"
16. "Scott" or "Hassan"

17. "David" or "Lundmark" or "dlundmark@magicleap.com"
18. "option" or "vested" or "vest"
19. ███████ or ██████ or █████████████
20. "NewCo"
21. "Lux Capital" or ███████ or ████████
22. "OpenCV.ai" or "OpenCV"
23. "Ethan" or "Rublee"
24. ███████████ or "
25. ███████ or "███████" or "███ or "█████ or "█████ or "███████ or "██████ ║ ███ or
    ███ or ███ or ███ or ███ or ███ or ███ or ███ or ███ or ███
    ███ or ███ or ███ or ███ or "███ or ███ or ███ or ███ or
    ███ or "███ or "███ or "███ or ███ or ███ or ███ or
    ███ or ███ or "███ or "███ or "███
26. "Intel"
27. "abundant robotics"
28. "Pieter" or "Abbeel" or "pabbeel@cs.berkeley.edu"
29. "augmented reality" or "mixed reality"
30. "funding" or "invest"
31. "consult"
32. ███████ or ███████
33. ███████ or ███████
34. ███████ or ███████████
35. ███████ or ███████ or ███████████

**Kris Kastens**
Associate

**KRAMER LEVIN
NAFTALIS & FRANKEL** LLP
990 Marsh Road
Menlo Park, California 94025
O: 650-752-1715 | F: 650-752-1815
kkastens@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of  the original communication. Thank you for your cooperation.

# EXHIBIT B

**Chrissy Taylor**

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Wednesday, September 14, 2016 10:09 AM |
| **To:** | Lucy Goodnough; Jack Russo; Chris Sargent; Radha Ramakrishnan; Chrissy Taylor |
| **Cc:** | Andre, Paul; Kobialka, Lisa; Kastens, Kris |
| **Subject:** | RE: MAGIC2 Meet and confer, follow up |

Dear Lucy,

I am concerned that you are not using the correct search parameters because we already removed from our list many of the terms that you mention below, including Magic Leap, confidential, invest, option and vest. We also limited the use of root expanders to a few terms and proposed other changes to the search parameters that you do not appear to have taken into account (e.g., requiring both ███ and ███ or "███ and ███ instead of ███ or ███ alone).

It would be far more productive for you to provide us with the actual search hit result list across the twelve devices and multiple email accounts so we can quickly identify terms that make sense to move forward on. This is the third time you are asking us to revise our search terms without providing the requested search hit list. For example, if there are terms with zero hits, we can remove them from our list, and if there are terms with a reasonable number of hits those emails can be produced now without further delay.

I will call you shortly to discuss, as we either need to quickly reach agreement on this issue or present it to the Court for guidance.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [mailto:lgoodnough@computerlaw.com]
**Sent:** Wednesday, September 14, 2016 12:49 PM
**To:** Frankel, Aaron; Jack Russo; Chris Sargent; Radha Ramakrishnan; Chrissy Taylor
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: MAGIC2 Meet and confer, follow up

Dear Aaron,

Thanks for your patience as we run this list across the twelve devices and multiple email accounts.

Magic Leap's list produced over 350,000 hits for the following terms on one computer (and that search did not include the problematic terms previously identified, *i.e.*, non-unique letter combinations that will appear in many words).

Non-exhaustively, the hits for the terms Abovitz, █████ @magicleap, Bradski, █████ Gary, █████ @magicleap.com, Rony, Magic Leap, and confidential, invest, option, vest numbered in the tens of thousands each.

The terms ████████████████████ @magicleap.com, █████ @magicleap.com, and Intel produce thousands of hits.

Please consider (a) initially striking common names and words from the list and/or (b) providing narrowing parameters for those term, e.g., the time frame Magic Leap gave is inclusive of the entire period that Dr. Kaehler and Dr. Bradski worked for Magic Leap. We suggest a place to start narrowing is to the crucial six months or so, and to restrict searches to unique email addresses rather than common names or letter combinations.

Best regards,

Lucy

---

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Tuesday, September 13, 2016 1:31 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>; Jack Russo <jrusso@computerlaw.com>; Chris Sargent <csargent@computerlaw.com>; Radha Ramakrishnan <rramakrishnan@computerlaw.com>; Chrissy Taylor <ctaylor@computerlaw.com>
**Cc:** Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris <KKastens@KRAMERLEVIN.com>
**Subject:** RE: MAGIC2 Meet and confer, follow up

Counsel:

As Defendants have not responded to Magic Leap's repeated follow up requests regarding the production of Defendants' email for two weeks, Magic Leap will file the attached Joint Discovery Letter Brief seeking relief from the Court.

Please provide us with Defendants' insert. If we have not received Defendants' insert by 5:00 PM PT tomorrow (September 14, 2016), we will file and explain to the Court that Defendants declined to provide a responsive insert.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN
NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas

New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Sunday, September 11, 2016 3:59 PM
**To:** Lucy Goodnough; Jack Russo; Chris Sargent; Radha Ramakrishnan; Chrissy Taylor
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: MAGIC2 Meet and confer, follow up

Counsel:

We continue to await Defendants' response to Magic Leap's September 1, 2016 revised list of search terms, and note that Defendants committed to providing this discovery sufficiently in advance of the upcoming October 11, 2016 mediation so that Magic Leap will have a meaningful opportunity to review it.

By close of business tomorrow, please either commit to producing the hits matching Magic Leap's search criteria or provide the aggregate search hit results list and any counter-proposals for the search criteria, so that we can timely finalize a list of search terms. If Defendants do not do so, we will contact the Court to help move this process along.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Tuesday, September 06, 2016 9:55 AM
**To:** Lucy Goodnough; Jack Russo; Chris Sargent; Radha Ramakrishnan; Chrissy Taylor
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: MAGIC2 Meet and confer, follow up

Counsel:

Please provide us with Defendants' response to Magic Leap's revised list of search terms.

Regards,
Aaron

**From:** Frankel, Aaron
**Sent:** Thursday, September 01, 2016 11:22 PM
**To:** Lucy Goodnough; Jack Russo; Chris Sargent; Radha Ramakrishnan; Chrissy Taylor
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: MAGIC2 Meet and confer, follow up

Counsel:

Further to our meet and confers, Magic Leap proposes the following revised list of search terms.  As discussed, to the extent these terms yield an excessive number of hits, it would be helpful for Defendants to provide the search hit result list so that we can cooperate to further narrow the parameters, to the extent necessary.  The use of a "*" indicates a search including expanded terms, for example, reinforce* would include reinforce, reinforcement, reinforcing, etc.

Regards,
Aaron

DATE RANGE:  On or after 9/9/2013

<u>Bradski</u>
1. "Adrian" or "Kaehler" or "███████@gmail.com" or "███████@gmail.com"
2. poach* or solicit*
3. ███ or ███ or ███ or ███████@magicleap.com"
4. (███ and ███ or (███ and ███ or ███ or ███@magicleap.com" or
5. ███ or ███@magicleap.com" or
6. ███ or ███ or ███ or ███@magicleap.com" or ███ or
7. ███ or ███ or ███@magicleap.com"
8. ███ or ███ or ███@magicleap.com" or ███" or
9. "Rony" or "Abovitz"
10. "CEO"
11. "deep learning" or "deep nets" or "neural networks" or "CNN"
12. reinforc*
13. "N+1"
14. "Robotics Actual" or "RA" or "robotics"
15. *Hassan* or "hassan@suitabletech.com" or "hassan@dotfunk.com" or "hassan@willowmail.com"
16. "Lundmark" or "dlundmark@magicleap.com" or "lundmark@suitabletech.com" or "david@lundmarks.org"
17. "███ or ███ or ███████"
18. "NewCo"
19. "Lux Capital" or ███ or ███
20. "OpenCV.ai"
21. *Rublee*
22. "███ or ███
23. "Intel"
24. "Occipital"

25. "eonite"
26. "abundant robotics"
27. "lambda labs"
28. "lily camera"
29. "Noitom"
30. "pinscreen"
31. "Pieter" or "Abbeel" or "<u>pabbeel@cs.berkeley.edu</u>" or ██████████
32. "augmented reality" or "mixed reality"
33. "consult"
34. ██████
35. ██████ or ██████ "@magicleap.com" or "██████
36. ██████ or ██ or ██████ "@magicleap.com" or ██████████
37. ██████ or ██████ "@magicleap.com"

<u>Kaehler</u>
1. "Gary" or "Bradski" or ██████ @gmail.com"
2. Poach* or solicit*
3. ██████ or ██████ or ██████ " or ██████ @magicleap.com"
4. (██ and ██ or (██ and ██) or ██ or ██ @magicleap.com" or
5. ██████ or ██████ @magicleap.com" or ██████
6. ██ or ██ or " ██ or ██ @magicleap.com" or ██ or
7. ██████ or ██████ " or ██████ @magicleap.com"
8. ██████ or ██ or ██████ @magicleap.com" or ██████ or
9. "Rony" or "Abovitz"
10. "CEO"
11. "deep learning" or "deep nets" or "neural networks" or "CNN"
12. Reinforc*
13. "Robotics Actual" or "RA" or "robotics"
14. *Hassan* or "<u>hassan@suitabletech.com</u>" or "<u>hassan@dotfunk.com</u>" or "<u>hassan@willowmail.com</u>"
15. "Lundmark" or "dlundmark@magicleap.com" or "<u>lundmark@suitabletech.com</u>" or "<u>david@lundmarks.org</u>"
16. ██████ or ██ or ██████
17. "NewCo"
18. "Lux Capital" or ██████ or ██████
19. "OpenCV.ai"
20. *Rublee*
21. ██████ " or ██████
22. "Intel"
23. "abundant robotics"
24. "Pieter" or "Abbeel" or "<u>pabbeel@cs.berkeley.edu</u>" or ██████████
25. "augmented reality" or "mixed reality"
26. "consult"
27. ██████
28. ██████ or ██████ "@magicleap.com" or ██████████
29. ██████ or ██ or ██████ "@magicleap.com" or ██████████ "
30. ██████ or ██ or ██████ "@magicleap.com"

**From:** Lucy Goodnough [mailto:lgoodnough@computerlaw.com]
**Sent:** Tuesday, August 30, 2016 10:21 PM
**To:** Frankel, Aaron
**Cc:** Jack Russo; Chris Sargent; Radha Ramakrishnan; Chrissy Taylor; Kobialka, Lisa; Andre, Paul; Kastens, Kris
**Subject:** MAGIC2 Meet and confer, follow up

Good evening, Counsel:

As an update, the search terms list you requested produced nearly 9 million hits across 100,000+ email files on one device before it crashed the analysis software approximately halfway through the analysis.

This was what we had anticipated, and we renew our request that parties explore a more targeted list, perhaps an initial ten search terms for each side, roughly in order of priority and uniqueness that addresses, if possible, the issues with problematic terms identified in our conversation today, specifically:



    (a) common language terms (e.g., "CEO," "████ "VEST," "INVEST," "INTEL" ████ "OPTION," "CONFIDENTIAL") and
    (b) terms of fewer than four letters that is not a really unique combination (e.g., "CEO," "████████ ████████ "vest," ████████

We will work towards putting together our list. We also suggest narrowing the scope of the search by time, if you could identify for us the time frame of interest or relevance as Magic Leap sees it.  Parties might also consider jointly discussing the matter with Judge Kim, seeking her guidance for this without prejudice to motions each or any side may bring.

I look forward to speaking with you again tomorrow, and wish you best of success at your hearing.

Regards,

**Lucy Goodnough**
Associate, Computerlaw Group LLP
lgoodnough@computerlaw.com
650-660-9619 direct | 650-327-9800 main

# EXHIBIT C

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Thursday, September 15, 2016 11:58 AM |
| **To:** | Lucy Goodnough |
| **Subject:** | RE: MAGIC2 Follow up |

Lucy,

Yes, thank you for letting me know.

Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [mailto:lgoodnough@computerlaw.com]
**Sent:** Thursday, September 15, 2016 2:51 PM
**To:** Frankel, Aaron
**Subject:** RE: MAGIC2 Follow up

Good morning, Aaron,

I am still working on follow up on a few issues on my end. Can I plan on calling you closer to 1:30?

Best,

Lucy

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Thursday, September 15, 2016 6:37 AM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>
**Cc:** Chris Sargent <csargent@computerlaw.com>; Jack Russo <jrusso@computerlaw.com>; Radha Ramakrishnan <rramakrishnan@computerlaw.com>; Chrissy Taylor <ctaylor@computerlaw.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Andre, Paul <PAndre@KRAMERLEVIN.com>; Kastens, Kris <KKastens@KRAMERLEVIN.com>
**Subject:** RE: MAGIC2 Follow up

Lucy:

I look forward to discussing the search terms this morning.

Once the protective order is entered and Drs. Bradski and Kaehler have signed the Acknowledgement, you may show them unredacted copies of:

Abovitz Declaration
Lundmark Declaration
Vlietstra Declaration (with the figure at 1:26 redacted)
Greco Declaration
Henry Declaration
Pellet Declaration
Kobialka Declaration Exhibits 5, 9, 10–18, 22, 24, 28–34

As we discussed, Magic Leap has **not** authorized the disclosure of Kobialka Declaration Exhibit 4 to Drs. Bradski and Kaehler, beyond informing them of the title of the unpublished patent application.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [mailto:lgoodnough@computerlaw.com]
**Sent:** Wednesday, September 14, 2016 7:06 PM
**To:** Frankel, Aaron
**Cc:** Chris Sargent; Jack Russo; Radha Ramakrishnan; Chrissy Taylor; Kobialka, Lisa; Andre, Paul; Kastens, Kris
**Subject:** MAGIC2 Follow up

Dear Aaron:

Thank you for our calls today.

Magic Leap agreed on a one-week extension for Defendants on the three replies in 16-02852, to allow Defendants to review the information they have requested to be allowed to review filed with the oppositions, and an extension to October 12, 2016 for Magic Leap to respond to the Amended Complaint in 16-, to allow Magic Leap to respond to the new allegations and claims for relief. That stipulation is attached for your review.

We reviewed the # of files on the 68 search terms on the Kaehler machine, at ~86,600 files, as well as specific search terms that are producing multiple thousands of files. We discussed removing, e.g., ████ and ████ and/or the search terms for files which Magic Leap can search on its own devices and servers, those that are aimed at "@magicleap.com" email addresses. We also discussed Defendants proposal as to whether there was a unique term that could be done as a sub-search of the ████ files.

We agreed to table the discussion, reserving all rights, regarding production of ESI other than emails from the machines.

You mentioned Magic Leap is willing for Dr. Bradski and Dr. Kaehler be allowed to review the files requested, once the protective order is entered and the Acknowledgement & Agreement to Be Bound and that counsel may reveal the title of Kobialka Decl., Exhibit 4 document to Dr. Kaehler.

I agreed to provide you with the attached redline of the proposed protective order for review.

I hope you enjoy your evening, and will call you tomorrow morning to follow up regarding the data on the search results from the additional 38 search terms on the Bradski machine.

Best regards,

Lucy

# EXHIBIT D

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Thursday, September 15, 2016 7:00 PM |
| **To:** | Lucy Goodnough |
| **Cc:** | Radha Ramakrishnan; Kobialka, Lisa; Kastens, Kris; Chris Sargent; Jack Russo; Andre, Paul; Chrissy Taylor |
| **Subject:** | RE: MAGIC2 Follow up |

Yes.  I will call you then.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [lgoodnough@computerlaw.com]
**Sent:** Thursday, September 15, 2016 9:32 PM
**To:** Frankel, Aaron
**Cc:** Radha Ramakrishnan; Kobialka, Lisa; Kastens, Kris; Chris Sargent; Jack Russo; Andre, Paul; Chrissy Taylor
**Subject:** Re: MAGIC2 Follow up

Can you speak tomorrow at 1130 am PST?

Get Outlook for iOS

**From:** Frankel, Aaron <AFrankel@KRAMERLEVIN.com>
**Sent:** Thursday, September 15, 2016 6:05:13 PM
**To:** Lucy Goodnough
**Cc:** Chris Sargent; Jack Russo; Radha Ramakrishnan; Chrissy Taylor; Kobialka, Lisa; Andre, Paul; Kastens, Kris
**Subject:** RE: MAGIC2 Follow up

Lucy:

Please let me know when you have the search results so we can continue our discussion and attempt to reach agreement on both the search terms and a date certain by which Defendants will produce the responsive documents. I am generally available tomorrow and over the weekend.

Please be advised that if we are unable to reach agreement we will contact the Court Monday morning and request an immediate hearing to move this process along.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN
NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Thursday, September 15, 2016 9:37 AM
**To:** Lucy Goodnough
**Cc:** Chris Sargent; Jack Russo; Radha Ramakrishnan; Chrissy Taylor; Kobialka, Lisa; Andre, Paul; Kastens, Kris
**Subject:** RE: MAGIC2 Follow up

Lucy:

I look forward to discussing the search terms this morning.

Once the protective order is entered and Drs. Bradski and Kaehler have signed the Acknowledgement, you may show them unredacted copies of:

Abovitz Declaration
Lundmark Declaration
Vlietstra Declaration (with the figure at 1:26 redacted)
Greco Declaration
Henry Declaration
Pellet Declaration
Kobialka Declaration Exhibits 5, 9, 10–18, 22, 24, 28–34

As we discussed, Magic Leap has **not** authorized the disclosure of Kobialka Declaration Exhibit 4 to Drs. Bradski and Kaehler, beyond informing them of the title of the unpublished patent application.

Regards,
Aaron

**From:** Lucy Goodnough [mailto:lgoodnough@computerlaw.com]
**Sent:** Wednesday, September 14, 2016 7:06 PM
**To:** Frankel, Aaron
**Cc:** Chris Sargent; Jack Russo; Radha Ramakrishnan; Chrissy Taylor; Kobialka, Lisa; Andre, Paul; Kastens, Kris
**Subject:** MAGIC2 Follow up

Dear Aaron:

Thank you for our calls today.

Magic Leap agreed on a one-week extension for Defendants on the three replies in 16-02852, to allow Defendants to review the information they have requested to be allowed to review filed with the oppositions, and an extension to October 12, 2016 for Magic Leap to respond to the Amended Complaint in 16-, to allow Magic Leap to respond to the new allegations and claims for relief. That stipulation is attached for your review.

We reviewed the # of files on the 68 search terms on the Kaehler machine, at ~86,600 files, as well as specific search terms that are producing multiple thousands of files. We discussed removing, e.g., "███ and ██████ and/or the search terms for files which Magic Leap can search on its own devices and servers, those that are aimed at "@magicleap.com" email addresses. We also discussed Defendants proposal as to whether there was a unique term that could be done as a sub-search of the ██████ files.

We agreed to table the discussion, reserving all rights, regarding production of ESI other than emails from the machines.

You mentioned Magic Leap is willing for Dr. Bradski and Dr. Kaehler be allowed to review the files requested, once the protective order is entered and the Acknowledgement & Agreement to Be Bound and that counsel may reveal the title of Kobialka Decl., Exhibit 4 document to Dr. Kaehler.

