1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10   MAGIC LEAP, INC.,
                                          Case No. 16-cv-02852 NC;
11            Plaintiff,                   Case No. 16-cv-03235 NC

12        v.                              **OMNIBUS ORDER ON PENDING**
                                          **MOTIONS AND FURTHER CASE**
13   GARY BRADSKI, et al.,                **MANAGEMENT**

14            Defendants.

15

16        The Court held a hearing on January 18, 2017, on ComputerLaw Group's motion to

17   withdraw as counsel.  At the hearing, the Court DENIED the motion to strike as improper,

18   and the accompanying motion to seal is DENIED as moot.  Dkt. Nos. 204, 207 (in the

19   2852 case).  The Court GRANTED ComputerLaw Group's amended motion to withdraw

20   as defendant Bradski's counsel.  Dkt. No. 193 (in the 2852 case).  The Court declined to

21   remove ComputerLaw Group from representing Kaehler and Robotics Actual.

22        In addition, there are currently over 40 pending motions in both related case dockets.

23   The Court make the following rulings to resolve a number of pending matters.

24        In case number 16-cv-2852:

25   1. Magic Leap and Bradski's stipulation to dismiss with prejudice claims related to

26       Bradski is GRANTED.  Dkt. No. 170.  Accordingly, Bradski's request to withdraw

27       his opposition, dkt. no. 95, and his motion for sanctions, dkt. no. 47, in the case is

28

United States District Court
Northern District of California

GRANTED.  Additionally, docket numbers 55 and 57, defendants' motions for joinder, are denied as moot.

2. Magic Leap's motion to dismiss defendant Arraiy, Inc., without prejudice is GRANTED.  Dkt. No. 173.

3. In addition to dismissing Bradski from the case, Bradski and Magic Leap request that all confidential filings associated with the Bradski motions be sealed in their entirety: dkt. nos. 40, 41, 46-57, 61-67, 75-78, 81, 82, 90, 92-95, 98, 99, 101-103, 105, 110-115, 117-122, 124-126, 128, 129, 133, 134, 136, 138, 139, 142-144, 146-149, and 154.  Kaehler opposes the request to seal the documents, arguing that the request is not accompanied by a supporting declaration or the necessary information supporting the confidentiality of the documents.  Dkt. No. 177.  The Court agrees and DENIES this request without prejudice.  Magic Leap must demonstrate that there is good cause to seal material associated with a nondispositive motion, and a compelling reason to seal material supporting a dispositive motion.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Additionally, the Northern District Local Rules require that sealing requests must be "narrowly tailored to seal only the sealable material."  L.R. 79-5(d).  Magic Leap may resubmit this request in compliance with Local Rule 75 by January 27, 2017.

4. Because the Court granted ComputerLaw Group's amended motion to withdraw, the initial motion to withdraw and accompanying motion to seal are DENIED as moot.  Dkt. Nos. 164, 165.

5. The substantive motions that are re-set for hearing on February 8 are: defendants' motion to dismiss, dkt. no. 41; Kaehler's motion for sanctions, dkt. no. 46; defendants' motion to strike, dkt. no. 62.

In the case number 16-cv-3235:

1. ComputerLaw Group's amended motion to withdraw and motion to seal are GRANTED.  Dkt. Nos. 64, 65, 77.  The original motion to withdraw is DENIED as moot.  Dkt. Nos. 34, 35.

2. The motion to strike and accompanying motions to seal are DENIED as improper. Dkt. Nos. 78, 81, 87.

3. Bradski's stipulation to dismiss his claims with prejudice is GRANTED.  Dkt. No. 38.

4. The substantive motion that is re-set for hearing on February 8 is defendant's motion to dismiss, dkt. no. 45.

Other case management orders:

1. In the interest of justice and efficient case management, no further motions may be filed until the resolution of the pending substantive motions, without leave of court. Any further requests from the parties must follow the procedures for administrative motions set out in Local Rule 7-11.

2. As noted above, the Court permits Magic Leap to re-submit its request to seal material by January 27, 2017, with the appropriate declarations.  In addition, the parties must meet and confer regarding all outstanding motions to seal (including Magic Leap's resubmitted request).  The parties must jointly submit a single chart detailing each pending request to seal, the reasons for sealing, and any objection to sealing.  This chart must be filed by February 1, 2017, with a word processing version emailed to the Court's proposed order inbox.  The parties should not include any declarations or exhibits with this submission.

3. It appears that the two cases are substantially similar and should proceed together. For clarity, the Court would prefer to have the two actions combined on to one docket.  At the February 8 hearing, the parties should be prepared to discuss either

United States District Court
Northern District of California

staying one case, or adding a counter-claim to one case as case management

options.

**IT IS SO ORDERED.**

Dated:  January 19, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California