UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAGIC LEAP, INC.,

Plaintiff,

v.

GARY BRADSKI, et al.,

Defendants.

Case No. 16-cv-02852 NC

**ORDER DENYING MOTION FOR SANCTIONS**

Re: Dkt. No. 46

Defendants Adrian Kaehler and Robotics Actual move for Rule 11 sanctions against plaintiff's counsel, arguing that the complaint is frivolous and that counsel failed to investigate the claims before filing suit. Dkt. No. 46. The Court held a hearing on this motion, as well as the other pending motions to dismiss, on February 8, 2017. The Court denied the sanctions motion at the hearing and now elaborates on that ruling.

Federal Rule of Civil Procedure 11(b) provides in part that "[b]y presenting to the court a pleading, written motion, or other paper," an attorney certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; and "(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

Case No. 16-cv-02852 NC

When a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)). As shorthand for this test, the word "frivolous" is used "to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Id.* (quoting *Moore v. Keegan Mgmt. Co (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 434 (9th Cir. 1996)).

Here, the Court finds that the complaint is not legally or factually baseless and that Magic Leap's counsel conducted a reasonable and competent inquiry before submitting the complaint. Lisa Kobialka has submitted a declaration on behalf of herself, attesting to her investigation of the case. Dkt. No. 98-5. Initial disclosures and discovery in the case has demonstrated the viability of the claims, and there is no evidence to suggest Kobialka or Magic Leap's misconduct. For example, there are no issues of statute of limitations, immunity, lack of jurisdiction, or res judicata. These are the types of issues that might raise red flags about an attorney's competent inquiry into the strength and appropriateness of filing suit. Here, the only issue defendants raise with the complaint is that the charges are factually inaccurate and baseless. The Court will reach these arguments in the other substantive motions presented, but a dispute of fact alone is not sufficient to demonstrate that an attorney should be sanctioned for misconduct.

The motion for Rule 11 sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: February 10, 2017                    _____

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

Case No. 16-cv-02852 NC                2