I agreed to provide you with the attached redline of the proposed protective order for review.

I hope you enjoy your evening, and will call you tomorrow morning to follow up regarding the data on the search results from the additional 38 search terms on the Bradski machine.

Best regards,

Lucy

# EXHIBIT E

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Friday, September 16, 2016 2:26 PM |
| **To:** | Lucy Goodnough; Radha Ramakrishnan; Chris Sargent; Jack Russo; Chrissy Taylor |
| **Cc:** | Andre, Paul; Kobialka, Lisa; Kastens, Kris |
| **Subject:** | Magic Leap v. Bradski: Email Search Parameters |

Lucy:

Further to our discussion today and based on the preliminary search result numbers you provided, Magic Leap provides the following revised search list for Dr. Kaehler's email. I will send you a similar revised list for Dr. Bradski's email once you have the preliminary search result numbers.

As we discussed, Magic Leap is reserving all rights as to further discovery.

Regards,
Aaron

### Search Parameters for Dr. Kaehler's Email

**DATE RANGE**: on or after 9/9/2013

The use of a "*" indicates a search including expanded terms, for example, appl* would include apple, applied, apples, etc.

Please note that in several instances Magic Leap only requests emails from Dr. Kaehler's gmail account or his laptop, but not both (see the bracketed comments).

All email and attachments containing one or more of the following terms:

1. "augmented reality" [**gmail account only**] or "mixed reality" [**both gmail and laptop**]
2. ███████████████
3. "deep learning" [**gmail only**] or "deep nets" [**both gmail and laptop**] or "neural networks" [**gmail only**] or "CNN" [**both gmail and laptop**]
4. ███████████████
5. ████████ or ████████████
6. ████████████
7. *Hassan* or "hassan@suitabletech.com" or "hassan@dotfunk.com"
8. "Intel" **AND** ████████
9. ████████ **AND** ("stock" or "options" or "equity" or "purchase" or "negotiate" or "payment" or "bot")
10. ████
11. ████████████ or ███████████████
12. ████ or ████ or ████████████
13. "lundmark@suitabletech.com"
14. "Lux Capital" or "█████ or "█████████
15. █████████████ [**gmail account only**]
16. "NewCo"
17. "OpenCV.ai"

18. "Pieter" or "Abbeel" or "pabbeel@cs.berkeley.edu" or ███████████
19. *Poach*
20. Reinforc*
21. "Robotics Actual" or "RA" or "robotics"
22. *Rublee*
23. ██████ **[gmail only]** or ████████ **[gmail only]**
24. *solicit*
25. ██████████████████████
26. ███████████ **[both gmail and laptop]** or █████████ **[gmail only]** or " ███████████████████ **[both gmail and laptop]** or ███████████████████████ **[both gmail and laptop]**

I removed the following search terms from the list based on your representation that there were not any hits:

1. "abundant robotics"
2. "david@lundmarks.org"
3. ███████████████████████
4. "hassan@willowmail.com"
5. ████████████████████ .

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

# EXHIBIT F

**Chrissy Taylor**

---

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Friday, September 16, 2016 2:32 PM |
| **To:** | Lucy Goodnough |
| **Subject:** | RE: MAGIC2 Update |

Thanks, Lucy.

Based on these numbers, I don't have any changes to the list I just sent you.  By my count it should yield less than 5,000 emails (even less when it is deduped, as the same email may respond to multiple terms).

If it is easier for you, feel free to send me the Bradski terms in a list like this.  Or we go over them over the phone over the weekend when you are ready.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [mailto:lgoodnough@computerlaw.com]
**Sent:** Friday, September 16, 2016 5:23 PM
**To:** Frankel, Aaron
**Subject:** MAGIC2 Update

Aaron:

On Dr. Kaehler Gmail:

| Term | # |
|---|---|
| "Rony" | 395 |
| "Abovitz" | 138 |
| "Gary" | 1305 |
| "Bradski" | 1091 |
| ██████@gmail.com" | 890 |

1

~LG

# EXHIBIT G

# Chrissy Taylor

Dear Aaron:

Hit list on ▮▮▮▮▮▮ Gmail



| | |
|---|---|
| Abbeel | 14 |
| abundant robotics | 0 |
| augmented reality | 61 |
| ▮▮▮▮ | 0 |
| CNN | 38 |
| david@lundmarks.org | 11 |
| deep learning | 94 |
| deep nets | 22 |
| ▮▮▮▮▮▮ | 2 |
| ▮▮▮▮▮▮ | 4 |
| ▮▮▮▮▮▮ | 31 |
| ▮▮▮▮▮▮ | 19 |
| ▮▮▮▮▮▮ | 0 |
| ▮▮▮▮@gmail.com | 390 |
| ▮▮▮▮▮▮ | 5 |
| ▮▮▮▮▮▮ | 0 |
| Hassan | 24 |
| hassan@dotfunk.com | 2 |
| hassan@suitabletech.com | 0 |
| hassan@willowmail.com | 0 |
| ▮▮▮ | 0 |
| Intel AND ▮▮▮ | 19 |
| ▮▮▮ AND (stock OR options OR equity OR purchase OR negotiate OR payment OR bot) | 95 |
| ▮▮▮▮ | 5 |
| ▮▮▮▮ | 29 |
| ▮▮▮▮ | 0 |
| ▮▮▮▮ | 4 |
| lundmark@suitabletech.com | 0 |
| Lux Capital | 13 |
| mixed reality | 8 |
| ▮▮▮▮ | 0 |
| neural networks | 23 |

| | |
|---|---|
| NewCo | 6 |
| OpenCV.ai | 0 |
| pabbeel@cs.berkeley.edu | 7 |
| | 2 |
| Pieter | 18 |
| RA | 43 |
| Reinforc | 35 |
| robotics | 581 |
| Robotics Actual | 0 |
| Rublee | 3 |
| | 4 |
| | 0 |
| | 5 |
| | 4 |
| | 0 |
| | 0 |

Lucy

# EXHIBIT H

| | |
|---|---|
| **From:** | Lucy Goodnough |
| **Sent:** | Sunday, September 18, 2016 12:23 PM |
| **To:** | Frankel, Aaron |
| **Subject:** | Re: Magic Leap v. Bradski: Email Search Parameters |

Running this by my team. Thanks again for your attention to this over a weekend, Aaron.

LG

Get Outlook for iOS

---

**From:** Frankel, Aaron <AFrankel@KRAMERLEVIN.com>
**Sent:** Sunday, September 18, 2016 9:01:43 AM
**To:** Lucy Goodnough; Radha Ramakrishnan; Chris Sargent; Jack Russo; Chrissy Taylor
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: Magic Leap v. Bradski: Email Search Parameters

Lucy:

Based on the preliminary search result numbers you provided, Magic Leap provides the following revised search list for Dr. Bradski's email. Magic Leap is reserving all rights as to further discovery.

As discussed, please confirm that Defendants will produce the emails responsive to the search terms for Drs. Bradski and Kaehler by no later than Monday, September 26, 2016.

I am available for a call today if there are any remaining issues to discuss to finalize the search parameters. Otherwise, please proceed to produce the requested documents.

Regards,
Aaron

**Search Parameters for Dr. Bradski's Email**

**DATE RANGE**: on or after 9/9/2013

The use of a "*" indicates a search including expanded terms, for example, appl* would include apple, applied, apples, etc.

All email and attachments containing one or more of the following terms:



1. "abundant robotics"
2. ███████@gmail.com" or ███████@gmail.com"
3. █████
4. █████ or █████@magicleap.com" or █████
5. "deep learning" or "deep nets" or "neural networks" or "CNN"
6. (████ and ████ or ("████ and ████ or █████



7. "eonite"
8. ███ or ███ @magicleap.com" or ███
9. *Hassan* or "hassan@suitabletech.com" or "hassan@dotfunk.com" or "hassan@willowmail.com"
10. "Intel" AND ███
11. ███ **AND** ("stock" or "options" or "equity" or "purchase" or "negotiate" or "payment" or "bot")
12. ███
13. ███ or ███ or ███ or "███ or ███
14. ███" or ███ or ███
15. "lambda labs"
16. "lily camera"
17. "Lundmark"
18. "Lux Capital" or ███ or ███
19. "mixed reality"
20. ███ "
21. "N+1"
22. "NewCo"
23. "Noitom"
24. "Occipital"
25. "OpenCV.ai"
26. "pabbeel@cs.berkeley.edu" or ███
27. "pinscreen"
28. *poach*
29. reinforc*
30. "Robotics Actual" or "RA"
31. "Rony" or "Abovitz"
32. *Rublee*
33. ███ or ███ or ███ @magicleap.com"
34. solicit* **AND** (contract* or Magic or ███ or ███ or ███ or "███ or "███ or ███ or ███ or ███ or agreement*)
35. ███ or ███ @magicleap.com" or ███
36. ███ or ███ or ███ or "
37. ███ or ███ or ███

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Friday, September 16, 2016 5:26 PM

**To:** Lucy Goodnough (lgoodnough@computerlaw.com); Radha Ramakrishnan; Chris Sargent; Jack Russo; Chrissy Taylor
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Magic Leap v. Bradski: Email Search Parameters

Lucy:

Further to our discussion today and based on the preliminary search result numbers you provided, Magic Leap provides the following revised search list for Dr. Kaehler's email. I will send you a similar revised list for Dr. Bradski's email once you have the preliminary search result numbers.

As we discussed, Magic Leap is reserving all rights as to further discovery.

Regards,
Aaron

## <u>Search Parameters for Dr. Kaehler's Email</u>

**DATE RANGE**: on or after 9/9/2013

The use of a "*" indicates a search including expanded terms, for example, appl* would include apple, applied, apples, etc.

Please note that in several instances Magic Leap only requests emails from Dr. Kaehler's gmail account or his laptop, but not both (see the bracketed comments).

All email and attachments containing one or more of the following terms:

1. "augmented reality" [**gmail account only**] or "mixed reality" [**both gmail and laptop**]
2. ███████████
3. ███ [**gmail only**] or "deep nets" [**both gmail and laptop**] or "neural networks" [**gmail only**] or "CNN" [**both gmail and laptop**]
4. ███████████
5. █████████████████████
       gmail.com"
7. *Hassan* or "hassan@suitabletech.com" or "hassan@dotfunk.com"
8. "Intel **AND** ████
9. ████ **AND** ("stock" or "options" or "equity" or "purchase" or "negotiate" or "payment" or "bot")
10. ███████████
11. ███████████ or ██████████
12. ████ or ████ or ████████
13. "lundmark@suitabletech.com"
14. "Lux Capital" or ████ or ██████
15. █████████ [**gmail account only**]
16. "NewCo"
17. "OpenCV.ai"
18. "Pieter" or "Abbeel" or "pabbeel@cs.berkeley.edu" or ████████
19. *Poach*
20. Reinforc*
21. "Robotics Actual" or "RA" or "robotics"
22. *Rublee*
23. ████ [**gmail only**] or ████ [**gmail only**]

24. *solicit*
25. ██████████████████████
26. ███████████████ [**both gmail and laptop**] or ██████████ [**gmail only**] or " ████████████████ [**both gmail and laptop**] or ████████████████ " [**both gmail and laptop**]

I removed the following search terms from the list based on your representation that there were not any hits:

1. "abundant robotics"
2. "david@lundmarks.org"
3. ████████████████████████
4. "hassan@willowmail.com"
5. ██████████████████████ .

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

# EXHIBIT I

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Sunday, September 18, 2016 9:06 AM |
| **To:** | Lucy Goodnough |
| **Subject:** | RE: MAGIC2 Hit list |

Lucy:

Thank you for providing the updated hit list. I note that there are a few terms Magic Leap requested that were not included on this hit list:

██████████████

*Poach*
*solicit*

Please make sure that these terms are included in the production as well.

Thanks,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [lgoodnough@computerlaw.com]
**Sent:** Sunday, September 18, 2016 12:39 AM
**To:** Frankel, Aaron
**Subject:** MAGIC2 Hit list

Dear Aaron:

Hit list on ████████ Gmail 

| | |
|---|---|
| Abbeel | 14 |
| abundant robotics | 0 |
| augmented reality | 61 |

| Term | Count |
|---|---|
| [redacted] | 0 |
| CNN | 38 |
| david@lundmarks.org | 11 |
| deep learning | 94 |
| deep nets | 22 |
| [redacted] | 2 |
| [redacted] | 4 |
| [redacted] | 31 |
| [redacted] | 19 |
| [redacted] | 0 |
| [redacted]@gmail.com | 390 |
| [redacted] | 5 |
| [redacted] | 0 |
| Hassan | 24 |
| hassan@dotfunk.com | 2 |
| hassan@suitabletech.com | 0 |
| hassan@willowmail.com | 0 |
| [redacted] | 0 |
| Intel AND [redacted] | 19 |
| [redacted] AND (stock OR options OR equity OR purchase OR negotiate OR payment OR bot) | 95 |
| [redacted] | 5 |
| [redacted] | 29 |
| [redacted] | 0 |
| [redacted] | 4 |
| lundmark@suitabletech.com | 0 |
| Lux Capital | 13 |
| mixed reality | 8 |
| [redacted] | 0 |
| neural networks | 23 |
| NewCo | 6 |
| OpenCV.ai | 0 |
| pabbeel@cs.berkeley.edu | 7 |
| [redacted] | 2 |
| Pieter | 18 |
| RA | 43 |
| Reinforc | 35 |
| robotics | 581 |
| Robotics Actual | 0 |
| Rublee | 3 |
| [redacted] | 4 |
| [redacted] | 0 |
| [redacted] | 5 |
| [redacted] | 4 |



| | 0 |
|---|---|
| | 0 |

Lucy

# EXHIBIT J

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Sunday, September 18, 2016 9:09 AM |
| **To:** | Lucy Goodnough |
| **Subject:** | RE: MAGIC2 Hit list |

Lucy:

The same requested search terms are missing from this list as well.  Please make sure they are also included in the production:



*Poach*
*solicit*

And no worries about the late call.  Thank you for providing the additional information.

Regards,
Aaron



**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [lgoodnough@computerlaw.com]
**Sent:** Saturday, September 17, 2016 11:18 PM
**To:** Frankel, Aaron
**Subject:** MAGIC2 Hit list

Dear Aaron,

Hit list for ▮▮▮▮▮▮ Gmail; we are working to resolve the technical issue with searching the ▮▮▮▮▮▮▮ Gmail.

Once again, my apologies for forgetting about the time change between coasts this evening.

Lucy

| | |
|---|---|
| Abbeel | 16 |
| abundant robotics | 0 |

| | |
|---|---|
| augmented reality | 76 |
| ███ | 1 |
| CNN | 39 |
| [david@lundmarks.org](mailto:david@lundmarks.org) | 0 |
| deep learning | 179 |
| deep nets | 9 |
| ███ | 2 |
| ███ | 8 |
| ███ | 24 |
| ███ | 3 |
| ███ | 0 |
| ███ | 890 |
| ███ | 10 |
| ███ | 0 |
| Hassan | 32 |
| [hassan@dotfunk.com](mailto:hassan@dotfunk.com) | 0 |
| [hassan@suitabletech.com](mailto:hassan@suitabletech.com) | 9 |
| [hassan@willowmail.com](mailto:hassan@willowmail.com) | 0 |
| ███ | 8 |
| Intel AND ███ | 6 |
| ███ AND (stock OR options OR equity OR purchase OR negotiate OR payment OR bot) | 83 |
| ███ | 13 |
| ███ | 13 |
| ███ | 2 |
| ███ | 6 |
| [lundmark@suitabletech.com](mailto:lundmark@suitabletech.com) | 1 |
| Lux Capital | 3 |
| mixed reality | 1 |
| ███ | 1 |
| neural networks | 31 |
| NewCo | 0 |
| OpenCV.ai | 2 |
| [pabbeel@cs.berkeley.edu](mailto:pabbeel@cs.berkeley.edu) | 9 |
| ███ | 2 |
| Pieter | 19 |
| RA | 171 |
| Reinforc | 49 |
| robotics | 958 |
| Robotics Actual | 16 |
| Rublee | 8 |
| ███ | 12 |
| ███ | 40 |
| ███ | 28 |
| ███ | 0 |
| ███ | 0 |

| | | 4 |
| david@lundmarks.org | | 0 |
| | | 0 |
| hassan@willowmail.com | | 0 |
| | | 0 |

# EXHIBIT K

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Friday, September 16, 2016 2:26 PM |
| **To:** | Lucy Goodnough; Radha Ramakrishnan; Chris Sargent; Jack Russo; Chrissy Taylor |
| **Cc:** | Andre, Paul; Kobialka, Lisa; Kastens, Kris |
| **Subject:** | Magic Leap v. Bradski: Email Search Parameters |

Lucy:

Further to our discussion today and based on the preliminary search result numbers you provided, Magic Leap provides the following revised search list for Dr. Kaehler's email.  I will send you a similar revised list for Dr. Bradski's email once you have the preliminary search result numbers.

As we discussed, Magic Leap is reserving all rights as to further discovery.

Regards,
Aaron

## Search Parameters for Dr. Kaehler's Email

**DATE RANGE**:  on or after 9/9/2013

The use of a "*" indicates a search including expanded terms, for example, appl* would include apple, applied, apples, etc.

Please note that in several instances Magic Leap only requests emails from Dr. Kaehler's gmail account or his laptop, but not both (see the bracketed comments).

All email and attachments containing one or more of the following terms:

1. "augmented reality" [**gmail account only**] or "mixed reality" [**both gmail and laptop**]
2. █████████████
3. "deep learning" [**gmail only**] or "deep nets" [**both gmail and laptop**] or "neural networks" [**gmail only**] or "CNN" [**both gmail and laptop**]
4. ██████████████████████
5. ████████ or ███████████
6. ███████@gmail.com"
7. *Hassan* or "hassan@suitabletech.com" or "hassan@dotfunk.com"
8. "Intel" **AND** ████████
9. ████████ **AND** ("stock" or "options" or "equity" or "purchase" or "negotiate" or "payment" or "bot")
10. ███████████████
11. ████████████ or ███████████████
12. █████ or █████ or ████████████
13. "lundmark@suitabletech.com"
14. "Lux Capital" or ████████ or ███████████
15. ██████████ [**gmail account only**]
16. "NewCo"
17. "OpenCV.ai"

18. "Pieter" or "Abbeel" or "pabbeel@cs.berkeley.edu" or ███████████████
19. *Poach*
20. Reinforc*
21. "Robotics Actual" or "RA" or "robotics"
22. *Rublee*
23. ███████ **[gmail only]** or ███████ **[gmail only]**
24. *solicit*
25. ███████████████████████████████
26. ███████████ **[both gmail and laptop]** or ███████ **[gmail only]** or " ███████████████████ " **[both gmail and laptop]** or ███████████████████████ **[both gmail and laptop]**

I removed the following search terms from the list based on your representation that there were not any hits:

1. "abundant robotics"
2. "david@lundmarks.org"
3. ███████████████████████████
4. "hassan@willowmail.com"
5. ███████████████████████ .

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN
NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

# EXHIBIT L

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Sunday, September 18, 2016 9:02 AM |
| **To:** | Lucy Goodnough; Radha Ramakrishnan; Chris Sargent; Jack Russo; Chrissy Taylor |
| **Cc:** | Andre, Paul; Kobialka, Lisa; Kastens, Kris |
| **Subject:** | RE: Magic Leap v. Bradski: Email Search Parameters |

Lucy:

Based on the preliminary search result numbers you provided, Magic Leap provides the following revised search list for Dr. Bradski's email. Magic Leap is reserving all rights as to further discovery.

As discussed, please confirm that Defendants will produce the emails responsive to the search terms for Drs. Bradski and Kaehler by no later than Monday, September 26, 2016.

I am available for a call today if there are any remaining issues to discuss to finalize the search parameters. Otherwise, please proceed to produce the requested documents.

Regards,
Aaron


**<u>Search Parameters for Dr. Bradski's Email</u>**

**DATE RANGE**:  on or after 9/9/2013

The use of a "*" indicates a search including expanded terms, for example, appl* would include apple, applied, apples, etc.

All email and attachments containing one or more of the following terms:



1. "abundant robotics"
2. ███████████@gmail.com" or ████████@gmail.com"
3. █████████
4. █████ or ████████@magicleap.com" or ███████████████████
5. "deep learning" or "deep nets" or "neural networks" or "CNN"
6. (█████ and ████) or ("███████ and ████ or ███ or █████████████████
7. "eonite"
8. █████ or ████████@magicleap.com" or ████████████
9. *Hassan* or "hassan@suitabletech.com" or "hassan@dotfunk.com" or "hassan@willowmail.com"
10. "Intel" AND ██████
11. █████**<u>AND</u>** ("stock" or "options" or "equity" or "purchase" or "negotiate" or "payment" or "bot")
12. ████████
13. ██████ or ██████ or ██████████ or █████████ or █████████
14. ██████ or "███████████████
15. "lambda labs"
16. "lily camera"
17. "Lundmark"



18. "Lux Capital" or ▮▮▮▮ or "▮▮▮▮▮
19. "mixed reality"
20. ▮▮▮▮▮▮
21. "N+1"
22. "NewCo"
23. "Noitom"
24. "Occipital"
25. "OpenCV.ai"
26. "pabbeel@cs.berkeley.edu" or ▮▮▮▮▮▮▮▮▮▮▮"
27. "pinscreen"
28. *poach*
29. reinforc*
30. "Robotics Actual" or "RA"
31. "Rony" or "Abovitz"
32. *Rublee*
33. ▮▮▮▮ or ▮▮▮▮ or ▮▮▮▮@magicleap.com"
34. solicit* **AND** (contract* or Magic or ▮▮▮ or ▮▮▮ or ▮▮▮▮ or "▮▮ or ▮▮▮▮ or ▮▮▮▮ or ▮▮▮ or ▮▮▮▮ or agreement*")
35. ▮▮▮▮▮ or ▮▮▮▮@magicleap.com" or ▮▮▮▮▮▮▮
36. ▮▮▮ or ▮▮▮ or ▮▮▮
37. ▮▮▮ or ▮▮▮▮▮ or ▮▮▮▮▮

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Friday, September 16, 2016 5:26 PM
**To:** Lucy Goodnough (lgoodnough@computerlaw.com); Radha Ramakrishnan; Chris Sargent; Jack Russo; Chrissy Taylor
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Magic Leap v. Bradski: Email Search Parameters

Lucy:

Further to our discussion today and based on the preliminary search result numbers you provided, Magic Leap provides the following revised search list for Dr. Kaehler's email. I will send you a similar revised list for Dr. Bradski's email once you have the preliminary search result numbers.

As we discussed, Magic Leap is reserving all rights as to further discovery.

Regards,
Aaron

**Search Parameters for Dr. Kaehler's Email**

**DATE RANGE**:  on or after 9/9/2013

The use of a "*" indicates a search including expanded terms, for example, appl* would include apple, applied, apples, etc.

Please note that in several instances Magic Leap only requests emails from Dr. Kaehler's gmail account or his laptop, but not both (see the bracketed comments).

All email and attachments containing one or more of the following terms:

1. "augmented reality" [**gmail account only**] or "mixed reality" [**both gmail and laptop**]
2. ██████████████
3. "deep learning" [**gmail only**] or "deep nets" [**both gmail and laptop**] or "neural networks" [**gmail only**] or "CNN" [**both gmail and laptop**]
4. █████████
5. █████████ or █████████████
6. █████████@gmail.com"
7. *Hassan* or "hassan@suitabletech.com" or "hassan@dotfunk.com"
8. "Intel" **AND** ████████
9. ████████ **AND** ("stock" or "options" or "equity" or "purchase" or "negotiate" or "payment" or "bot")
10. ████████████
11. ████████ or ████████████
12. ████████ or ████ or ████████████
13. "lundmark@suitabletech.com"
14. "Lux Capital" or ████████ or ████████
15. █████████ [**gmail account only**]
16. "NewCo"
17. "OpenCV.ai"
18. "Pieter" or "Abbeel" or "pabbeel@cs.berkeley.edu" or ████████████████
19. *Poach*
20. Reinforc*
21. "Robotics Actual" or "RA" or "robotics"
22. *Rublee*
23. ████████ [**gmail only**] or ████████ [**gmail only**]
24. *solicit*
25. ██████████████
26. █████████ [**both gmail and laptop**] or ████████ [**gmail only**] or "███████████ [**both gmail and laptop**] or █████████████ [**both gmail and laptop**]

I removed the following search terms from the list based on your representation that there were not any hits:

1. "abundant robotics"
2. "david@lundmarks.org"
3. ████████████████
4. "hassan@willowmail.com"
5. ████████████████.

3

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

# EXHIBIT M

| | |
|---|---|
| **From:** | Lucy Goodnough |
| **Sent:** | Monday, September 19, 2016 2:03 PM |
| **To:** | 'Frankel, Aaron' |
| **Cc:** | Jack Russo (jrusso@computerlaw.com); Chris Sargent (csargent@computerlaw.com); Radha Ramakrishnan; Chrissy Taylor; Andre, Paul; Kobialka, Lisa; Kastens, Kris |
| **Subject:** | RE: Magic Leap v. Bradski: Email Search Parameters |

Aaron,

Thank you, that was very helpful.  We will produce by September 26, 2016 the non-privileged or non-protected emails in the Bradski garybradski@gmail account responsive to the list of search terms for Dr. Bradski, and the Kaehler therealadrian@gmail and adrian.kaehler@gmail accounts that are responsive to the respective lists of search terms for Dr. Kaehler.

I would also like to follow up on the requests that Defendants made Friday.  Could you let me know the status on those, and when you would be available to meet and confer regarding those requests?

Best,

Lucy

---

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Monday, September 19, 2016 1:41 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>
**Subject:** RE: Magic Leap v. Bradski: Email Search Parameters

Lucy,

The transcript is attached.  Discovery was not limited to exchanges with third parties, and that concept is not reflected in the transcript.

As we discussed on Friday, we held off going to the Court this morning on the hopes that the parties could finalize an agreement as to the scope of the emails that would be produced.  Please confirm today that Defendants will be producing the emails responsive to Magic Leap's requested search parameters by no later than Monday, September 26.  Otherwise we will seek relief from the Court.

Please feel free to call me if you would like to discuss.

Regards,
Aaron

**Aaron M. Frankel**

Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [mailto:lgoodnough@computerlaw.com]
**Sent:** Monday, September 19, 2016 4:19 PM
**To:** Frankel, Aaron
**Subject:** RE: Magic Leap v. Bradski: Email Search Parameters

Aaron,

We are reviewing this and have a question on our end. Our recollection was that the scope of discovery was limited to exchanges with third parties in the accounts. If you have a copy of the transcript, could you send it?

Best,

Lucy

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Monday, September 19, 2016 12:10 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>
**Subject:** RE: Magic Leap v. Bradski: Email Search Parameters

Lucy:

Do you expect to be able to confirm today that we are moving forward with these search parameters? We do need to know soon one way or the other.

Thanks,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [[mailto:lgoodnough@computerlaw.com](mailto:lgoodnough@computerlaw.com)]
**Sent:** Sunday, September 18, 2016 3:23 PM
**To:** Frankel, Aaron
**Subject:** Re: Magic Leap v. Bradski: Email Search Parameters

Running this by my team. Thanks again for your attention to this over a weekend, Aaron.

LG

Get [Outlook for iOS](Outlook for iOS)

---

**From:** Frankel, Aaron <[AFrankel@KRAMERLEVIN.com](mailto:AFrankel@KRAMERLEVIN.com)>
**Sent:** Sunday, September 18, 2016 9:01:43 AM
**To:** Lucy Goodnough; Radha Ramakrishnan; Chris Sargent; Jack Russo; Chrissy Taylor
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: Magic Leap v. Bradski: Email Search Parameters

Lucy:

Based on the preliminary search result numbers you provided, Magic Leap provides the following revised search list for Dr. Bradski's email.  Magic Leap is reserving all rights as to further discovery.

As discussed, please confirm that Defendants will produce the emails responsive to the search terms for Drs. Bradski and Kaehler by no later than Monday, September 26, 2016.

I am available for a call today if there are any remaining issues to discuss to finalize the search parameters.  Otherwise, please proceed to produce the requested documents.

Regards,
Aaron

**<u>Search Parameters for Dr. Bradski's Email</u>**

**DATE RANGE**:  on or after 9/9/2013

The use of a "*" indicates a search including expanded terms, for example, appl* would include apple, applied, apples, etc.

All email and attachments containing one or more of the following terms:



1. "abundant robotics"
2. ▮▮▮▮▮@gmail.com" or ▮▮▮▮▮@gmail.com"
3. ▮▮▮▮▮
4. ▮▮▮▮ or ▮▮▮▮@magicleap.com" or ▮▮▮▮@googlemail.com
5. "deep learning" or "deep nets" or "neural networks" or "CNN"
6. (▮▮▮ and ▮▮▮ or (▮▮▮ and ▮▮) or ▮▮ or ▮▮▮▮▮
7. "eonite"
8. ▮▮▮ or ▮▮▮@magicleap.com" or ▮▮▮▮▮



9. *Hassan* or "hassan@suitabletech.com" or "hassan@dotfunk.com" or "hassan@willowmail.com"
10. "Intel" AND ███
11. ███ **AND** ("stock" or "options" or "equity" or "purchase" or "negotiate" or "payment" or "bot")
12. ███
13. ███ or ███ or ███ or ███ or ███
14. ███ or ███ or ███
15. "lambda labs"
16. "lily camera"
17. "Lundmark"
18. "Lux Capital" or ███ or ███
19. "mixed reality"
20. ███
21. "N+1"
22. "NewCo"
23. "Noitom"
24. "Occipital"
25. "OpenCV.ai"
26. "pabbeel@cs.berkeley.edu" or ███
27. "pinscreen"
28. *poach*
29. reinforc*
30. "Robotics Actual" or "RA"
31. "Rony" or "Abovitz"
32. *Rublee*
33. ███ or ███ or ███ @magicleap.com"
34. solicit* **AND** (contract* or Magic or ███ or ███ or ███ or "███ or ███ or ███ or ███ or ███ or agreement*)
35. ███ or ███ @magicleap.com" or ███
36. ███ or ███ or ███ @gmail.com" or ███
37. ███ or ███ or ███

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Friday, September 16, 2016 5:26 PM
**To:** Lucy Goodnough (lgoodnough@computerlaw.com); Radha Ramakrishnan; Chris Sargent; Jack Russo; Chrissy Taylor
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Magic Leap v. Bradski: Email Search Parameters

Lucy:

Further to our discussion today and based on the preliminary search result numbers you provided, Magic Leap provides the following revised search list for Dr. Kaehler's email. I will send you a similar revised list for Dr. Bradski's email once you have the preliminary search result numbers.

As we discussed, Magic Leap is reserving all rights as to further discovery.

Regards,
Aaron

## Search Parameters for Dr. Kaehler's Email

**DATE RANGE**: on or after 9/9/2013

The use of a "*" indicates a search including expanded terms, for example, appl* would include apple, applied, apples, etc.

Please note that in several instances Magic Leap only requests emails from Dr. Kaehler's gmail account or his laptop, but not both (see the bracketed comments).

All email and attachments containing one or more of the following terms:

1. "augmented reality" [**gmail account only**] or "mixed reality" [**both gmail and laptop**]
2. ██████████████
3. "deep learning" [**gmail only**] or "deep nets" [**both gmail and laptop**] or "neural networks" [**gmail only**] or "CNN" [**both gmail and laptop**]
4. ██████████████
5. ████████ or ██████████████
6. ████████@gmail.com"
7. *Hassan* or "hassan@suitabletech.com" or "hassan@dotfunk.com"
8. "Intel" **AND** ██████
9. ██████ **AND** ("stock" or "options" or "equity" or "purchase" or "negotiate" or "payment" or "bot")
10. ██████████
11. ████████████ or ████████████
12. ██████ or ██████ or ██████
13. "lundmark@suitabletech.com"
14. "Lux Capital" or ██████ or "████
15. ████████ [**gmail account only**]
16. "NewCo"
17. "OpenCV.ai"
18. "Pieter" or "Abbeel" or "pabbeel@cs.berkeley.edu" or ████████████
19. *Poach*
20. Reinforc*
21. "Robotics Actual" or "RA" or "robotics"
22. *Rublee*
23. ████████ [**gmail only**] or ██████ [**gmail only**]
24. *solicit*
25. ████████████
26. ██████████ [**both gmail and laptop**] or ████████ [**gmail only**] or "████████ [**both gmail and laptop**] or ████████████ [**both gmail and laptop**]

I removed the following search terms from the list based on your representation that there were not any hits:

1. "abundant robotics"
2. "david@lundmarks.org"
3. ██████████████████
4. "hassan@willowmail.com"
5. ██████████████████ .

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

# EXHIBIT N

| | |
|---|---|
| **From:** | Lucy Goodnough |
| **Sent:** | Tuesday, September 20, 2016 2:24 PM |
| **To:** | Frankel, Aaron; Jack Russo; Chris Sargent; Chrissy Taylor; Diane Johnson; Ian Feinberg; Elizabeth Day; Radha Ramakrishnan |
| **Cc:** | Andre, Paul; Kobialka, Lisa; Kastens, Kris |
| **Subject:** | RE: Magic Leap v. Bradski |

Dear Aaron,

Defendants reserve the right to object to the Highly Confidential — AEO designation of the trade secret disclosure, as well as to the additional restrictions, and request that they be allowed to review the disclosure in camera (without taking copies) with Dr. Gary Bradski and Dr. Adrian Kaehler.

While reserving and without waiving any rights, including to challenge the designation and/or restrictions under the terms of the Protective Order, upon being served with the disclosure, we agree not to (a) disclose this document to our clients until either parties agree or the court may act on Defendants' objection and challenge; (b) make electronic copies, or (c) make more than two paper copies.

I look forward to speaking with you again on Thursday about this.

Best,

Lucy Goodnough

---

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Monday, September 19, 2016 1:36 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>; Jack Russo <jrusso@computerlaw.com>; Chris Sargent <csargent@computerlaw.com>; Chrissy Taylor <ctaylor@computerlaw.com>; Anikh Wadhawan <awadhawan@computerlaw.com>; Diane Johnson <djohnson@computerlaw.com>; Ian Feinberg <ifeinberg@feinday.com>; Elizabeth Day <eday@feinday.com>
**Cc:** Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris <KKastens@KRAMERLEVIN.com>
**Subject:** Magic Leap v. Bradski

Counsel:

Now that the Court has entered the Stipulated Protective Order, Magic Leap is prepared to serve its disclosure pursuant to California Code of Civil Procedure 2019.210, which it will designate HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Given the extreme sensitivity of this document, we ask Defendants to agree that (1) they will not make electronic copies of the disclosure (which will be served by overnight courier in paper form) and (2) each law firm can make no more than two paper copies of the disclosure. We also ask Defendants' counsel to confirm that they will not disclose this document to their clients.

If you have any questions, please do not hesitate to give me a call.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN
NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of  the original communication. Thank you for your cooperation.

# EXHIBIT O

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Thursday, September 22, 2016 1:37 PM |
| **To:** | Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Diane Johnson; Ian Feinberg; Elizabeth Day; Radha Ramakrishnan |
| **Cc:** | Andre, Paul; Kobialka, Lisa; Kastens, Kris |
| **Subject:** | RE: Magic Leap v. Bradski |

Counsel:

Further to our meet and confer, please be advised that Magic Leap will serve its preliminary 2019.210 disclosure by Federal Express tonight, subject to the agreement reflected below that, absent permission from Magic Leap or a Court order (1) Defendants will not make electronic copies of Magic Leap's 2019.210 disclosure, (2) Defendants will not disclose this document to their clients and (3) each law firm can make no more than two paper copies of the disclosure.

Regards,
Aaron



**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [mailto:lgoodnough@computerlaw.com]
**Sent:** Wednesday, September 21, 2016 7:44 PM
**To:** Frankel, Aaron
**Cc:** Jack Russo; Chris Sargent; Chrissy Taylor; Diane Johnson; Ian Feinberg; Elizabeth Day; Radha Ramakrishnan; Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: Magic Leap v. Bradski

Thanks, Aaron. I certainly appreciate your accommodating me. It turns out the FedEx was for a different case. Do you have a tracking number you might be able to send us?

Best,

Lucy

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Wednesday, September 21, 2016 2:54 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>
**Cc:** Jack Russo <jrusso@computerlaw.com>; Chris Sargent <csargent@computerlaw.com>; Chrissy Taylor
<ctaylor@computerlaw.com>; Diane Johnson <djohnson@computerlaw.com>; Ian Feinberg <ifeinberg@feinday.com>;
Elizabeth Day <eday@feinday.com>; Radha Ramakrishnan <rramakrishnan@computerlaw.com>; Andre, Paul
<PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris
<KKastens@KRAMERLEVIN.com>
**Subject:** Re: Magic Leap v. Bradski

Lucy,

We can add it to the agenda for tomorrow.

Regards,
Aaron



**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or
legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please
immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

On Sep 21, 2016, at 4:57 PM, Lucy Goodnough <lgoodnough@computerlaw.com> wrote:

Aaron,

I am a bit overscheduled with deadlines today and the document just arrived. Could we stick discussing at tomorrow's
scheduled call?

Best,

Lucy

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Wednesday, September 21, 2016 6:23 AM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>; Jack Russo <jrusso@computerlaw.com>; Chris Sargent
<csargent@computerlaw.com>; Chrissy Taylor <ctaylor@computerlaw.com>; Diane Johnson
<djohnson@computerlaw.com>; Ian Feinberg <ifeinberg@feinday.com>; Elizabeth Day <eday@feinday.com>; Radha
Ramakrishnan <rramakrishnan@computerlaw.com>
**Cc:** Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris
<KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski

Lucy:

Are you available today for a quick call to clarify Defendants' position on this issue so we can wrap this up?  If not, we can discuss during tomorrow's call.

Regards,
Aaron



**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of  the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [mailto:lgoodnough@computerlaw.com]
**Sent:** Tuesday, September 20, 2016 5:24 PM
**To:** Frankel, Aaron; Jack Russo; Chris Sargent; Chrissy Taylor; Diane Johnson; Ian Feinberg; Elizabeth Day; Radha Ramakrishnan
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: Magic Leap v. Bradski

Dear Aaron,

Defendants reserve the right to object to the Highly Confidential — AEO designation of the trade secret disclosure, as well as to the additional restrictions, and request that they be allowed to review the disclosure in camera (without taking copies) with Dr. Gary Bradski and Dr. Adrian Kaehler.

While reserving and without waiving any rights, including to challenge the designation and/or restrictions under the terms of the Protective Order, upon being served with the disclosure, we agree not to (a) disclose this document to our clients until either parties agree or the court may act on Defendants' objection and challenge; (b) make electronic copies, or (c) make more than two paper copies.

I look forward to speaking with you again on Thursday about this.

Best,

Lucy Goodnough


**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Monday, September 19, 2016 1:36 PM

**To:** Lucy Goodnough <lgoodnough@computerlaw.com>; Jack Russo <jrusso@computerlaw.com>; Chris Sargent <csargent@computerlaw.com>; Chrissy Taylor <ctaylor@computerlaw.com>; Anikh Wadhawan <awadhawan@computerlaw.com>; Diane Johnson <djohnson@computerlaw.com>; Ian Feinberg <ifeinberg@feinday.com>; Elizabeth Day <eday@feinday.com>
**Cc:** Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris <KKastens@KRAMERLEVIN.com>
**Subject:** Magic Leap v. Bradski

Counsel:

Now that the Court has entered the Stipulated Protective Order, Magic Leap is prepared to serve its disclosure pursuant to California Code of Civil Procedure 2019.210, which it will designate HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Given the extreme sensitivity of this document, we ask Defendants to agree that (1) they will not make electronic copies of the disclosure (which will be served by overnight courier in paper form) and (2) each law firm can make no more than two paper copies of the disclosure. We also ask Defendants' counsel to confirm that they will not disclose this document to their clients.

If you have any questions, please do not hesitate to give me a call.

Regards,
Aaron


**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN
NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

# EXHIBIT P-1

**Chrissy Taylor**

---

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Thursday, September 01, 2016 8:23 PM |
| **To:** | Ian Feinberg; Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day |
| **Cc:** | Andre, Paul; Kobialka, Lisa; Kastens, Kris |
| **Subject:** | RE: Magic Leap v. Bradski et al.: Draft Protective Order |

Ian:

I will get your comments from Lisa.

Thanks,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ian Feinberg [mailto:ifeinberg@feinday.com]
**Sent:** Thursday, September 01, 2016 8:14 PM
**To:** Frankel, Aaron; Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Re: Magic Leap v. Bradski et al.: Draft Protective Order

Aaron:  I gave some comments to Lisa in our conversation this afternoon.  Fairly minor.  Let me know if you need me to send them.  Ian



**Ian Feinberg**
ifeinberg@feinday.com
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
650.618.4364 • 650.618.4368 fax
www.feinday.com

**From:** "Frankel, Aaron" <AFrankel@KRAMERLEVIN.com>
**Date:** Thursday, September 1, 2016 at 7:01 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>, Jack Russo <jrusso@computerlaw.com>, Chris Sargent <csargent@computerlaw.com>, Chrissy Taylor <ctaylor@computerlaw.com>, Anikh Wadhawan <awadhawan@computerlaw.com>, Diane Johnson <djohnson@computerlaw.com>, Ian Feinberg <ifeinberg@feinday.com>, Elizabeth Day <eday@feinday.com>
**Cc:** "Andre, Paul" <PAndre@KRAMERLEVIN.com>, "Kobialka, Lisa" <LKobialka@KRAMERLEVIN.com>, "Kastens, Kris" <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

As discussed during our meet and confer yesterday, please get back to us as soon as possible on the draft protective order so that the parties can exchange confidential information, including the trade secrets disclosure.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Monday, August 29, 2016 12:19 PM
**To:** Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; ifeinberg@feinday.com; eday@feinday.com
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Further to our meet and confer and to enable the parties to exchange confidential information, including the disclosure of trade secrets, please find attached a draft stipulated protective order. Please let us know this week if Defendants have any proposed edits.

Regards,
Aaron

# EXHIBIT P-2

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Wednesday, September 07, 2016 6:15 AM |
| **To:** | Ian Feinberg; Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day |
| **Cc:** | Andre, Paul; Kobialka, Lisa; Kastens, Kris |
| **Subject:** | RE: Magic Leap v. Bradski et al.: Draft Protective Order |

Counsel:

Please let us know as soon as possible if Defendants have any further requested edits to the draft stipulated protective order.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Saturday, September 03, 2016 3:15 PM
**To:** Ian Feinberg; Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Please find attached an updated draft of the stipulated protective order, incorporating Ian's requested revision to Section 6.2 and confirming that court reporters do not need to sign an undertaking. The changes over the prior draft are shown in the attached comparison PDF.

Please let us know as soon as possible if Defendants have any further requested edits.

Regards,
Aaron

**From:** Ian Feinberg [mailto:ifeinberg@feinday.com]
**Sent:** Thursday, September 01, 2016 11:14 PM
**To:** Frankel, Aaron; Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Re: Magic Leap v. Bradski et al.: Draft Protective Order

Aaron:  I gave some comments to Lisa in our conversation this afternoon.  Fairly minor.  Let me know if you need me to send them.  Ian



**Ian Feinberg**
ifeinberg@feinday.com
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
650.618.4364 • 650.618.4368 fax
www.feinday.com

**From:** "Frankel, Aaron" <AFrankel@KRAMERLEVIN.com>
**Date:** Thursday, September 1, 2016 at 7:01 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>, Jack Russo <jrusso@computerlaw.com>, Chris Sargent <csargent@computerlaw.com>, Chrissy Taylor <ctaylor@computerlaw.com>, Anikh Wadhawan <awadhawan@computerlaw.com>, Diane Johnson <djohnson@computerlaw.com>, Ian Feinberg <ifeinberg@feinday.com>, Elizabeth Day <eday@feinday.com>
**Cc:** "Andre, Paul" <PAndre@KRAMERLEVIN.com>, "Kobialka, Lisa" <LKobialka@KRAMERLEVIN.com>, "Kastens, Kris" <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

As discussed during our meet and confer yesterday, please get back to us as soon as possible on the draft protective order so that the parties can exchange confidential information, including the trade secrets disclosure.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN
NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio

[www.kramerlevin.com](www.kramerlevin.com)

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Monday, August 29, 2016 12:19 PM
**To:** Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; [ifeinberg@feinday.com](mailto:ifeinberg@feinday.com); [eday@feinday.com](mailto:eday@feinday.com)
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Further to our meet and confer and to enable the parties to exchange confidential information, including the disclosure of trade secrets, please find attached a draft stipulated protective order. Please let us know this week if Defendants have any proposed edits.

Regards,
Aaron

# EXHIBIT P-3

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Sunday, September 11, 2016 6:18 PM |
| **To:** | Lucy Goodnough; Ian Feinberg; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day |
| **Cc:** | Andre, Paul; Kobialka, Lisa; Kastens, Kris |
| **Subject:** | RE: Magic Leap v. Bradski et al.: Draft Protective Order |
| **Attachments:** | Draft Stipulated Protective Order.docx; Comparison.pdf |

Counsel:

Please find attached a revised draft protective order in clean and comparison form. Magic Leap's responses to Defendants' comments are below in all caps.

Please let me know when you are available this week for a call to attempt to finalize the protective order. We can also discuss Defendants' email production, to the extent necessary.

Regards,
Aaron

           i.    **§ 2.7**: Magic Leap added information about letting "an advisor" for parties view information. What is contemplated by this term? THE TERM "ADVISOR" IS INTENDED TO PRECLUDE PERSONS WHO HAVE A PREEXISTING ADVISING RELATIONSHIP WITH A PARTY, SUCH AS DR. ABBEEL, FROM SERVING AS AN EXPERT.

           ii.    **§§ 6.2, 7.4(b)–(c):** We would like to use the standard Northern District of California periods of time. WE MADE THE REQUESTED EDITS.

           iii.    **§ 7.2(b):** We request that Magic Leap include our change proposed on August 31, 2016, permitting Dr. Kaehler and Dr. Bradski to review confidential information. MAGIC LEAP AGREES THAT DRS. BRADSKI AND KAEHLER MAY SEE TECHNICAL INFORMATION DESIGNATED "CONFIDENTIAL," BUT NOT FINANCIAL OR OTHER NON-TECHNICAL INFORMATION.

           iv.    **§ 7.3(b):** Magic Leap's proposes to permit "up to two" designated house counsel(s) to review designated information; we assume this includes material witnesses in this matter, Mr. Lundmark and Mr. Albert. We request that Dr. Bradski and Dr. Kaehler be included in the carve-out and be allowed to review all materials. MAGIC LEAP IS WILLING TO WORK WITH DEFENDANTS, FOR EXAMPLE, TO DISCUSS PROVIDING DRS. BRADSKI AND KAEHLER WITH PARTICULAR DOCUMENTS OR MUTUALLY AGREED REDACTED DOCUMENTS ON A CASE-BY-CASE BASIS AS APPROPRIATE. HOWEVER, MAGIC LEAP CANNOT AGREE TO BLANKET PERMISSION FOR DRS. BRADSKI AND KAEHLER, WHO ARE REPRESENTED BY OUTSIDE COUNSEL, TO REVIEW HIGHLY CONFIDENTIAL MATERIALS. UNTIL SUCH TIME AS THE PARTIES

REACH AN APPROPRIATE AGREEMENT, PLEASE CONFIRM THAT COUNSEL FOR DEFENDANTS HAVE NOT AND WILL NOT PROVIDE DRS. BRADSKI AND KAEHLER WITH ANY MATERIALS DESIGNATED BY MAGIC LEAP AS HIGHLY CONFIDENTIAL, INCLUDING THE DOCUMENTS SERVED WITH MAGIC LEAP'S OPPOSITION PAPERS.

     v.   **§ 14.3:** We propose that the standard Northern District language be used for this section. PLEASE EXPLAIN WHY DEFENDANTS BELIEVE THEY NEED TO EXPORT OR DISCLOSE OUTSIDE OF THE UNITED STATES MAGIC LEAP'S CONFIDENTIAL, HIGHLY CONFIDENTIAL AND SOURCE CODE INFORMATION.

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [lgoodnough@computerlaw.com]
**Sent:** Thursday, September 08, 2016 5:20 PM
**To:** Frankel, Aaron; Ian Feinberg; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Dear Aaron,

We have reviewed the proposed protective order and have the following comments:

In general, Dr. Bradski and Dr. Kaehler must be able to review information necessary to prepare their defense. We propose that they be able to review designated information, subject to the terms of the protective order. Other comments:

    i.   **§ 2.7**: Magic Leap added information about letting "an advisor" for parties view information. What is contemplated by this term?

    ii.   **§§ 6.2, 7.4(b)–(c):** We would like to use the standard Northern District of California periods of time.

    iii.   **§ 7.2(b):** We request that Magic Leap include our change proposed on August 31, 2016, permitting Dr. Kaehler and Dr. Bradski to review confidential information

iv.    **§ 7.3(b):** Magic Leap's proposes to permit "up to two" designated house counsel(s) to review designated information; we assume this includes material witnesses in this matter, Mr. Lundmark and Mr. Albert. We request that Dr. Bradski and Dr. Kaehler be included in the carve-out and be allowed to review all materials.

v.    **§ 14.3:** We propose that the standard Northern District language be used for this section.

Best regards,

Lucy

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Saturday, September 3, 2016 12:15 PM
**To:** Ian Feinberg <ifeinberg@feinday.com>; Lucy Goodnough <lgoodnough@computerlaw.com>; Jack Russo <jrusso@computerlaw.com>; Chris Sargent <csargent@computerlaw.com>; Chrissy Taylor <ctaylor@computerlaw.com>; Anikh Wadhawan <awadhawan@computerlaw.com>; Diane Johnson <djohnson@computerlaw.com>; Elizabeth Day <eday@feinday.com>
**Cc:** Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Please find attached an updated draft of the stipulated protective order, incorporating Ian's requested revision to Section 6.2 and confirming that court reporters do not need to sign an undertaking. The changes over the prior draft are shown in the attached comparison PDF.

Please let us know as soon as possible if Defendants have any further requested edits.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ian Feinberg [mailto:ifeinberg@feinday.com]
**Sent:** Thursday, September 01, 2016 11:14 PM

**To:** Frankel, Aaron; Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Re: Magic Leap v. Bradski et al.: Draft Protective Order

Aaron:  I gave some comments to Lisa in our conversation this afternoon.  Fairly minor.  Let me know if you need me to send them.  Ian



**Ian Feinberg**
ifeinberg@feinday.com
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
650.618.4364 • 650.618.4368 fax
www.feinday.com

---

**From:** "Frankel, Aaron" <AFrankel@KRAMERLEVIN.com>
**Date:** Thursday, September 1, 2016 at 7:01 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>, Jack Russo <jrusso@computerlaw.com>, Chris Sargent <csargent@computerlaw.com>, Chrissy Taylor <ctaylor@computerlaw.com>, Anikh Wadhawan <awadhawan@computerlaw.com>, Diane Johnson <djohnson@computerlaw.com>, Ian Feinberg <ifeinberg@feinday.com>, Elizabeth Day <eday@feinday.com>
**Cc:** "Andre, Paul" <PAndre@KRAMERLEVIN.com>, "Kobialka, Lisa" <LKobialka@KRAMERLEVIN.com>, "Kastens, Kris" <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

As discussed during our meet and confer yesterday, please get back to us as soon as possible on the draft protective order so that the parties can exchange confidential information, including the trade secrets disclosure.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of  the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Monday, August 29, 2016 12:19 PM
**To:** Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; ifeinberg@feinday.com; eday@feinday.com
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Further to our meet and confer and to enable the parties to exchange confidential information, including the disclosure of trade secrets, please find attached a draft stipulated protective order. Please let us know this week if Defendants have any proposed edits.

Regards,
Aaron

Paul J. Andre (SBN 196585)
Lisa Kobialka (SBN 191404)
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com

*Counsel for Plaintiff*
MAGIC LEAP, INC.

Jack Russo (State Bar No. 96068)
jrusso@computerlaw.com
Christopher Joseph Sargent (State Bar No. 246285)
csargent@computerlaw.com
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863

*Counsel for Defendants*
GARY BRADSKI, ADRIAN KAEHLER and
ROBOTICS ACTUAL, INC.

Ian Neville Feinberg
ifeinberg@feinday.com
FEINBERG DAY ALBERTI
 & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: (650) 618-4360
Facsimile: (650) 618.4368

*Counsel for Defendant*
OPENCV.AI

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAGIC LEAP, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> GARY BRADSKI, an individual, ADRIAN KAEHLER, an individual, ROBOTICS ACTUAL, INC., a Delaware Corporation and OPENCV.AI, INC., a Delaware Corporation, <br><br> Defendants. | Case No.: 16-cv-02852-NC <br><br> **STIPULATED PROTECTIVE ORDER** |

# 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section [14.4], below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

# 2. DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE".

1

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of or advisor for a Party or a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of or advisor for a Party or a Party's competitor.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, or documents that describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2

2.14 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

3

defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4

or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages

5

(including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each

6

challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(g) professional jury or trial consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) Professional Vendors;

(i) during their depositions, witnesses in the action to whom disclosure is reasonably

8

necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j) Defendants Drs. Bradski and Kaehler may review Magic Leap technical documents designated CONFIDENTIAL, but may not view non-technical CONFIDENTIAL documents, such as financial documents; and

(k) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to two Designated House Counsel of the Receiving Party (1) who have no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed, but Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE;"

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

9

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) and Professional Vendors to whom disclosure is reasonably necessary for this litigation and; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided

10

professional services, including in connection with a litigation, at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

**8.   PROSECUTION BAR**

Absent written consent from the Producing Party, any individual who receives access to

11

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to (1) deep learning techniques applied to computer vision or perception technologies that can be used in any field, including, but not limited to, gaming, manufacturing and medical devices, or (2) augmented or mixed reality technologies, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"), except to the extent that Defendant Gary Bradski and Defendant Adrian Kaehler are inventors on applications that are being filed or were already filed on behalf of Magic Leap.

For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

**9.    <u>SOURCE CODE</u>**

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at

12

other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. Such visual monitoring shall not be conducted by an attorney and shall be from a sufficient distance so as not to impair the review of source code or invade work product.

(d)     The Receiving Party may request paper copies of no more than 50 pages of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, although portions of the source code may be included in pleadings and expert reports as necessary for the case. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing

13

Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

## 10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

14

EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

15

**13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

**14.    MISCELLANEOUS**

14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Receiving Party shall not export or disclose outside of the United States any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

14.4    14.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the

16

Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

## 15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

DATED:  August ___, 2016

By: */s/ DRAFT_____*
Paul J. Andre (State Bar No. 196585)
pandre@kramerlevin.com
Lisa Kobialka (State Bar No. 191404)
lkobialka@kramerlevin.com
KRAMER LEVIN NAFTALIS

17

& FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:   (650) 752-1800

*Counsel for Plaintiff*
MAGIC LEAP, INC.


Respectfully submitted,

DATED:  August ___, 2016          By: */s/ DRAFT* _____
Jack Russo (State Bar No. 96068)
jrusso@computerlaw.com
Christopher Joseph Sargent (State Bar No. 246285)
csargent@computerlaw.com
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863

*Counsel for Defendants*
GARY BRADSKI, ADRIAN KAEHLER and
ROBOTICS ACTUAL, INC.


Respectfully submitted,

DATED:  August ___, 2016          By: */s/DRAFT* _____
Ian Neville Feinberg
ifeinberg@feinday.com
FEINBERG DAY ALBERTI
  & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: (650) 618-4360
Facsimile: (650) 618.4368

*Counsel for Defendant*
OPENCV.AI

18

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____ _____
Nathanael Cousins
United States District/Magistrate Judge

## **EXHIBIT A**

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for the

Northern District of California on [date] in the case of *Magic Leap, Inc. v. Bradski et al.,* 16-cv-02852-

NC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and punishment in

the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                           [printed name]

Signature: _____
                 [signature]

## <u>ATTESTATION PURSUANT TO L.R. 5-1(I)</u>

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

_/s/_ _____
   Lisa Kobialka

Paul J. Andre (SBN 196585)
Lisa Kobialka (SBN 191404)
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com

*Counsel for Plaintiff*
MAGIC LEAP, INC.

Jack Russo (State Bar No. 96068)
jrusso@computerlaw.com
Christopher Joseph Sargent (State Bar No. 246285)
csargent@computerlaw.com
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863

*Counsel for Defendants*
GARY BRADSKI, ADRIAN KAEHLER and
ROBOTICS ACTUAL, INC.

Ian Neville Feinberg
ifeinberg@feinday.com
FEINBERG DAY ALBERTI
 & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: (650) 618-4360
Facsimile: (650) 618.4368

*Counsel for Defendant*
OPENCV.AI

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAGIC LEAP, INC., a Delaware Corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>GARY BRADSKI, an individual, ADRIAN KAEHLER, an individual, ROBOTICS ACTUAL, INC., a Delaware Corporation and OPENCV.AI, INC., a Delaware Corporation,<br><br>      Defendants. | Case No.: 16-cv-02852-NC<br><br>**STIPULATED PROTECTIVE ORDER** |

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section [14.4], below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.   DEFINITIONS

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE".

1

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of or advisor for a Party or a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of or advisor for a Party or a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, or documents that describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and

3

defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4

or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages

5

(including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each

6

challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the ~~Challenging~~ <u>Designating</u> Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff ;

(g) professional jury or trial consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) ;

(h) Professional Vendors;

(i) during their depositions, witnesses in the action to whom disclosure is reasonably

8

necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g̶j) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to two Designated House Counsel of the Receiving Party (1) who have no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed, but Designated House Counsel shall <u>not</u> have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE;"

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants who have signed the "Acknowledgment and

9

Agreement to Be Bound" (Exhibit A).; ;

(g) and Professional Vendors to whom disclosure is reasonably necessary for this litigation and; and

(fh) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a

10

declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within five days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

## 8. **PROSECUTION BAR**

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to (1) deep learning techniques applied to computer vision or perception technologies that can

11

be used in any field, including, but not limited to, gaming, manufacturing and medical devices, or (2) augmented or mixed reality technologies, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"), except to the extent that Defendant Gary Bradski and Defendant Adrian Kaehler are inventors on applications that are being filed or were already filed on behalf of Magic Leap.

For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

**9.** **SOURCE CODE**

(a)  To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)  Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)  Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving

12

Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. Such visual monitoring shall not be conducted by an attorney and shall be from a sufficient distance so as not to impair the review of source code or invade work product.

(d) The Receiving Party may request paper copies of no more than 50 pages of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, although portions of the source code may be included in pleadings and expert reports as necessary for the case. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this

14

Order.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
   PROTECTED MATERIAL

15

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

**14.    MISCELLANEOUS**

14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Receiving Party shall not export or disclose outside of the United States any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

14.4    14.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant

16

to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected

Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the

court.

## 15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each

Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As

used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the

Protected Material is returned or destroyed, the Receiving Party must submit a written certification to

the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day

deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned

or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and

trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if

such materials contain Protected Material. Any such archival copies that contain or constitute Protected

Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Respectfully submitted,

DATED:  August ___, 2016              By: */s/ DRAFT* _____
                                            Paul J. Andre (State Bar No. 196585)
                                            pandre@kramerlevin.com
                                            Lisa Kobialka (State Bar No. 191404)
                                            lkobialka@kramerlevin.com
                                            KRAMER LEVIN NAFTALIS
                                             & FRANKEL LLP
                                            990 Marsh Road
                                            Menlo Park, CA  94025

17

Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Counsel for Plaintiff*
MAGIC LEAP, INC.


Respectfully submitted,

DATED: August ___, 2016          By: */s/ DRAFT_____*
                                    Jack Russo (State Bar No. 96068)
                                    jrusso@computerlaw.com
                                    Christopher Joseph Sargent (State Bar No. 246285)
                                    csargent@computerlaw.com
                                    COMPUTERLAW GROUP LLP
                                    401 Florence Street
                                    Palo Alto, CA 94301
                                    Telephone: (650) 327-9800
                                    Facsimile: (650) 618-1863

                                    *Counsel for Defendants*
                                    GARY BRADSKI, ADRIAN KAEHLER and
                                    ROBOTICS ACTUAL, INC.


                                    Respectfully submitted,

DATED: August ___, 2016          By: */s/ DRAFT_____*
                                    Ian Neville Feinberg
                                    ifeinberg@feinday.com
                                    FEINBERG DAY ALBERTI
                                     & THOMPSON LLP
                                    1600 El Camino Real, Suite 280
                                    Menlo Park, CA 94025
                                    Telephone: (650) 618-4360
                                    Facsimile: (650) 618.4368

                                    *Counsel for Defendant*
                                    OPENCV.AI


PURSUANT TO STIPULATION, IT IS SO ORDERED.

18

DATED: _____ _____
Nathanael Cousins
United States District/Magistrate Judge

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Magic Leap, Inc. v. Bradski et al.,* 16-cv-02852-NC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                 [printed name]

Signature: _____
                 [signature]

STIPULATED PROTECTIVE ORDER                              Case No.: 16-CV-02852-NC

## <u>ATTESTATION PURSUANT TO L.R. 5-1(I)</u>

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

_/s/_ _____
  Lisa Kobialka

| Comparison Details | |
|---|---|
| Title | **pdfDocs compareDocs Comparison Results** |
| Date & Time | 9/3/2016 3:10:34 PM |
| Comparison Time | 0.33 seconds |
| compareDocs version | v4.2.100.13 |

| Sources | |
|---|---|
| Original Document | \\NYFIL006\USERS\05369\Desktop\Draft Stipulated_Protective_Order.DOCX |
| Modified Document | [#3087836] [v5] Stipulated Protective Order |

| Comparison Statistics | |
|---|---|
| Insertions | 8 |
| Deletions | 4 |
| Changes | 4 |
| Moves | 0 |
| TOTAL CHANGES | 16 |
| | |
| | |
| | |
| | |
| | |
| | |

| Word Rendering Set Markup Options | |
|---|---|
| Name | Standard with Change Bars |
| Insertions | |
| Deletions | |
| Moves / Moves | |
| Inserted cells | |
| Deleted cells | |
| Merged cells | |
| Formatting | Color only. |
| Changed lines | Mark left border. |
| Comments color | By Author. |
| Balloons | False |

| compareDocs Settings Used | Category | Option Selected |
|---|---|---|
| Open Comparison Report after Saving | General | Always |
| Report Type | Word | Formatting |
| Character Level | Word | False |
| Include Headers / Footers | Word | True |
| Include Footnotes / Endnotes | Word | True |
| Include List Numbers | Word | True |
| Include Tables | Word | True |
| Include Field Codes | Word | True |
| Include Moves | Word | True |
| Show Track Changes Toolbar | Word | True |
| Show Reviewing Pane | Word | True |
| Update Automatic Links at Open | Word | False |
| Summary Report | Word | End |
| Include Change Detail Report | Word | Separate |
| Document View | Word | Print |
| Remove Personal Information | Word | False |
| Flatten Field Codes | Word | True |

# EXHIBIT P-4

| | |
|---|---|
| **From:** | Ian Feinberg <ifeinberg@feinday.com> |
| **Sent:** | Sunday, September 11, 2016 8:09 PM |
| **To:** | Frankel, Aaron; Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day |
| **Cc:** | Andre, Paul; Kobialka, Lisa; Kastens, Kris |
| **Subject:** | Re: Magic Leap v. Bradski et al.: Draft Protective Order |

Aaron:  Could you please let me know to which version the comparison relates?  Thanks, Ian



**Ian Feinberg**
ifeinberg@feinday.com
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
650.618.4364 • 650.618.4368 fax
www.feinday.com

**From:** "Frankel, Aaron" <AFrankel@KRAMERLEVIN.com>
**Date:** Sunday, September 11, 2016 at 6:17 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>, Ian Feinberg <ifeinberg@feinday.com>, Jack Russo <jrusso@computerlaw.com>, Chris Sargent <csargent@computerlaw.com>, Chrissy Taylor <ctaylor@computerlaw.com>, Anikh Wadhawan <awadhawan@computerlaw.com>, Diane Johnson <djohnson@computerlaw.com>, Elizabeth Day <eday@feinday.com>
**Cc:** "Andre, Paul" <PAndre@KRAMERLEVIN.com>, "Kobialka, Lisa" <LKobialka@KRAMERLEVIN.com>, "Kastens, Kris" <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Please find attached a revised draft protective order in clean and comparison form.  Magic Leap's responses to Defendants' comments are below in all caps.

Please let me know when you are available this week for a call to attempt to finalize the protective order.  We can also discuss Defendants' email production, to the extent necessary.

Regards,
Aaron

           i.    **§ 2.7**: Magic Leap added information about letting "an advisor" for parties view information. What is contemplated by this term?  THE TERM "ADVISOR" IS INTENDED TO PRECLUDE PERSONS WHO HAVE A PREEXISTING ADVISING RELATIONSHIP WITH A PARTY, SUCH AS DR. ABBEEL, FROM SERVING AS AN EXPERT.

ii.   **§§ 6.2, 7.4(b)–(c):** We would like to use the standard Northern District of California periods of time.  WE MADE THE REQUESTED EDITS.

iii.   **§ 7.2(b):** We request that Magic Leap include our change proposed on August 31, 2016, permitting Dr. Kaehler and Dr. Bradski to review confidential information.  MAGIC LEAP AGREES THAT DRS. BRADSKI AND KAEHLER MAY SEE TECHNICAL INFORMATION DESIGNATED "CONFIDENTIAL," BUT NOT FINANCIAL OR OTHER NON-TECHNICAL INFORMATION.

iv.   **§ 7.3(b):** Magic Leap's proposes to permit "up to two" designated house counsel(s) to review designated information; we assume this includes material witnesses in this matter, Mr. Lundmark and Mr. Albert. We request that Dr. Bradski and Dr. Kaehler be included in the carve-out and be allowed to review all materials.  MAGIC LEAP IS WILLING TO WORK WITH DEFENDANTS, FOR EXAMPLE, TO DISCUSS PROVIDING DRS. BRADSKI AND KAEHLER WITH PARTICULAR DOCUMENTS OR MUTUALLY AGREED REDACTED DOCUMENTS ON A CASE-BY-CASE BASIS AS APPROPRIATE.  HOWEVER, MAGIC LEAP CANNOT AGREE TO BLANKET PERMISSION FOR DRS. BRADSKI AND KAEHLER, WHO ARE REPRESENTED BY OUTSIDE COUNSEL, TO REVIEW HIGHLY CONFIDENTIAL MATERIALS.  UNTIL SUCH TIME AS THE PARTIES REACH AN APPROPRIATE AGREEMENT, PLEASE CONFIRM THAT COUNSEL FOR DEFENDANTS HAVE NOT AND WILL NOT PROVIDE DRS. BRADSKI AND KAEHLER WITH ANY MATERIALS DESIGNATED BY MAGIC LEAP AS HIGHLY CONFIDENTIAL, INCLUDING THE DOCUMENTS SERVED WITH MAGIC LEAP'S OPPOSITION PAPERS.

v.   **§ 14.3:** We propose that the standard Northern District language be used for this section.  PLEASE EXPLAIN WHY DEFENDANTS BELIEVE THEY NEED TO EXPORT OR DISCLOSE OUTSIDE OF THE UNITED STATES MAGIC LEAP'S CONFIDENTIAL, HIGHLY CONFIDENTIAL AND SOURCE CODE INFORMATION.

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN
NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [lgoodnough@computerlaw.com]
**Sent:** Thursday, September 08, 2016 5:20 PM
**To:** Frankel, Aaron; Ian Feinberg; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Dear Aaron,

We have reviewed the proposed protective order and have the following comments:

In general, Dr. Bradski and Dr. Kaehler must be able to review information necessary to prepare their defense.  We propose that they be able to review designated information, subject to the terms of the protective order.  Other comments:

i.     **§ 2.7:** Magic Leap added information about letting "an advisor" for parties view information. What is contemplated by this term?

ii.    **§§ 6.2, 7.4(b)–(c):** We would like to use the standard Northern District of California periods of time.

iii.   **§ 7.2(b):** We request that Magic Leap include our change proposed on August 31, 2016, permitting Dr. Kaehler and Dr. Bradski to review confidential information

iv.    **§ 7.3(b):** Magic Leap's proposes to permit "up to two" designated house counsel(s) to review designated information; we assume this includes material witnesses in this matter, Mr. Lundmark and Mr. Albert. We request that Dr. Bradski and Dr. Kaehler be included in the carve-out and be allowed to review all materials.

v.     **§ 14.3:** We propose that the standard Northern District language be used for this section.

Best regards,

Lucy

---

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Saturday, September 3, 2016 12:15 PM
**To:** Ian Feinberg <ifeinberg@feinday.com>; Lucy Goodnough <lgoodnough@computerlaw.com>; Jack Russo <jrusso@computerlaw.com>; Chris Sargent <csargent@computerlaw.com>; Chrissy Taylor <ctaylor@computerlaw.com>; Anikh Wadhawan <awadhawan@computerlaw.com>; Diane Johnson <djohnson@computerlaw.com>; Elizabeth Day <eday@feinday.com>
**Cc:** Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Please find attached an updated draft of the stipulated protective order, incorporating Ian's requested revision to Section 6.2 and confirming that court reporters do not need to sign an undertaking.  The changes over the prior draft are shown in the attached comparison PDF.

Please let us know as soon as possible if Defendants have any further requested edits.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN
NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ian Feinberg [mailto:ifeinberg@feinday.com]
**Sent:** Thursday, September 01, 2016 11:14 PM
**To:** Frankel, Aaron; Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Re: Magic Leap v. Bradski et al.: Draft Protective Order

Aaron:  I gave some comments to Lisa in our conversation this afternoon.  Fairly minor.  Let me know if you need me to send them.  Ian



**Ian Feinberg**
ifeinberg@feinday.com
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
650.618.4364 • 650.618.4368 fax
www.feinday.com

**From:** "Frankel, Aaron" <AFrankel@KRAMERLEVIN.com>
**Date:** Thursday, September 1, 2016 at 7:01 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>, Jack Russo <jrusso@computerlaw.com>, Chris Sargent <csargent@computerlaw.com>, Chrissy Taylor <ctaylor@computerlaw.com>, Anikh Wadhawan <awadhawan@computerlaw.com>, Diane Johnson <djohnson@computerlaw.com>, Ian Feinberg <ifeinberg@feinday.com>, Elizabeth Day <eday@feinday.com>
**Cc:** "Andre, Paul" <PAndre@KRAMERLEVIN.com>, "Kobialka, Lisa" <LKobialka@KRAMERLEVIN.com>, "Kastens, Kris" <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

As discussed during our meet and confer yesterday, please get back to us as soon as possible on the draft protective order so that the parties can exchange confidential information, including the trade secrets disclosure.

Regards,
Aaron


**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Monday, August 29, 2016 12:19 PM
**To:** Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; ifeinberg@feinday.com; eday@feinday.com
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Further to our meet and confer and to enable the parties to exchange confidential information, including the disclosure of trade secrets, please find attached a draft stipulated protective order. Please let us know this week if Defendants have any proposed edits.

Regards,
Aaron

# EXHIBIT P-5

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Wednesday, September 14, 2016 5:55 AM |
| **To:** | Lucy Goodnough; Ian Feinberg; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day |
| **Cc:** | Andre, Paul; Kobialka, Lisa; Kastens, Kris |
| **Subject:** | RE: Magic Leap v. Bradski et al.: Draft Protective Order |
| **Attachments:** | Comparison.pdf; KL3-#3087836-v7-Stipulated_Protective_Order.DOCX |

Counsel:

Please find attached an updated draft of the Stipulated Protective Order, revised based on Defendants' comments. The comparison pdf shows the revisions over the September 11, 2016 draft. If this draft is acceptable to Defendants, please let us know if we have your permission to e-sign and file. If not, please give me a call today to work out any remaining issues so we can move forward.

Once the parties have finalized the Stipulated Protective Order and Drs. Bradski and Kaehler have signed the undertaking, we should be able to permit them to view most of the items requested below.

Please call me today to discuss Defendants' request for an extension of time. I am generally available in the morning (PT) at (212) 715-7793.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN
NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [mailto:lgoodnough@computerlaw.com]
**Sent:** Tuesday, September 13, 2016 4:40 PM
**To:** Frankel, Aaron; Ian Feinberg; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Dear Aaron:

Thanks for the revision.  The open issues on our end after this cycle are §§ 7.2(b) and 7.3, which we think simply need to be memorialized in the proposed order, and § 14.3.

iii. § 7.2(b): Can Magic Leap agree to include this language,  "Parties agree that Dr. Bradski, Dr. Kaehler, or designated House Counsel, may see technical information designated "CONFIDENTIAL," but not financial or other non-technical information unless otherwise agreed or ordered under the terms of this protective order.*

iv. § 7.3(b): Can Magic Leap agree to include this language, ". . . provided that parties will work together to permit Dr. Bradski, Dr. Kaehler, or designated House Counsel to have access to particular documents or mutually redacted documents designated "Highly Confidential – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," on a case-by-case basis." Dr. Bradski and Dr. Kaehler have not had access to information designated by Magic Leap as Highly Confidential in its filings.*

v. § 14.3: We are concerned that this language has the potential to create more problems than benefits, given the protections of existing law, in a proposed protective order, given counsel's, and potentially experts', international travel schedules, and the need to review case-related documents while traveling.

*On this topic, we would like to request that Dr. Bradski and Dr. Kaehler be able to view entire, unredacted versions of

Abovitz Declaration
Lundmark Declaration Vlietstra Declaration (except the figure at 1:26)
Greco Declaration
Henry Declaration
Pellet Declaration
Kobialka Declaration Exhibits 4, 5, 9, 10–18, 22, 24, 28–34

Defendants also request a one-week extension on the upcoming replies to Magic Leap's Oppositions to permit counsel to review this information with clients, and are willing to provide a reciprocal extension to Magic Leap on its response to the Amended Complaint filed yesterday.

---

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Monday, September 12, 2016 5:06 AM
**To:** Ian Feinberg <ifeinberg@feinday.com>; Lucy Goodnough <lgoodnough@computerlaw.com>; Jack Russo <jrusso@computerlaw.com>; Chris Sargent <csargent@computerlaw.com>; Chrissy Taylor <ctaylor@computerlaw.com>; Anikh Wadhawan <awadhawan@computerlaw.com>; Diane Johnson <djohnson@computerlaw.com>; Elizabeth Day <eday@feinday.com>
**Cc:** Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Ian:

The comparison is against the September 3, 2016 version sent with my email below in the chain (incorporating your requested edits).

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ian Feinberg [mailto:ifeinberg@feinday.com]
**Sent:** Sunday, September 11, 2016 11:09 PM
**To:** Frankel, Aaron; Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Re: Magic Leap v. Bradski et al.: Draft Protective Order

Aaron:  Could you please let me know to which version the comparison relates?  Thanks, Ian



**Ian Feinberg**
ifeinberg@feinday.com
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
650.618.4364 • 650.618.4368 fax
www.feinday.com

**From:** "Frankel, Aaron" <AFrankel@KRAMERLEVIN.com>
**Date:** Sunday, September 11, 2016 at 6:17 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>, Ian Feinberg <ifeinberg@feinday.com>, Jack Russo <jrusso@computerlaw.com>, Chris Sargent <csargent@computerlaw.com>, Chrissy Taylor <ctaylor@computerlaw.com>, Anikh Wadhawan <awadhawan@computerlaw.com>, Diane Johnson <djohnson@computerlaw.com>, Elizabeth Day <eday@feinday.com>
**Cc:** "Andre, Paul" <PAndre@KRAMERLEVIN.com>, "Kobialka, Lisa" <LKobialka@KRAMERLEVIN.com>, "Kastens, Kris" <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Please find attached a revised draft protective order in clean and comparison form.  Magic Leap's responses to Defendants' comments are below in all caps.

Please let me know when you are available this week for a call to attempt to finalize the protective order.  We can also discuss Defendants' email production, to the extent necessary.

Regards,
Aaron

     i.    **§ 2.7**: Magic Leap added information about letting "an advisor" for parties view information. What is contemplated by this term? THE TERM "ADVISOR" IS INTENDED TO PRECLUDE PERSONS WHO HAVE A PREEXISTING ADVISING RELATIONSHIP WITH A PARTY, SUCH AS DR. ABBEEL, FROM SERVING AS AN EXPERT.

     ii.    **§§ 6.2, 7.4(b)–(c):** We would like to use the standard Northern District of California periods of time. WE MADE THE REQUESTED EDITS.

     iii.    **§ 7.2(b):** We request that Magic Leap include our change proposed on August 31, 2016, permitting Dr. Kaehler and Dr. Bradski to review confidential information. MAGIC LEAP AGREES THAT DRS. BRADSKI AND KAEHLER MAY SEE TECHNICAL INFORMATION DESIGNATED "CONFIDENTIAL," BUT NOT FINANCIAL OR OTHER NON-TECHNICAL INFORMATION.

     iv.    **§ 7.3(b):** Magic Leap's proposes to permit "up to two" designated house counsel(s) to review designated information; we assume this includes material witnesses in this matter, Mr. Lundmark and Mr. Albert. We request that Dr. Bradski and Dr. Kaehler be included in the carve-out and be allowed to review all materials. MAGIC LEAP IS WILLING TO WORK WITH DEFENDANTS, FOR EXAMPLE, TO DISCUSS PROVIDING DRS. BRADSKI AND KAEHLER WITH PARTICULAR DOCUMENTS OR MUTUALLY AGREED REDACTED DOCUMENTS ON A CASE-BY-CASE BASIS AS APPROPRIATE. HOWEVER, MAGIC LEAP CANNOT AGREE TO BLANKET PERMISSION FOR DRS. BRADSKI AND KAEHLER, WHO ARE REPRESENTED BY OUTSIDE COUNSEL, TO REVIEW HIGHLY CONFIDENTIAL MATERIALS. UNTIL SUCH TIME AS THE PARTIES REACH AN APPROPRIATE AGREEMENT, PLEASE CONFIRM THAT COUNSEL FOR DEFENDANTS HAVE NOT AND WILL NOT PROVIDE DRS. BRADSKI AND KAEHLER WITH ANY MATERIALS DESIGNATED BY MAGIC LEAP AS HIGHLY CONFIDENTIAL, INCLUDING THE DOCUMENTS SERVED WITH MAGIC LEAP'S OPPOSITION PAPERS.

     v.    **§ 14.3:** We propose that the standard Northern District language be used for this section. PLEASE EXPLAIN WHY DEFENDANTS BELIEVE THEY NEED TO EXPORT OR DISCLOSE OUTSIDE OF THE UNITED STATES MAGIC LEAP'S CONFIDENTIAL, HIGHLY CONFIDENTIAL AND SOURCE CODE INFORMATION.

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363

afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [lgoodnough@computerlaw.com]
**Sent:** Thursday, September 08, 2016 5:20 PM
**To:** Frankel, Aaron; Ian Feinberg; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Dear Aaron,

We have reviewed the proposed protective order and have the following comments:

In general, Dr. Bradski and Dr. Kaehler must be able to review information necessary to prepare their defense.  We propose that they be able to review designated information, subject to the terms of the protective order.  Other comments:

   i.   **§ 2.7**: Magic Leap added information about letting "an advisor" for parties view information. What is contemplated by this term?

   ii.   **§§ 6.2, 7.4(b)–(c):** We would like to use the standard Northern District of California periods of time.

   iii.   **§ 7.2(b):** We request that Magic Leap include our change proposed on August 31, 2016, permitting Dr. Kaehler and Dr. Bradski to review confidential information

   iv.   **§ 7.3(b):** Magic Leap's proposes to permit "up to two" designated house counsel(s) to review designated information; we assume this includes material witnesses in this matter, Mr. Lundmark and Mr. Albert. We request that Dr. Bradski and Dr. Kaehler be included in the carve-out and be allowed to review all materials.

   v.   **§ 14.3:** We propose that the standard Northern District language be used for this section.

Best regards,

Lucy

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Saturday, September 3, 2016 12:15 PM
**To:** Ian Feinberg <ifeinberg@feinday.com>; Lucy Goodnough <lgoodnough@computerlaw.com>; Jack Russo <jrusso@computerlaw.com>; Chris Sargent <csargent@computerlaw.com>; Chrissy Taylor <ctaylor@computerlaw.com>; Anikh Wadhawan <awadhawan@computerlaw.com>; Diane Johnson <djohnson@computerlaw.com>; Elizabeth Day <eday@feinday.com>
**Cc:** Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Please find attached an updated draft of the stipulated protective order, incorporating Ian's requested revision to Section 6.2 and confirming that court reporters do not need to sign an undertaking. The changes over the prior draft are shown in the attached comparison PDF.

Please let us know as soon as possible if Defendants have any further requested edits.

Regards,
Aaron



**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN
NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ian Feinberg [mailto:ifeinberg@feinday.com]
**Sent:** Thursday, September 01, 2016 11:14 PM
**To:** Frankel, Aaron; Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Re: Magic Leap v. Bradski et al.: Draft Protective Order

Aaron: I gave some comments to Lisa in our conversation this afternoon. Fairly minor. Let me know if you need me to send them. Ian



**Ian Feinberg**
ifeinberg@feinday.com
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
650.618.4364 • 650.618.4368 fax
www.feinday.com

**From:** "Frankel, Aaron" <AFrankel@KRAMERLEVIN.com>
**Date:** Thursday, September 1, 2016 at 7:01 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>, Jack Russo <jrusso@computerlaw.com>, Chris Sargent <csargent@computerlaw.com>, Chrissy Taylor <ctaylor@computerlaw.com>, Anikh Wadhawan

<awadhawan@computerlaw.com>, Diane Johnson <djohnson@computerlaw.com>, Ian Feinberg <ifeinberg@feinday.com>, Elizabeth Day <eday@feinday.com>
**Cc:** "Andre, Paul" <PAndre@KRAMERLEVIN.com>, "Kobialka, Lisa" <LKobialka@KRAMERLEVIN.com>, "Kastens, Kris" <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

As discussed during our meet and confer yesterday, please get back to us as soon as possible on the draft protective order so that the parties can exchange confidential information, including the trade secrets disclosure.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Monday, August 29, 2016 12:19 PM
**To:** Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; ifeinberg@feinday.com; eday@feinday.com
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Further to our meet and confer and to enable the parties to exchange confidential information, including the disclosure of trade secrets, please find attached a draft stipulated protective order. Please let us know this week if Defendants have any proposed edits.

Regards,
Aaron

Paul J. Andre (SBN 196585)
Lisa Kobialka (SBN 191404)
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com

AARON M. FRANKEL (*pro hac vice*)
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-7793
Facsimile:  (212) 715-8363
afrankel@kramerlevin.com

*Counsel for Plaintiff*
MAGIC LEAP, INC.

Jack Russo (State Bar No. 96068)
jrusso@computerlaw.com
Christopher Joseph Sargent (State Bar No. 246285)
csargent@computerlaw.com
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863

*Counsel for Defendants*
GARY BRADSKI, ADRIAN KAEHLER and
ROBOTICS ACTUAL, INC.

Ian Neville Feinberg
ifeinberg@feinday.com
FEINBERG DAY ALBERTI
 & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: (650) 618-4360
Facsimile: (650) 618.4368

*Counsel for Defendant*
OPENCV.AI

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAGIC LEAP, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GARY BRADSKI, an individual, ADRIAN KAEHLER, an individual, ROBOTICS ACTUAL, INC., a Delaware Corporation and OPENCV.AI, INC., a Delaware Corporation,<br><br>Defendants. | Case No.: 16-cv-02852-NC<br><br>**STIPULATED PROTECTIVE ORDER** |

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section [14.4], below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE".

1

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of or advisor for a Party or a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of or advisor for a Party or a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, or documents that describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and

defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.  DESIGNATING PROTECTED MATERIAL

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4

---

or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages

5

(including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each

6

challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(g) professional jury or trial consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) Professional Vendors;

(i) during their depositions, witnesses in the action to whom disclosure is reasonably

8

necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j) upon signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A), Defendants Drs. Bradski and Kaehler may review Magic Leap technical information designated CONFIDENTIAL, but not financial or other non-technical information unless otherwise agreed or ordered under the terms of this protective order; and

(k) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to two Designated House Counsel of the Receiving Party (1) who have no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed, but Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE";

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

9

and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) and Professional Vendors to whom disclosure is reasonably necessary for this litigation and;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) the parties will work together to permit Drs. Bradski and Kaehler to have access to particular documents or mutually redacted documents designated "Highly Confidential – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," on a case-by-case basis after they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

10

CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

11

Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

## 8. PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to (1) deep learning techniques applied to computer vision or perception technologies that can be used in any field, including, but not limited to, gaming, manufacturing and medical devices, or (2) augmented or mixed reality technologies, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"), except to the extent that Defendant Gary Bradski and Defendant Adrian Kaehler are inventors on applications that are being filed or were already filed on behalf of Magic Leap.

For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

## 9. SOURCE CODE

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

12

ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.   The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  Such visual monitoring shall not be conducted by an attorney and shall be from a sufficient distance so as not to impair the review of source code or invade work product.

(d)     The Receiving Party may request paper copies of no more than 50 pages of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies

into any electronic format, although portions of the source code may be included in pleadings and expert reports as necessary for the case. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in

14

this action to disobey a lawful directive from another court.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

15

the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

## 14. MISCELLANEOUS

14.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3     Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4     Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public

16

record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

## 15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

///
///
///
///

17

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3                                    Respectfully submitted,

4    DATED:  September 14, 2016        By:  */s/ DRAFT*
                                      Paul J. Andre (State Bar No. 196585)
5                                     pandre@kramerlevin.com
                                      Lisa Kobialka (State Bar No. 191404)
6                                     lkobialka@kramerlevin.com
                                      KRAMER LEVIN NAFTALIS
7                                        & FRANKEL LLP
                                      990 Marsh Road
8                                     Menlo Park, CA  94025
                                      Telephone:  (650) 752-1700
9                                     Facsimile:   (650) 752-1800

10

11                                    AARON M. FRANKEL (*pro hac vice*)
                                      KRAMER LEVIN NAFTALIS
12                                       & FRANKEL LLP
                                      1177 Avenue of the Americas
13                                    New York, NY 10036
                                      Telephone: (212) 715-7793
14                                    Facsimile:  (212) 715-8363
                                      afrankel@kramerlevin.com

15
                                      *Counsel for Plaintiff*
16                                    MAGIC LEAP, INC.

17

18                                    Respectfully submitted,

19
     DATED:  September 14, 2016        By:  */s/ DRAFT*
20                                    Jack Russo (State Bar No. 96068)
                                      jrusso@computerlaw.com
21                                    Christopher Joseph Sargent (State Bar No. 246285)
                                      csargent@computerlaw.com
22                                    COMPUTERLAW GROUP LLP
                                      401 Florence Street
23                                    Palo Alto, CA 94301
                                      Telephone: (650) 327-9800
24                                    Facsimile: (650) 618-1863

25
                                      *Counsel for Defendants*
26                                    GARY BRADSKI, ADRIAN KAEHLER and
                                      ROBOTICS ACTUAL, INC.
27

28                                            18

Respectfully submitted,

DATED: September 14, 2016          By: _/s/DRAFT_____
                                       Ian Neville Feinberg
                                       ifeinberg@feinday.com
                                       FEINBERG DAY ALBERTI
                                        & THOMPSON LLP
                                       1600 El Camino Real, Suite 280
                                       Menlo Park, CA 94025
                                       Telephone: (650) 618-4360
                                       Facsimile: (650) 618.4368

                                       *Counsel for Defendant*
                                       OPENCV.AI

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____    _____
                                       Nathanael Cousins
                                       United States District/Magistrate Judge

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Magic Leap, Inc. v. Bradski et al.,* 16-cv-02852-NC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                            [printed name]

Signature: _____
                         [signature]

## <u>ATTESTATION PURSUANT TO L.R. 5-1(I)</u>

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

*/s/DRAFT*_____
 Lisa Kobialka

# EXHIBIT P-6

| | |
|---|---|
| **From:** | Ian Feinberg <ifeinberg@feinday.com> |
| **Sent:** | Wednesday, September 14, 2016 4:53 PM |
| **To:** | Lucy Goodnough; Frankel, Aaron; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day |
| **Cc:** | Andre, Paul; Kobialka, Lisa; Kastens, Kris |
| **Subject:** | Re: Magic Leap v. Bradski et al.: Draft Protective Order |

Okay by OpenCV.ai.



**Ian Feinberg**
ifeinberg@feinday.com
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
650.618.4364 • 650.618.4368 fax
www.feinday.com

---

**From:** Lucy Goodnough <lgoodnough@computerlaw.com>
**Date:** Wednesday, September 14, 2016 at 4:04 PM
**To:** "Frankel, Aaron" <AFrankel@KRAMERLEVIN.com>, Ian Feinberg <ifeinberg@feinday.com>, Jack Russo <jrusso@computerlaw.com>, Chris Sargent <csargent@computerlaw.com>, Chrissy Taylor <ctaylor@computerlaw.com>, Anikh Wadhawan <awadhawan@computerlaw.com>, Diane Johnson <djohnson@computerlaw.com>, Elizabeth Day <eday@feinday.com>
**Cc:** "Andre, Paul" <PAndre@KRAMERLEVIN.com>, "Kobialka, Lisa" <LKobialka@KRAMERLEVIN.com>, "Kastens, Kris" <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

This time with more attachment.
~LG

---

**From:** Lucy Goodnough
**Sent:** Wednesday, September 14, 2016 4:03 PM
**To:** 'Frankel, Aaron' <AFrankel@KRAMERLEVIN.com>; Ian Feinberg <ifeinberg@feinday.com>; Jack Russo <jrusso@computerlaw.com>; Chris Sargent <csargent@computerlaw.com>; Chrissy Taylor <ctaylor@computerlaw.com>; Anikh Wadhawan <awadhawan@computerlaw.com>; Diane Johnson <djohnson@computerlaw.com>; Elizabeth Day <eday@feinday.com>
**Cc:** Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Dear Counsel:

Clarifying language as discussed with Aaron this morning, attached in redline.

Best,

Lucy

---

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Monday, September 12, 2016 5:06 AM
**To:** Ian Feinberg <ifeinberg@feinday.com>; Lucy Goodnough <lgoodnough@computerlaw.com>; Jack Russo
<jrusso@computerlaw.com>; Chris Sargent <csargent@computerlaw.com>; Chrissy Taylor
<ctaylor@computerlaw.com>; Anikh Wadhawan <awadhawan@computerlaw.com>; Diane Johnson
<djohnson@computerlaw.com>; Elizabeth Day <eday@feinday.com>
**Cc:** Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris
<KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Ian:

The comparison is against the September 3, 2016 version sent with my email below in the chain (incorporating your requested edits).

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ian Feinberg [mailto:ifeinberg@feinday.com]
**Sent:** Sunday, September 11, 2016 11:09 PM
**To:** Frankel, Aaron; Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson;
Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Re: Magic Leap v. Bradski et al.: Draft Protective Order

Aaron:  Could you please let me know to which version the comparison relates?  Thanks, Ian



**Ian Feinberg**
ifeinberg@feinday.com
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280

**From:** "Frankel, Aaron" <AFrankel@KRAMERLEVIN.com>
**Date:** Sunday, September 11, 2016 at 6:17 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>, Ian Feinberg <ifeinberg@feinday.com>, Jack Russo <jrusso@computerlaw.com>, Chris Sargent <csargent@computerlaw.com>, Chrissy Taylor <ctaylor@computerlaw.com>, Anikh Wadhawan <awadhawan@computerlaw.com>, Diane Johnson <djohnson@computerlaw.com>, Elizabeth Day <eday@feinday.com>
**Cc:** "Andre, Paul" <PAndre@KRAMERLEVIN.com>, "Kobialka, Lisa" <LKobialka@KRAMERLEVIN.com>, "Kastens, Kris" <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Please find attached a revised draft protective order in clean and comparison form. Magic Leap's responses to Defendants' comments are below in all caps.

Please let me know when you are available this week for a call to attempt to finalize the protective order. We can also discuss Defendants' email production, to the extent necessary.

Regards,
Aaron

   i.     **§ 2.7**: Magic Leap added information about letting "an advisor" for parties view information. What is contemplated by this term? THE TERM "ADVISOR" IS INTENDED TO PRECLUDE PERSONS WHO HAVE A PREEXISTING ADVISING RELATIONSHIP WITH A PARTY, SUCH AS DR. ABBEEL, FROM SERVING AS AN EXPERT.

   ii.    **§§ 6.2, 7.4(b)–(c):** We would like to use the standard Northern District of California periods of time. WE MADE THE REQUESTED EDITS.

   iii.   **§ 7.2(b):** We request that Magic Leap include our change proposed on August 31, 2016, permitting Dr. Kaehler and Dr. Bradski to review confidential information. MAGIC LEAP AGREES THAT DRS. BRADSKI AND KAEHLER MAY SEE TECHNICAL INFORMATION DESIGNATED "CONFIDENTIAL," BUT NOT FINANCIAL OR OTHER NON-TECHNICAL INFORMATION.

   iv.    **§ 7.3(b):** Magic Leap's proposes to permit "up to two" designated house counsel(s) to review designated information; we assume this includes material witnesses in this matter, Mr. Lundmark and Mr. Albert. We request that Dr. Bradski and Dr. Kaehler be included in the carve-out and be allowed to review all materials. MAGIC LEAP IS WILLING TO WORK WITH DEFENDANTS, FOR EXAMPLE, TO DISCUSS PROVIDING DRS. BRADSKI AND KAEHLER WITH PARTICULAR DOCUMENTS OR MUTUALLY AGREED REDACTED DOCUMENTS ON A CASE-BY-CASE BASIS AS APPROPRIATE. HOWEVER, MAGIC LEAP CANNOT AGREE TO BLANKET PERMISSION

FOR DRS. BRADSKI AND KAEHLER, WHO ARE REPRESENTED BY OUTSIDE COUNSEL, TO REVIEW HIGHLY CONFIDENTIAL MATERIALS. UNTIL SUCH TIME AS THE PARTIES REACH AN APPROPRIATE AGREEMENT, PLEASE CONFIRM THAT COUNSEL FOR DEFENDANTS HAVE NOT AND WILL NOT PROVIDE DRS. BRADSKI AND KAEHLER WITH ANY MATERIALS DESIGNATED BY MAGIC LEAP AS HIGHLY CONFIDENTIAL, INCLUDING THE DOCUMENTS SERVED WITH MAGIC LEAP'S OPPOSITION PAPERS.

     v.    **§ 14.3:** We propose that the standard Northern District language be used for this section. PLEASE EXPLAIN WHY DEFENDANTS BELIEVE THEY NEED TO EXPORT OR DISCLOSE OUTSIDE OF THE UNITED STATES MAGIC LEAP'S CONFIDENTIAL, HIGHLY CONFIDENTIAL AND SOURCE CODE INFORMATION.

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN
NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [lgoodnough@computerlaw.com]
**Sent:** Thursday, September 08, 2016 5:20 PM
**To:** Frankel, Aaron; Ian Feinberg; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Dear Aaron,

We have reviewed the proposed protective order and have the following comments:

In general, Dr. Bradski and Dr. Kaehler must be able to review information necessary to prepare their defense. We propose that they be able to review designated information, subject to the terms of the protective order. Other comments:

     i.    **§ 2.7**: Magic Leap added information about letting "an advisor" for parties view information. What is contemplated by this term?

     ii.    **§§ 6.2, 7.4(b)–(c):** We would like to use the standard Northern District of California periods of time.

iii.    **§ 7.2(b):** We request that Magic Leap include our change proposed on August 31, 2016, permitting Dr. Kaehler and Dr. Bradski to review confidential information

iv.    **§ 7.3(b):** Magic Leap's proposes to permit "up to two" designated house counsel(s) to review designated information; we assume this includes material witnesses in this matter, Mr. Lundmark and Mr. Albert. We request that Dr. Bradski and Dr. Kaehler be included in the carve-out and be allowed to review all materials.

v.    **§ 14.3:** We propose that the standard Northern District language be used for this section.

Best regards,

Lucy

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Saturday, September 3, 2016 12:15 PM
**To:** Ian Feinberg <ifeinberg@feinday.com>; Lucy Goodnough <lgoodnough@computerlaw.com>; Jack Russo <jrusso@computerlaw.com>; Chris Sargent <csargent@computerlaw.com>; Chrissy Taylor <ctaylor@computerlaw.com>; Anikh Wadhawan <awadhawan@computerlaw.com>; Diane Johnson <djohnson@computerlaw.com>; Elizabeth Day <eday@feinday.com>
**Cc:** Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Please find attached an updated draft of the stipulated protective order, incorporating Ian's requested revision to Section 6.2 and confirming that court reporters do not need to sign an undertaking. The changes over the prior draft are shown in the attached comparison PDF.

Please let us know as soon as possible if Defendants have any further requested edits.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ian Feinberg [mailto:ifeinberg@feinday.com]
**Sent:** Thursday, September 01, 2016 11:14 PM
**To:** Frankel, Aaron; Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Re: Magic Leap v. Bradski et al.: Draft Protective Order

Aaron:  I gave some comments to Lisa in our conversation this afternoon.  Fairly minor.  Let me know if you need me to send them.  Ian



**Ian Feinberg**
ifeinberg@feinday.com
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
650.618.4364 • 650.618.4368 fax
www.feinday.com

---

**From:** "Frankel, Aaron" <AFrankel@KRAMERLEVIN.com>
**Date:** Thursday, September 1, 2016 at 7:01 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>, Jack Russo <jrusso@computerlaw.com>, Chris Sargent <csargent@computerlaw.com>, Chrissy Taylor <ctaylor@computerlaw.com>, Anikh Wadhawan <awadhawan@computerlaw.com>, Diane Johnson <djohnson@computerlaw.com>, Ian Feinberg <ifeinberg@feinday.com>, Elizabeth Day <eday@feinday.com>
**Cc:** "Andre, Paul" <PAndre@KRAMERLEVIN.com>, "Kobialka, Lisa" <LKobialka@KRAMERLEVIN.com>, "Kastens, Kris" <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

As discussed during our meet and confer yesterday, please get back to us as soon as possible on the draft protective order so that the parties can exchange confidential information, including the trade secrets disclosure.

Regards,
Aaron


**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Monday, August 29, 2016 12:19 PM
**To:** Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; ifeinberg@feinday.com; eday@feinday.com
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Further to our meet and confer and to enable the parties to exchange confidential information, including the disclosure of trade secrets, please find attached a draft stipulated protective order.  Please let us know this week if Defendants have any proposed edits.

Regards,
Aaron

# EXHIBIT P-7

# Chrissy Taylor

| | |
|---|---|
| **From:** | Frankel, Aaron <AFrankel@KRAMERLEVIN.com> |
| **Sent:** | Friday, September 16, 2016 10:12 AM |
| **To:** | Ian Feinberg; Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day |
| **Cc:** | Andre, Paul; Kobialka, Lisa; Kastens, Kris |
| **Subject:** | RE: Magic Leap v. Bradski et al.: Draft Protective Order |

Counsel:

We will file shortly.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ian Feinberg [mailto:ifeinberg@feinday.com]
**Sent:** Friday, September 16, 2016 12:04 PM
**To:** Lucy Goodnough; Frankel, Aaron; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Re: Magic Leap v. Bradski et al.: Draft Protective Order

You have permission to sign for me too.



**Ian Feinberg**
ifeinberg@feinday.com
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
650.618.4364 • 650.618.4368 fax
www.feinday.com

**From:** Lucy Goodnough <lgoodnough@computerlaw.com>
**Date:** Friday, September 16, 2016 at 9:02 AM
**To:** "Frankel, Aaron" <AFrankel@KRAMERLEVIN.com>, Ian Feinberg <ifeinberg@feinday.com>, Jack Russo <jrusso@computerlaw.com>, Chris Sargent <csargent@computerlaw.com>, Chrissy Taylor <ctaylor@computerlaw.com>, Anikh Wadhawan <awadhawan@computerlaw.com>, Diane Johnson <djohnson@computerlaw.com>, Elizabeth Day <eday@feinday.com>
**Cc:** "Andre, Paul" <PAndre@KRAMERLEVIN.com>, "Kobialka, Lisa" <LKobialka@KRAMERLEVIN.com>, "Kastens, Kris" <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Aaron,

Thanks very much.  You have permission to e-sign for Jack Russo.

Best,

Lucy

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Thursday, September 15, 2016 6:25 AM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>; Ian Feinberg <ifeinberg@feinday.com>; Jack Russo <jrusso@computerlaw.com>; Chris Sargent <csargent@computerlaw.com>; Chrissy Taylor <ctaylor@computerlaw.com>; Anikh Wadhawan <awadhawan@computerlaw.com>; Diane Johnson <djohnson@computerlaw.com>; Elizabeth Day <eday@feinday.com>
**Cc:** Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Lucy:

It looks like Defendants' insert from yesterday was added into an older version of the draft (see Sections 7.2 and 7.3 of your markup).  I moved Defendants' new section 14.3 into the attached current draft, and further modified it as shown in track changes, primarily to clarify that HIGHLY CONFIDENTIAL SOURCE CODE may not be removed from the United States.

Please let me know if the attached draft is acceptable to all Defendants and if we have permission to e-sign on your behalf and file.  If not, we can discuss any remaining issues this morning.

Regards,
Aaron


**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363

afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [mailto:lgoodnough@computerlaw.com]
**Sent:** Wednesday, September 14, 2016 7:04 PM
**To:** Frankel, Aaron; Ian Feinberg; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

This time with more attachment.
~LG

---

**From:** Lucy Goodnough
**Sent:** Wednesday, September 14, 2016 4:03 PM
**To:** 'Frankel, Aaron' <AFrankel@KRAMERLEVIN.com>; Ian Feinberg <ifeinberg@feinday.com>; Jack Russo <jrusso@computerlaw.com>; Chris Sargent <csargent@computerlaw.com>; Chrissy Taylor <ctaylor@computerlaw.com>; Anikh Wadhawan <awadhawan@computerlaw.com>; Diane Johnson <djohnson@computerlaw.com>; Elizabeth Day <eday@feinday.com>
**Cc:** Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Dear Counsel:

Clarifying language as discussed with Aaron this morning, attached in redline.

Best,

Lucy

---

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Monday, September 12, 2016 5:06 AM
**To:** Ian Feinberg <ifeinberg@feinday.com>; Lucy Goodnough <lgoodnough@computerlaw.com>; Jack Russo <jrusso@computerlaw.com>; Chris Sargent <csargent@computerlaw.com>; Chrissy Taylor <ctaylor@computerlaw.com>; Anikh Wadhawan <awadhawan@computerlaw.com>; Diane Johnson <djohnson@computerlaw.com>; Elizabeth Day <eday@feinday.com>
**Cc:** Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Ian:

The comparison is against the September 3, 2016 version sent with my email below in the chain (incorporating your requested edits).

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ian Feinberg [mailto:ifeinberg@feinday.com]
**Sent:** Sunday, September 11, 2016 11:09 PM
**To:** Frankel, Aaron; Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Re: Magic Leap v. Bradski et al.: Draft Protective Order

Aaron:  Could you please let me know to which version the comparison relates?  Thanks, Ian



**Ian Feinberg**
ifeinberg@feinday.com
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
650.618.4364 • 650.618.4368 fax
www.feinday.com

**From:** "Frankel, Aaron" <AFrankel@KRAMERLEVIN.com>
**Date:** Sunday, September 11, 2016 at 6:17 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>, Ian Feinberg <ifeinberg@feinday.com>, Jack Russo <jrusso@computerlaw.com>, Chris Sargent <csargent@computerlaw.com>, Chrissy Taylor <ctaylor@computerlaw.com>, Anikh Wadhawan <awadhawan@computerlaw.com>, Diane Johnson <djohnson@computerlaw.com>, Elizabeth Day <eday@feinday.com>
**Cc:** "Andre, Paul" <PAndre@KRAMERLEVIN.com>, "Kobialka, Lisa" <LKobialka@KRAMERLEVIN.com>, "Kastens, Kris" <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Please find attached a revised draft protective order in clean and comparison form.  Magic Leap's responses to Defendants' comments are below in all caps.

Please let me know when you are available this week for a call to attempt to finalize the protective order.  We can also discuss Defendants' email production, to the extent necessary.

Regards,
Aaron

    i.    **§ 2.7**: Magic Leap added information about letting "an advisor" for parties view information. What is contemplated by this term?  THE TERM "ADVISOR" IS INTENDED TO PRECLUDE PERSONS WHO HAVE A PREEXISTING ADVISING RELATIONSHIP WITH A PARTY, SUCH AS DR. ABBEEL, FROM SERVING AS AN EXPERT.

    ii.    **§§ 6.2, 7.4(b)–(c):** We would like to use the standard Northern District of California periods of time.  WE MADE THE REQUESTED EDITS.

    iii.    **§ 7.2(b):** We request that Magic Leap include our change proposed on August 31, 2016, permitting Dr. Kaehler and Dr. Bradski to review confidential information.  MAGIC LEAP AGREES THAT DRS. BRADSKI AND KAEHLER MAY SEE TECHNICAL INFORMATION DESIGNATED "CONFIDENTIAL," BUT NOT FINANCIAL OR OTHER NON-TECHNICAL INFORMATION.

    iv.    **§ 7.3(b):** Magic Leap's proposes to permit "up to two" designated house counsel(s) to review designated information; we assume this includes material witnesses in this matter, Mr. Lundmark and Mr. Albert. We request that Dr. Bradski and Dr. Kaehler be included in the carve-out and be allowed to review all materials.  MAGIC LEAP IS WILLING TO WORK WITH DEFENDANTS, FOR EXAMPLE, TO DISCUSS PROVIDING DRS. BRADSKI AND KAEHLER WITH PARTICULAR DOCUMENTS OR MUTUALLY AGREED REDACTED DOCUMENTS ON A CASE-BY-CASE BASIS AS APPROPRIATE.  HOWEVER, MAGIC LEAP CANNOT AGREE TO BLANKET PERMISSION FOR DRS. BRADSKI AND KAEHLER, WHO ARE REPRESENTED BY OUTSIDE COUNSEL, TO REVIEW HIGHLY CONFIDENTIAL MATERIALS.  UNTIL SUCH TIME AS THE PARTIES REACH AN APPROPRIATE AGREEMENT, PLEASE CONFIRM THAT COUNSEL FOR DEFENDANTS HAVE NOT AND WILL NOT PROVIDE DRS. BRADSKI AND KAEHLER WITH ANY MATERIALS DESIGNATED BY MAGIC LEAP AS HIGHLY CONFIDENTIAL, INCLUDING THE DOCUMENTS SERVED WITH MAGIC LEAP'S OPPOSITION PAPERS.

    v.    **§ 14.3:** We propose that the standard Northern District language be used for this section.  PLEASE EXPLAIN WHY DEFENDANTS BELIEVE THEY NEED TO EXPORT OR DISCLOSE OUTSIDE OF THE UNITED STATES MAGIC LEAP'S CONFIDENTIAL, HIGHLY CONFIDENTIAL AND SOURCE CODE INFORMATION.

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN
NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas

New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [lgoodnough@computerlaw.com]
**Sent:** Thursday, September 08, 2016 5:20 PM
**To:** Frankel, Aaron; Ian Feinberg; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Dear Aaron,

We have reviewed the proposed protective order and have the following comments:

In general, Dr. Bradski and Dr. Kaehler must be able to review information necessary to prepare their defense. We propose that they be able to review designated information, subject to the terms of the protective order. Other comments:

i.  **§ 2.7**: Magic Leap added information about letting "an advisor" for parties view information. What is contemplated by this term?

ii.  **§§ 6.2, 7.4(b)–(c):** We would like to use the standard Northern District of California periods of time.

iii.  **§ 7.2(b):** We request that Magic Leap include our change proposed on August 31, 2016, permitting Dr. Kaehler and Dr. Bradski to review confidential information

iv.  **§ 7.3(b):** Magic Leap's proposes to permit "up to two" designated house counsel(s) to review designated information; we assume this includes material witnesses in this matter, Mr. Lundmark and Mr. Albert. We request that Dr. Bradski and Dr. Kaehler be included in the carve-out and be allowed to review all materials.

v.  **§ 14.3:** We propose that the standard Northern District language be used for this section.

Best regards,

Lucy

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Saturday, September 3, 2016 12:15 PM
**To:** Ian Feinberg <ifeinberg@feinday.com>; Lucy Goodnough <lgoodnough@computerlaw.com>; Jack Russo <jrusso@computerlaw.com>; Chris Sargent <csargent@computerlaw.com>; Chrissy Taylor <ctaylor@computerlaw.com>; Anikh Wadhawan <awadhawan@computerlaw.com>; Diane Johnson <djohnson@computerlaw.com>; Elizabeth Day <eday@feinday.com>
**Cc:** Andre, Paul <PAndre@KRAMERLEVIN.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris

<KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Please find attached an updated draft of the stipulated protective order, incorporating Ian's requested revision to Section 6.2 and confirming that court reporters do not need to sign an undertaking. The changes over the prior draft are shown in the attached comparison PDF.

Please let us know as soon as possible if Defendants have any further requested edits.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ian Feinberg [mailto:ifeinberg@feinday.com]
**Sent:** Thursday, September 01, 2016 11:14 PM
**To:** Frankel, Aaron; Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; Elizabeth Day
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Re: Magic Leap v. Bradski et al.: Draft Protective Order

Aaron:  I gave some comments to Lisa in our conversation this afternoon.  Fairly minor.  Let me know if you need me to send them.  Ian



**Ian Feinberg**
ifeinberg@feinday.com
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
650.618.4364 • 650.618.4368 fax
www.feinday.com

**From:** "Frankel, Aaron" <AFrankel@KRAMERLEVIN.com>
**Date:** Thursday, September 1, 2016 at 7:01 PM

**To:** Lucy Goodnough <lgoodnough@computerlaw.com>, Jack Russo <jrusso@computerlaw.com>, Chris Sargent <csargent@computerlaw.com>, Chrissy Taylor <ctaylor@computerlaw.com>, Anikh Wadhawan <awadhawan@computerlaw.com>, Diane Johnson <djohnson@computerlaw.com>, Ian Feinberg <ifeinberg@feinday.com>, Elizabeth Day <eday@feinday.com>
**Cc:** "Andre, Paul" <PAndre@KRAMERLEVIN.com>, "Kobialka, Lisa" <LKobialka@KRAMERLEVIN.com>, "Kastens, Kris" <KKastens@KRAMERLEVIN.com>
**Subject:** RE: Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

As discussed during our meet and confer yesterday, please get back to us as soon as possible on the draft protective order so that the parties can exchange confidential information, including the trade secrets disclosure.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN
NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Monday, August 29, 2016 12:19 PM
**To:** Lucy Goodnough; Jack Russo; Chris Sargent; Chrissy Taylor; Anikh Wadhawan; Diane Johnson; ifeinberg@feinday.com; eday@feinday.com
**Cc:** Andre, Paul; Kobialka, Lisa; Kastens, Kris
**Subject:** Magic Leap v. Bradski et al.: Draft Protective Order

Counsel:

Further to our meet and confer and to enable the parties to exchange confidential information, including the disclosure of trade secrets, please find attached a draft stipulated protective order. Please let us know this week if Defendants have any proposed edits.

Regards,
Aaron

# EXHIBIT Q

| | |
|---|---|
| **From:** | Lucy Goodnough |
| **Sent:** | Friday, September 16, 2016 10:24 AM |
| **To:** | 'Frankel, Aaron' |
| **Cc:** | Radha Ramakrishnan; Kobialka, Lisa; Kastens, Kris; Chris Sargent; Jack Russo; Andre, Paul; Chrissy Taylor |
| **Subject:** | RE: MAGIC2 Follow up |

Great, thanks, Aaron, I look forward to it.

Please also let me know a time when you might be available to discuss Magic Leap producing the following categories of documents:

1. All communications bet. Magic Leap and any third parties about its manufacturing plant's production line utilizing robotic technology
2. All communications with the medical device company that reached out to ML in early 2016 to discuss the project stated in Abovitz Decl., ¶ 7
3. All communications with any potential partners referred to in Abovitz Decl., ¶ 7
4. All communications with any investors referred to in Abovitz Decl., ¶ 8
5. All communications concerning acquisition of Itseez by Magic Leap, Google, or any third party
6. Documents identifying the author or date, or concerning the drafting of the document attached as Exhibit 4, "Systems and Methods for Augmented Reality" to the Kobialka Declaration
7. Documents showing communication of Exhibit 4, "Systems and Methods for Augmented Reality" to either Dr. Bradski or Dr. Kaehler
8. All documents showing Magic Leap's roadmap from 9/9/2013–date of Defendants' termination
9. All documents concerning ¶ 7 of Mr. Vlietstra's Declaration
10. Communications responsive to the following search terms:
    a. Robotics
    b. Robot development
    c. Automat* or semi-automat*
    d. "trade secret"
    e. "Stock forfeiture"
    f. "Option forfeiture"
    g. "Vested options"
    h. "Non-vested options"
    i. "Private sale"
    j. "Accredited investor"
    k. "Approved investor"
    l. "Consulting rights"
    m. "Moonlighting policy"
    n. "Moonlight"
    o. "independent contractor"
    p. "(Gary OR Bradski) AND (Adrian OR Kaehler)"
    q. "(Adrian OR Kaehler) AND (Adrian OR Kaehler)"
    r. "poaching"
    s. "Solicitation"
    t. "reinforcement learning" or "deep reinforcement"

Best regards,

Lucy Goodnough

**From:** Frankel, Aaron [mailto:AFrankel@KRAMERLEVIN.com]
**Sent:** Thursday, September 15, 2016 7:00 PM
**To:** Lucy Goodnough <lgoodnough@computerlaw.com>
**Cc:** Radha Ramakrishnan <rramakrishnan@computerlaw.com>; Kobialka, Lisa <LKobialka@KRAMERLEVIN.com>; Kastens, Kris <KKastens@KRAMERLEVIN.com>; Chris Sargent <csargent@computerlaw.com>; Jack Russo <jrusso@computerlaw.com>; Andre, Paul <PAndre@KRAMERLEVIN.com>; Chrissy Taylor <ctaylor@computerlaw.com>
**Subject:** RE: MAGIC2 Follow up

Yes.  I will call you then.

Regards,
Aaron


**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Lucy Goodnough [lgoodnough@computerlaw.com]
**Sent:** Thursday, September 15, 2016 9:32 PM
**To:** Frankel, Aaron
**Cc:** Radha Ramakrishnan; Kobialka, Lisa; Kastens, Kris; Chris Sargent; Jack Russo; Andre, Paul; Chrissy Taylor
**Subject:** Re: MAGIC2 Follow up

Can you speak tomorrow at 1130 am PST?

Get Outlook for iOS

**From:** Frankel, Aaron <AFrankel@KRAMERLEVIN.com>
**Sent:** Thursday, September 15, 2016 6:05:13 PM
**To:** Lucy Goodnough
**Cc:** Chris Sargent; Jack Russo; Radha Ramakrishnan; Chrissy Taylor; Kobialka, Lisa; Andre, Paul; Kastens, Kris
**Subject:** RE: MAGIC2 Follow up

Lucy:

Please let me know when you have the search results so we can continue our discussion and attempt to reach agreement on both the search terms and a date certain by which Defendants will produce the responsive documents. I am generally available tomorrow and over the weekend.

Please be advised that if we are unable to reach agreement we will contact the Court Monday morning and request an immediate hearing to move this process along.

Regards,
Aaron

**Aaron M. Frankel**
Special Counsel

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036
O: 212-715-7793 | F: 212-715-8363
afrankel@kramerlevin.com
view bio
www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Frankel, Aaron
**Sent:** Thursday, September 15, 2016 9:37 AM
**To:** Lucy Goodnough
**Cc:** Chris Sargent; Jack Russo; Radha Ramakrishnan; Chrissy Taylor; Kobialka, Lisa; Andre, Paul; Kastens, Kris
**Subject:** RE: MAGIC2 Follow up

Lucy:

I look forward to discussing the search terms this morning.

Once the protective order is entered and Drs. Bradski and Kaehler have signed the Acknowledgement, you may show them unredacted copies of:

Abovitz Declaration
Lundmark Declaration
Vlietstra Declaration (with the figure at 1:26 redacted)
Greco Declaration
Henry Declaration
Pellet Declaration
Kobialka Declaration Exhibits 5, 9, 10–18, 22, 24, 28–34

As we discussed, Magic Leap has **not** authorized the disclosure of Kobialka Declaration Exhibit 4 to Drs. Bradski and Kaehler, beyond informing them of the title of the unpublished patent application.

Regards,
Aaron

Dear Aaron:

Thank you for our calls today.

Magic Leap agreed on a one-week extension for Defendants on the three replies in 16-02852, to allow Defendants to review the information they have requested to be allowed to review filed with the oppositions, and an extension to October 12, 2016 for Magic Leap to respond to the Amended Complaint in 16-, to allow Magic Leap to respond to the new allegations and claims for relief. That stipulation is attached for your review.

We reviewed the # of files on the 68 search terms on the Kaehler machine, at ~86,600 files, as well as specific search terms that are producing multiple thousands of files. We discussed removing, e.g., ▇▇ and ▇▇▇▇ and/or the search terms for files which Magic Leap can search on its own devices and servers, those that are aimed at "@magicleap.com" email addresses. We also discussed Defendants proposal as to whether there was a unique term that could be done as a sub-search of the ▇▇▇▇ files.

We agreed to table the discussion, reserving all rights, regarding production of ESI other than emails from the machines.

You mentioned Magic Leap is willing for Dr. Bradski and Dr. Kaehler be allowed to review the files requested, once the protective order is entered and the Acknowledgement & Agreement to Be Bound and that counsel may reveal the title of Kobialka Decl., Exhibit 4 document to Dr. Kaehler.

I agreed to provide you with the attached redline of the proposed protective order for review.

I hope you enjoy your evening, and will call you tomorrow morning to follow up regarding the data on the search results from the additional 38 search terms on the Bradski machine.

Best regards,

Lucy

# EXHIBIT R

TELEPHONE
(650) 327-9800

FAX
(650) 618-1863

September 28, 2016

**By Email and U.S. Mail**
Aaron Frankel
Kramer Levin LLP
1177 Avenue of the Americas
New York, NY 10036
afrankel@kramerlevin.com

Re:     *Magic Leap, Inc. v. Bradski et al.,* Case No. 5:16-cv-02852-NC

Dear Counsel:

Your list of search terms returned 16,678 files for two individuals to review for privilege and produce in discovery on your trade secret claims, on the basis of a wholly deficient trade secret identification that was promised by Monday of last week, and not delivered until Friday afternoon—and then the individuals are not even permitted to review it! We still do not have a trade secret identification from you that complies with § 2019.210, nor do we have any admissible evidence that indicates that the discovery sought is at all proportionate to the amount in dispute in this case. Has Magic Leap lost even a single employee to any Defendant?

We are asking again for you to reconsider both the deficient TSL (and our clients' rights to see it) as well as whether Magic Leap will provide at least a minimal set of documents where the hits are to "robots" or "robotics" or "deep learning" or "reinforcement learning" — and perhaps we can mutually exchange the most relevant items before the October 11 mediation?

Else, Defendants will just file our motion to get Judge Cousins to rule on:

1.     Whether our clients get access to see what they are accused of?

2.     Whether there is a specific TSL that that is far more reasonable and far less generic?

3.     Whether there can be some type of reasonable exchange before the October 11 mediation or before the October 12 hearing?

We enclose the form of a proposed stipulation to resolve this dispute informally for your review. We have added protective provisions and a very narrow approach on what you would need to agree to for us to avoid a hearing before Judge Cousins. Please advise.

Very truly yours,

Jack Russo

*Enclosures*

Cc: Lisa Kobialka, Paul Andre, Kristopher Kastens, Ian Feinberg, Elizabeth Day (By email, with enclosures)

Paul J. Andre (SBN 196585)
Lisa Kobialka (SBN 191404)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com

Counsel for Plaintiff
MAGIC LEAP, INC.

Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800 office
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Defendants
GARY BRADSKI AND ADRIAN KAEHLER

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| MAGIC LEAP, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> GARY BRADSKI, an individual, ADRIAN KAEHLER, an individual, ROBOTICS ACTUAL, INC., a Delaware corporation, and OPENCV.AI, a Delaware corporation, <br><br> Defendants. | Case No. 5:16-cv-02852-NC <br><br> **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY PLAN** |

Computerlaw Group LLP
www.computerlaw.com℠

WHEREAS, the undersigned, through counsel (the "Parties") submitted the Joint Proposed Discovery Plan [ECF No. 84], granted as modified by Judge Cousin's September 1, 2016 Order [ECF No. 88].

WHEREAS, Magic Leap has requested that Defendants review and produce over 16,678 files totaling well over 50,000–100,000 pages responsive to lists of 50+ search terms for each individual Defendants;

WHEREAS, these individuals have incurred no less than $11,650 in the imaging, archiving, analysis, and keyword searches requested by Magic Leap regarding ESI to date;

WHEREAS, Defendants have objected to Magic Leap's identification of trade secrets and have requested to meet and confer on (1) compliance with § 2019.210; (2) the individual Defendants' ability to review the trade secret identification to respond to Magic Leap's accusations; and (3) a schedule for reasonable, mutual discovery of the most relevant communications in advance of the settlement conference and/or hearing on October 12, 2016;

**STIPULATION**

NOW THEREFORE, it is stipulated and agreed without prejudice to any of the Parties or their respective positions as follows:

A.    Dr. Bradski and Dr. Kaehler shall be able to review at counsel's offices one hard copy each of Magic Leap's Trade Secret List(s) to see what they are accused of, and the Trade Secret List shall be designated Confidential under the Stipulated Protective Order [ECF Nos. 108, 109].[1]

B.    Magic Leap will serve its revised Trade Secret List complying with § 2019.210 by Tuesday, October 4, 2016.

C.    By Friday, September 30, 2016, the Parties will exchange a set of not more than ten (10) mutual search terms and within five (5) days of Magic Leap serving its revised Trade Secret List complying with § 2019.210, will mutually produce email communications responsive

---

[1] All work product marked on such copies shall be preserved at the offices of Computerlaw Group LLP in a locked file

Computerlaw Group LLP
www.computerlawgroup.com℠

to those search terms, with Defendants agreeing to produce non-privileged, responsive ESI from

their personal Gmail accounts and Plaintiff agreeing to search and produce non-privileged,

responsive ESI from all email accounts of its six declarants:

1. Rony Abovitz

2. Scott Henry

3. Yannick Pellet

4. Hendrick Vlietstra

5. David Lundmark and

6. Paul Greco.

**So stipulated.**

Dated: September 28, 2016

Respectfully submitted,
KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____

    Paul Andre
    Lisa Kobialka
    Aaron Frankel

Attorneys for Plaintiff
MAGIC LEAP, INC.

Dated: September 28, 2016

COMPUTERLAW GROUP LLP

By: _____

    Jack Russo
    Christopher Sargent

Attorneys for Defendants
GARY BRADSKI AND ADRIAN KAEHLER

## [PROPOSED] ORDER

The Stipulation as set forth above is adopted as an Order of this Court and the Discovery

Plan ordered on September 1, 2016 is so modified.

**So Ordered.**

Dated: _____, 2016

_____
Hon. Nathanael M. Cousins
Magistrate Judge of the District Court

# EXHIBIT S

# Computerlaw Group LLP

ATTORNEYS AT LAW
401 FLORENCE STREET
Palo Alto, California 94301
COMPUTERLAW.COM

Telephone
(650) 327-9800

Fax
(650) 618-1863

September 26, 2016

**By Email & Golden State Overnight**

Lisa Kobialka, Esq.
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, California 94025
lkobialka@kramerlevin.com

      Re:    <u>Magic Leap, Inc. v. Gary Bradski, et al.</u>
                N.D. Cal. Case No. 5:16-cv-02852-NC

Dear Counsel:

We have reviewed your 100+ pages of claimed "Section 2019.210" trade secret disclosure (the "<u>Trade Secret List</u>" or "<u>TSL</u>"). First, you cannot possibly be serious that two out-of-work individuals, neither of which is engaged in any business whatsoever and both of which are looking for work, are somehow misappropriating all or any of the general areas you claim. What evidence do you have of that? We know of none, and we believe this is merely more "Scorched Earth" litigation tactic being applied here.

Second, the "reasonable particularity" required by the statute is hardly met by the various "labels" you have chosen. One does not get to claim that the Coca-Cola formula is secret, has been stolen, and is being misappropriated, and then just use labels like "methods," and "techniques," and "proprietary technologies" without providing any detailed content. Much more is required, and much more will be sought from the Court if you are seriously contending that you believe Dr. Bradski and/or Dr. Kaehler are actually working in any of these areas when the plain and known fact is they are unemployed.

Third, we will move for an Order from Judge Cousins barring the use of this TSL and requiring the detailed disclosures that we require, unless you agree to narrow substantially what it really is that you have some evidence on as misappropriated here. We will move for an Order following in camera review:



1.   Striking the words ███████████████████████" at each of the instances it appears in the TSL unless ML produces an identification of each ████████ ███████" in sufficient detail to allow each Defendant or his or its expert to discern what is published, public or otherwise readily ascertainable including, for example, through all or any of the published materials about ML which are set forth in Exhibit A;

2.   Striking the words "████████ or ███████████ at each of the instances they appear in the TSL unless Magic Leap produces an identification of each one in sufficient detail to allow each Defendant or his or its expert to discern what is published, public or otherwise

readily ascertainable including, for example, through all or any of the published materials which are set forth in Exhibits B–E;

3. Striking the words ███████ at each of the instances they appear in the TSL unless Magic Leap produces an identification of each one in sufficient detail to allow each Defendant or his or its expert to discern what is published, public or otherwise readily ascertainable including, for example, through all or any of the published materials which are set forth in Exhibits F–H and Exhibit W;

4. Striking the words ███████ at each of the instances they appear in the TSL unless Magic Leap produces an identification of each one in sufficient detail to allow each Defendant or his or its expert to discern what is published, public or otherwise readily ascertainable including, for example, through all or any of the published materials which are set forth in Exhibits F–H;

5. Striking the words ███████ at each of the instances they appear in the TSL unless Magic Leap produces an identification of each one in sufficient detail to allow each Defendant or his or its expert to discern what is published, public or otherwise readily ascertainable including, for example, through all or any of the published materials which are set forth in Exhibit I;

6. Striking the words ███████████████ at each of the instances they appear in the TSL unless Magic Leap produces an identification of each one in sufficient detail to allow each Defendant or his or its expert to discern what is published, public or otherwise readily ascertainable including, for example, through all or any of the published materials which are set forth in Exhibits J–K;

7. Striking the words ████████████ at each of the instances they appear in the TSL unless Magic Leap produces an identification of each one in sufficient detail to allow each Defendant or his or its expert to discern what is published, public or otherwise readily ascertainable including, for example, through all or any of the published materials which are set forth in Exhibits J–K;

8. Striking the words ██████ and ████████ at each of the instances they appear in the TSL unless Magic Leap produces an identification of each one in sufficient detail to allow each Defendant or his or its expert to discern what is published, public or otherwise readily ascertainable including, for example, through all or any of the published materials which are set forth in Exhibits L–T;

9. Striking the words ██████ and ████████ at each of the instances they appear in the TSL unless Magic Leap produces an identification of each one in sufficient detail to allow each Defendant or his or its expert to discern what is published, public or otherwise readily ascertainable including, for example, through all or any of the published materials which are set forth in Exhibit U;

10. Striking the words █████████ and ███████████████ and any other ██████ where there is simply no description or differentiation from published materials and no ability to discern the differences at each of the instances they appear in the TSL unless Magic Leap produces an identification of each one in sufficient detail to allow each Defendant or his or its expert to discern what is published, public or otherwise

readily ascertainable including, for example, through all or any of the published materials which are set forth in Exhibit V.

One cannot just throw together every aspect of the Magic Leap business and call that a Trade Secret List. You have filed and published patents. You have a host of filed and published slides. There are a multitude of filed and published materials which you can easily see from the attached exhibits. If we cannot get a stipulation from you along the lines of what is attached, we will seek an *ex parte* Order from Judge Cousins asking the Court to compel the appropriate documentation from your client.

Federal litigation cannot be used to destroy the lives and careers of two individuals who had decades of experience before they ever arrived at Magic Leap. If this is the approach that Magic Leap is going to use in this litigation or otherwise with former employees, we will file the motion, and we will make public the "Scorched Earth" litigation approach that you and your client are choosing to use. Do you and they really want that kind of publicity? Think about it.

Very truly yours,

Jack Russo

*Enclosures*

cc:    Paul Andre, Esq., Aaron Frankel, Esq., Kristopher Kastens, Esq., Ian Feinberg, Esq., Elizabeth Day, Esq. (by email, with exhibits)

# EXHIBIT T

# COMPUTERLAW GROUP LLP

ATTORNEYS AT LAW
401 FLORENCE STREET
PALO ALTO, CALIFORNIA 94301
COMPUTERLAW.COM

TELEPHONE
(650) 327-9800

FAX
(650) 618-1863

September 28, 2016

**By Email & U.S. Mail**
Lisa Kobialka, Esq.
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, California 94025

Re:     Magic Leap, Inc. v. Gary Bradski, et al., N.D. Cal. Case No. 5:16-cv-02852-NC

Dear Counsel:

We have reviewed your 100+ pages of claimed "Section 2019.210" trade secret disclosure (the "Trade Secret List" or "TSL"), including with respect to its designation under the Stipulated Protective Order, Docket #108 & #109 (the "SPO"), as Highly Confidential – Attorneys' Eyes Only. This letter is a formal notice under paragraph 6.2 of that Order that Defendants Dr. Bradski and Dr. Kaehler are challenging that designation and request an immediate meet and confer to re-designate that document removing all confidentiality designations under the SPO.

Put simply, the various "labels" you have chosen as do not disclose specific information are certainly not worthy of the protections under the SPO. As discussed in our prior correspondence to you, there is not sufficient detail to allow either Defendant or any expert to distinguish between what is contained in your TSL compared to what is published, public, or otherwise readily ascertainable. Example of such indistinguishable documents include the published materials which are set forth in Exhibits to our letter dated September 26, 2016. The information that your client is seeking to prevent the Defendants from being able to see are not distinguishable from the multitude of filed and published materials which you can see from the exhibits we have provided to you.

Finally, given the upcoming settlement conference and the importance and urgent need for my clients to view this document, we request that we resolve this issue through an expedited process, where we conclude our meet and confer this week and your motion, if any, in order to file the designation by next Tuesday. Please advise if this is acceptable, otherwise, we will make an ex parte request to Judge Cousins for an expedited resolution of this issue.

If you have decided to rewrite the TSL into something truly relevant to this case, please let us know that as well; if you have any actual evidence of any of my clients (who are currently unemployed) doing, in fact, anything in any of the over 100 broad areas you are declaring secret, can you provide that immediately?

Very truly yours,

Jack Russo

*Enclosures*
cc:     Paul Andre, Esq., Aaron Frankel, Esq., Kristopher Kastens, Esq., Ian Feinberg, Esq.